E-filing

FILED

APR - 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

Tanicia Benjamin )
                                    )
                Plaintiff,          )    CV 08    1909
                                    )
        vs.                         )    CASE NO. _____
                                    )
Lawson Roofing Co                   )    **EMPLOYMENT DISCRIMINATION**
                                    )    **COMPLAINT**
                Defendant(s).       )
                                    )
_____     )

1.      Plaintiff resides at:

        Address  3023 Albany Av Apt 104 _____

        City, State & Zip Code  Davis CA 95616 _____

        Phone  (415) 532-5557 _____

2.      Defendant is located at:

        Address  1495 Tenn. St. _____

        City, State & Zip Code  SF CA 94107 _____

3.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employ-

ment discrimination.  Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5.

Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4.      The acts complained of in this suit concern:

        a. __ Failure to employ me.

        b. __ Termination of my employment.

Form-Intake 2 (Rev. 4/05)                    - 1 -

1    c. __ Failure to promote me.

2    d. ✓ Other acts as specified below.

3    Sexual Harassment
_____

4    Retaliation
_____

5    _____

6    _____

7    _____

8    _____

9    5.    Defendant's conduct is discriminatory with respect to the following:

10    a. ✓ My race or color.

11    b. __ My religion.

12    c. ✓ My sex.

13    d. __ My national origin.

14    e. ✓ Other as specified below.

15    A combination of the foregoing factors. Also Retaliation.

16    6.    The basic facts surrounding my claim of discrimination are:

17    I During the summer and fall of 2005, while I was working as an Apprentice Roofer for Lawson Roofing

18    Company, I was sexually harassed by five male coworkers. Mr. Z Munoz exposed his penis and made offensiv

19    comments. Mr. Aviles-Renderos grabbed my crotch on two occasions and told me he was "hot". Mr. Flores-A

20    asked me questions about my genitals and propositioned me for sex. Mr. Soto grabbed by breasts. Mr. Gomez

21    asked if could take a shower with me and said I was getting him sexually arounsed. I complained to my

22    employer on January 5, 2006. I was later transferred and my hours were drastically reduced. After Mr. Munoz

23    was discharged, his brother tried to intimidated me. The company said it could only substantiate Munoz's

24    sexual harassment and did nothing about the sexual harassment by my other male co-workers.

25    7.    The alleged discrimination occurred on or about Fall 2005 through Jan 2006.

26                                    (DATE)

27    8.    I filed charges with the Federal Equal Employment Opportunity Commission (or the

28    California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)              - 2 -

1  discriminatory conduct on or about  FEbruary 21, 2006.          .

2                                    (DATE)

3  9.    The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter

4  (copy attached), which was received by me on or about  January 14, 2008          .

5                                    (DATE)

6  10.    Plaintiff hereby demands a jury for all claims for which a jury is permitted:

7        Yes  ✓    No ____

8  11.    WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,

9  including injunctive orders, damages, costs, and attorney fees.

10

11  DATED: APRIL 8, 2008.

12                              SIGNATURE OF PLAINTIFF

13

14  *(PLEASE NOTE: NOTARIZATION*        TANICIA BENJAMIN

15  *IS NOT REQUIRED.)*                 PLAINTIFF'S NAME

16                                    (Printed or Typed)

17

18

19

20

21

22

23

24

25

26

27

28

Form-Intake 2 (Rev. 4/05)                - 3 -

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: **Tanicia Benjamin**
**3023 Albany Avenue**
**Apt. 104**
**Davis, CA 95616**

From: **San Francisco District Office**
**350 The Embarcadero**
**Suite 500**
**San Francisco, CA 94105**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2006-00307 | **Michelle L. Nardella,**<br>**Enforcement Manager** | (415) 625-5628 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michael Baldonado* (signature)

**1-9-08**

Enclosures(s)

**Michael A. Baldonado,**
**Acting Director**

*(Date Mailed)*

cc: **THE LAWSON ROOFING CO.**
**1495 Tennessee Street**
**San Francisco, CA 94107**

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 550-2006-00307 |

| — California Department of Fair Employment and Housing —    and EEOC |
|---|
| *State or local Agency, if any* |

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Tanicia Benjamin** | **(415) 532-5557** | **05-28-1968** |

| Street Address | City, State and ZIP Code |
|---|---|
| **8 Elaine Way, Apt. 3, San Rafael, CA 94901** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **THE LAWSON ROOFING CO.** | **15 - 100** | **(415) 285-1661** |
| Street Address    City, State and ZIP Code | | |
| **1495 Tennessee Street, San Francisco, CA 94107** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |
| Street Address    City, State and ZIP Code | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)* | Earliest     Latest<br>**10-03-2005**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for Respondent in March 2004. My current job title is Apprentice Waterproofer. In Summer and Fall 2005, while working as an Apprentice Roofer for Respondent, I was sexually harassed by five male coworkers. The harassment included sexual comments and conduct. The harassers were Mr. Zeferino Munoz, Mr. Jose Aviles-Renderos, Mr. Mario Flores-Avila, Mr. Leobardo Soto, and Mr. Jimmy Gomez. Mr. Munoz exposed his penis to me and told me he was "hot". Mr. Flores-Avila rubbed my back and shoulders, asked me detailed questions about my genitals, and propositioned me for paid sex. Mr. Soto grabbed my breast. Mr. Gomez asked me if he could a take a shower with me and then suggested that I was getting him sexually aroused. I complained to Respondent about the sexual harassment on January 5, 2006. I was transferred to the Waterproofing Division on January 16, 2006. Since working in the Waterproofing Division, my hours have been dramatically reduced. In late January 2006, Mr. Aurelio Fregoso tried to intimidate me after his friend, Mr. Zeferino Munoz, was discharged for sexually harassing me. In early February 2006, Mr. Javier Munoz, a current employee and the brother of Mr. Zeferino Munoz, attempted to intimidate me after his brother was discharged for sexually harassing me. I complained to Respondent about this intimidation.

Respondent claims that they were only able to substantiate the fact that Mr. Zeferino Munoz exposed his genitals to me. Mr. Munoz was terminated on January 12, 2006. Respondent alleges that they were unable to substantiate the my allegations regarding Mr. Aviles-Renderos, Mr. Flores-Avila, and Mr. Soto. Respondent has provide no feedback regarding my allegations involving Mr. Gomez. Respondent has provided me with no feedback regarding Mr. Fregoso's attempt to intimidate me. Respondent stated that since Mr. Javier Munoz attempted to intimidated me outside the workplace, they would be unable to address that issue. Respondent's stated reason for my reduced work hours was that work is slow.

I believe I have been discriminated against by Respondent based on my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been retaliated against by Respondent for engaging in protected activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements    RECEIVED |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT    FEB 2 1 2006 |
| Feb 21, 2006     *Date*       *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*    EEOC-SFDO |

## SUPPLEMENTAL AND AMENDED CHARGE OF DISCRIMINATION
## OF TANICIA BENJAMIN

This Supplemental and Amended Charge of Discrimination supplements. amends and incorporates by reference my original Charge of Discrimination. No. 550-2006-00307. alleging discrimination based on my gender (female) and retaliation for engaging in protected activities which was filed on or about February 21, 2006 with the San Francisco District Office of the EEOC. It supplements my original Charge by providing additional information regarding the discrimination and retaliation I experienced by The Lawson Roofing Company. This supplements my original charge by providing additional information about the sexual discrimination and retaliation I experienced while working for Lawson Roofing Company. It also adds race as a factor in the discrimination and retaliation I experienced while working for this company.

### Retaliation for Reporting Sexual Harassment

While I was working for Lawson Roofing Company, I was assigned a changing room separate from the male employees. Soon after I complained about sexual harassment, the changing room was locked with all my personal belongings inside. Even though I requested that this room be open, it took two days to open it. This left me without a changing room and without my personal belongings which were locked in the room. I believe that this action was in retaliation for reporting the sexual harassment I experienced in the workplace.

Additionally, while I was working on the job site, I was called to a meeting with Dan Siri, Steve Tucker, and Frank Lawson—the president of Lawson Roofing Company—on or about January 10, 2006 to discuss the sexual harassment I experienced. After this meeting, I was forced to sign a document that my employer alleged was a valid record of the events that took place at the meeting. I was given no opportunity to review or verify the content of this document. I

signed this document out of fear that if I did not sign it, I would lose my job. I do not believe that the entire content of this document is accurate. I believe that I was forced to sign this document in retaliation for reporting sexual harassment.

Based on my observations of African-American men who worked at the Lawson Roofing Company, I believe that the discrimination and retaliation I experienced may have also been based on my race (African American) since African-American co-workers were also subjected to disparate treatment from the Caucasian and other workers.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Tanicia Benjamin

Executed this 9th day of November, 2006 in San Francisco, California.

UCSF MEDICAL CENTER

PT NAME:    BENJAMIN, TANICIA
UNIT #      1181305-4
DOB:        05/28/1968  SEX: F
DOCUMENT # 1083062  Signed
VISIT #     11213680

DIVISION OF INTERNAL MEDICINE
Screening and Acute Care Clinic
400 Parnassus Avenue
First Floor
San Francisco, California 94143
Tel: (415) 353-2602        Fax: (415) 353-2699

DATE OF SERVICE:  02/22/2006
This is an established patient.
CHIEF COMPLAINT: Abdominal pain.
HISTORY OF PRESENT ILLNESS: This 37-year-old woman formerly worked as a
roofer. She pulled back on a rope one time and fell backwards, and since
then has had some low abdominal pain. She denies vaginal bleeding. No
menstrual irregularities. No nausea, vomiting or diarrhea. No anorexia.
PAST MEDICAL HISTORY: None.
MEDICATIONS: None.
ALLERGIES: NONE.
FAMILY HISTORY: Noncontributory to this illness.
SOCIAL HISTORY: No tobacco or alcohol consumption.
REVIEW OF SYSTEMS: CONSTITUTIONAL: No weight loss. HEENT: No pharyngitis
or sinusitis. CARDIOVASCULAR: No chest pain or palpitations.
All other systems reviewed and are negative.
PHYSICAL EXAMINATION
VITAL SIGNS: Temperature 99.3, blood pressure 126/68, heart rate 92,
respirations 18.
CONSTITUTIONAL: Well-nourished, well-developed.
HEENT: No pharyngitis or sinusitis.
NECK: Supple, without adenopathy.
CHEST: Clear to auscultation and percussion.
ABDOMEN: Soft. There is minimal tenderness to palpation over the right
and left quadrants. No rebound, no peritoneal signs.
Urinalysis, done by me and reviewed by me, shows moderate blood. Urine
pregnancy test, done by me and reviewed by me, is negative.
ASSESSMENT AND PLAN: Pelvic pain. This may represent a strain injury. I
went ahead and ordered a pelvic ultrasound and gave her some Indocin for
pain. She will return if symptoms worsen or persist.
CARBON COPIES:
DICTATED BY:                    Paul L. Nadler, MD 37207
                                Electronically Signed by
                                Paul L. Nadler, MD 02/24/2006 15:18

ATTENDING PHYSICIAN:       Paul L. Nadler, MD 37207
D:   02/22/2006   7:31 P
T:   02/23/2006   8:01 A pro  CS#: 1083062

**Community Health Network**
**San Francisco General Hospital**
**Medical Center**

NAME
UC PENDING        560
REDOB ANIN ,TANICA
O /29/1968  F  00226265  D URC
MRN
2262650013Q      04/03/06
PCP
PCP   528768
Patient ID / Addressograph

## TREATMENT RECORD - URGENT CARE

**Page 1**

| | | |
|---|---|---|
| Date: | Time in: | Triage time: |
| NAME: | | |
| CHIEF COMPLAINT: | | |

Primary Care Provider:

Location:

LAST TETANUS: _____ LKMP: _____

ALLERGIES:

PERTINENT MEDICAL HISTORY:

PERTINENT NEGATIVES:

MEDICATIONS:

out of pain meds.

PAIN SCREEN (0-10):

| TIME ____ BP ____ P ____ | TIME ____ BP ____ P ____ | TIME ____ BP ____ P ____ |
|---|---|---|
| ☐ Lay ☐ Stand | ☐ Lay ☐ Stand | ☐ Lay ☐ Stand |
| ☐ Sit    R ____ T ____ | ☐ Sit    R ____ T ____ | ☐ Sit    R ____ T ____ |

☐ TO ED  ☐ AMA  ☐ LWBS  ☐ NURSE VISIT

TRIAGE RN SIGNATURE: _____  ☐ UCC  ☐ FHC

**SUBJECTIVE:**  Time: _____

37 y/o for urg care

**LAB RESULTS:**

**X-RAY RESULTS:**

**ASSESSMENT:**

**OBJECTIVE:**

VSS NAD

**PLAN:**

PT
NSAIDS
Tyco # 3
precautions
has insurance get PCP.
GYN 8am 4/17

| TIME | ORDERS | RN INIT / TIME |
|---|---|---|

DISCHARGE DIAGNOSIS: _____  Time: _____

PROVIDER NAME (PRINT): _____

PROVIDER SIGNATURE: _____

STATE OF
CALIFORNIA

# DOCTOR'S FIRST REPORT OF OCCUPATIONAL INJURY OR ILLNESS

**Within 5 days of your initial examination,** for every occupational injury or illness, send this report to insurer or employer (only if self-insured). Failure to file a timely doctor's report may result in assessment of a civil penalty. In the case of diagnosed or suspected pesticides poisoning, send one copy of this report directly to the Division of Labor Statistics and Research, P.O. Box 603, San Francisco CA 94101, and notify your local health officer by telephone within 24 hours and by sending a copy of this report within seven days. For supply of this form, please call (415) 557-1920.

| | | PLEASE DO NOT USE THIS SPACE |
|---|---|---|
| 1. INSURER NAME AND ADDRESS | | Case No. |
| 2. EMPLOYER NAME *The Lawson Roofing Co Inc* | | Industry |
| 3. Address: No. and Street *1495 Tennessee St.* City *San Fran* Zip *Ca 94124* | | |
| 4. Nature of business (e.g., food manufacturing, building construction, retailer of women's clothes) *Roofers Construction* | | County |
| 5. PATIENT NAME (First name, middle initial, last name) *Tanicia L. Benjamin* | 6. Sex ☐ Male ☒ Female | 7. Date of Mo. Day Yr. Birth *05 28 68* | Age |
| 8. Address: No. and Street *8 Elaine Wy* City *San Rafael* Zip *9490 1* | 9. Telephone number *(415) 532-6557* | Hazard |
| 10. Occupation (Specific job title) | 11. Social Security Number *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* | Disease |
| 12. Injured at: No. and Street *4th & Berry* City *San Fran* County *SF* | | Hospitalization |
| 13. Date and hour of injury or onset of illness Mo. Day Yr. *10 7 05* Hour ___ a.m. ___ p.m. | 14. Date last worked Mo. Day Yr. | Occupation |
| 15. Date and hour of first examination or treatment Mo. Day Yr. Hour ___ a.m. ___ p.m. | 16. Have you (or your office) previously treated patient? ☐ Yes ☐ No | Return Date/Code |

**Patient please complete this portion, if able to do so. Otherwise, doctor please complete immediately. Inability or failure of a patient to complete this portion shall not affect his/her rights to workers' compensation under the California Labor Code.**

17. **DESCRIBE HOW THE ACCIDENT OR EXPOSURE HAPPENED** (Give specific object, machinery or chemical. Use reverse side if more space is required.)
*On October 7th shortly after lunch was over, I began my regular work routine which is/was*

18. **SUBJECTIVE COMPLAINTS** (Describe fully. Use reverse side if more space is required.)
*Persistent back pain + bilateral wrist pain s/p fall 10/05*

19. **OBJECTIVE FINDINGS** (Use reverse side if more space is required.)
A. Physical examination *Spine: good ROM, no point TTP.*
*mild paraspinal tenderness of T + L spine b/l.*
*Neuro: non-focal. UE WNL, neuro intact.*
B. X-ray and laboratory results (State if none or pending.) *None.*

20. **DIAGNOSIS** (If occupational illness, specify etiologic agent and duration of exposure.) Chemical or toxic compounds involved? ☐ Yes ☒ No
*Strain injury, back pain, wrist pain*

21. Are your findings and diagnosis consistent with patient's account of injury or onset of illness? ☒ Yes ☐ No
If "no", please explain.

22. Is there any other current condition that will impede or delay patient's recovery? ☐ Yes ☒ No
If "yes", please explain.

23. **TREATMENT RENDERED** (Use reverse side if more space is required.)
*Physical Therapy referral*

If further treatment required, specify treatment. Estimated duration

24. If hospitalized as inpatient, give hospital name and location. | Date admitted Mo. Day Yr. | Estimated stay

25. **WORK STATUS** Is patient able to perform usual work? ☐ Yes ☐ No
If "no", patient can return to: Mo. Day Yr.
Regular work _____
Modified work _____ Specify restrictions _____

| Doctor's Signature *Adee L* | Date *4/3/06* | CA License Number *A76302* |
|---|---|---|
| Doctor Name and Degree (Please Type) *Aaron M. Del Tredici, MD* | | IRS Number |
| Address *1001 Potrero Ave 4J San Francisco CA 94110* | | Telephone Number *(415) 206-8052* |

FORM 5021 (Rev. 3)
1989

**Incomplete information or delay in submitting this report may cause delay in benefits to your patient.**

89 53614

State of California
Department of Industrial Relations
DIVISION OF WORKERS' COMPENSATION

*Estado de California*
*Departamento de Relaciones Industriales*
*DIVISION DE COMPENSACIÓN AL TRABAJADOR*

**WORKERS' COMPENSATION CLAIM FORM (DWC 1)**

*PETITION DEL EMPLEADO PARA DE COMPENSACIÓN DEL TRABAJADOR (DWC 1)*

**Employee:** Complete the "**Employee**" section and give the form to your employer. Keep a copy and mark it "**Employee's Temporary Receipt**" until you receive the signed and dated copy from your employer. You may call the Division of Workers' Compensation and hear recorded information at **(800) 736-7401**. An explanation of workers' compensation benefits is included as the cover sheet of this form.

You should also have received a pamphlet from your employer describing workers' compensation benefits and the procedures to obtain them.

*Empleado: Complete la sección "Empleado" y entregue la forma a su empleador. Quédese con la copia designada "Recibo Temporal del Empleado" hasta que Ud. reciba la copia firmada y fechada de su empleador. Ud. puede llamar a la Division de Compensación al Trabajador al (800) 736-7401 para oir información gravada. En la hoja cubierta de esta forma esta la explicación de los beneficios de compensación al trabajador.*

*Ud. también debería haber recibido de su empleador un folleto describiendo los beneficios de compensación al trabajador lesionado y los procedimientos para obtenerlos.*

**Any person who makes or causes to be made any knowingly false or fraudulent material statement or material representation for the purpose of obtaining or denying workers' compensation benefits or payments is guilty of a felony.**

**Toda aquella persona que a propósito haga o cause que se produzca cualquier declaración o representación material falsa o fraudulenta con el fin de obtener o negar beneficios o pagos de compensación a trabajadores lesionados es culpable de un crimen mayor "felonia".**

Employee—complete this section and see note above. *Empleado—complete esta sección y note la notación arriba.*

Name. *Nombre.* ANICLA Benjamin    Today's Date. *Fecha de Hoy.* 4/5/06

Home Address. *Dirección Residencial.* 8 Elaine W8

City. *Ciudad.* SAN RAFAEL    State. *Estado.* Ca    Zip. *Código Postal.* 94901

Date of Injury. *Fecha de la lesión (accidente).* 10 7 05    Time of Injury. *Hora en que ocurrió.* 1 ☐ a.m. ☒ p.m.

Address and description of where injury happened. *Dirección/lugar dónde ocurrió el accidente.* 2el Berry street FELL down pulling Rope that attached to Kettle Rope BROKE.

6. Describe injury and part of body affected. *Describa la lesión y parte del cuerpo afectada.* BOTH Wrist are in pain a lost of strength when lifting and carrying materials BACK Pain

7. Social Security Number. *Número de Seguro Social del Empleado.* 570 17 0764

8. Signature of employee. *Firma del empleado.*

Employer—complete this section and see note below. *Empleador—complete esta sección y note la notación abajo.*

**The Lawson Roofing Co., Inc.**

9. Name of employer. *Nombre del empleador.* **1495 Tennessee Street**

10. Address. *Dirección.* **San Francisco, CA 94107**

11. Date employer first knew of injury. *Fecha en que el empleador supo por primera vez de la lesión o accidente.* 4/1/06

12. Date claim form was provided to employee. *Fecha en que se le entregó al empleado la petición.* 4/1/06

13. Date employer received claim form. *Fecha en que el empleado devolvió la petición al empleador.* 4/1/06

14. Name and address of insurance carrier or adjusting agency. *Nombre y dirección de la compañía de seguros o agencia administradora de seguros.* CNA (415) 932-7

15. Insurance Policy Number. *El número de la póliza de Seguro.*

16. Signature of employer representative. *Firma del representante del empleador.*

17. Title. *Título.*    18. Telephone. *Teléfono.*

**Employer:** You are required to date this form and provide copies to your insurer or claims administrator and to the employee, dependent or representative who filed the claim within **one working day** of receipt of the form from the employee.

*Empleador: Se requiere que Ud. feche esta forma y que provéa copias a su compañia de seguros, administrador de reclamos, o dependiente/representante de reclamos y al empleado que hayan presentado esta petición dentro del plazo de un día hábil desde el momento de haber sido recibida la forma del empleado.*

SIGNING THIS FORM IS NOT AN ADMISSION OF LIABILITY

*EL FIRMAR ESTA FORMA NO SIGNIFICA ADMISION DE RESPONSABILIDAD*

☐ Employer copy/ *Copia del Empleador*   ☒ Employee copy/ *Copia del Empleado*   ☐ Claims Administrator/*Administrador de Reclamos*   ☐ Temporary Receipt/*Recibo del Empleado*

STATE OF CALIFORNIA - State and Consumer Services Agency                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
121 Spear Street, Suite 430
San Francisco, CA  94105
(415) 904-2303  FAX  (415) 904-2310



May 13, 2005


Ms. Tanicia Latonya Benjamin
471 Sawyer Street
San Francisco, CA  94134

RE:  HIRSCH/Lawson Roofing Company, Inc.

Dear Ms. Benjamin:

I am a consultant assigned to investigate the complaint, cited above.  I would like to discuss
with you the employment situation at Lawson Roofing Company.

I have attempted to contact you by telephone at your home number and left a message on
your phone machine.  Please contact me as soon as possible at (4l5) 904-2313. If you are
unable to reach me, please leave a phone message on the best time to contact you and an
alternative phone number (if any) and/or contact the receptionist at 4l5 904-2306 and request
that she physically locate me.

Thank you in advance for your cooperation and expeditious action in this matter.

Sincerely,

BRENDA L. NICOLAS\
Consultant

Bln/

CALIFORNIA DEPARTMENT OF CORRECTIONS
**CERTIFICATE OF DISCHARGE**
Benjamin, Tanicia                    W80738

---

Name                    Number
April 27, 2003

---

Date

The above-named person has been discharged from the jurisdiction of the California Department of Corrections on all existing felony commitments as of this date.

DEPARTMENT OF CORRECTIONS                    STATE OF CALIFORNIA

The card at left is your Certificate of Discharge which is to be kept in your possession. As an ex-felon you are prohibited from certain activities. The back of the card lists the telephone numbers of the Regional Parole Offices. If you have any questions regarding your legal status or responsibilities as an ex-felon, you may contact one of the offices listed.

*The card is removed by tearing along the perforated lines.*

SF3

An ex-felon becomes eligible to vote after being discharged from parole. You may obtain a Voter Registration Card by contacting the Elections Division of the California Secretary of State's Office at (800) 345-VOTE (800-345-8683).

Your successful re-entry into the community is our wish. We congratulate you on the discharge of your commitment to the California Department of Corrections.

DIRECTOR OF CORRECTIONS

CDC 163 (Rev. 4/99)

**PAROLE REGIONAL OFFICE
TELEPHONE NUMBERS**

Region I          Sacramento..................916-255-2758

Region II         Oakland......................510-622-4701

Region III        Los Angeles..................213-897-1001

Region IV         Diamond Bar................909-468-2300

OSP 99 24938

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### San Francisco District Office

San Francisco, CA 94105
(415)  625-5600
TDD (415) 625-5610
FAX (415) 625-5609

350 The Embarcadero, Suite 500

February 14, 2008

Ms. Tanicia Benjamin
3023 Albany Avenue
Apartment 104
Davis, CA  95616

RE:  Tanicia Benjamin vs. The Lawsn Roofing Company
     EEOC Charge Number 550-2006-00307

Dear Ms. Benjamin:

    We are sending a complete copy of the file pursuant to your request and the Commission's procedures.  The copies are true and correct copies of the documents in the EEOC's investigative file.

    If you have any questions, please call me at (415) 625-5602.

Sincerely,

Michelle Nardella
Compliance Manager

Enclosure
rr



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## AGREEMENT OF NONDISCLOSURE

Pursuant to Section 705g(1) of Title VII, the EEOC shall have power to cooperate with private individuals in order to accomplish the purposes of Title VII. This same authority also applies to actions under the Americans with Disabilities Act.

### PERSON REQUESTING DISCLOSURE

| CHARGING PARTY | RESPONDENT | AGGRIEVED PERSON ON WHOSE BEHALF CHARGE IS FILED | AGGRIEVED PERSON IN COMMISSIONER CHARGE | NAMED PARTY IN CLASS ACTION |
|---|---|---|---|---|

ATTORNEY REPRESENTING

| C | RESPONDENT | AGGRIEVED PERSON ON WHOSE BEHALF CHARGE IS FILED | AGGRIEVED PERSON IN COMMISSIONER CHARGE | NAMED PARTY IN CLASS ACTION |
|---|---|---|---|---|

## CHARGE NUMBER(S) OF FILE(S) TO BE DISCLOSED

550 2006-00307

## STATEMENT

I _Daniela Benjamin_ request disclosure of Commission case file(s) in

*(Typed name)*

connection with contemplated or pending litigation. I agree that the information disclosed to me will not be

made public or used except in the normal course of a civil action or other proceeding instituted under Title VII

or the Americans with Disabilities Act involving such information.

In witness whereof, this agreement is entered into as of the _____ day of _February_ 20 _08_

by the Equal Employment Opportunity Commission representative named below and the person requesting

disclosure.

(415) 532-6557

*Person requesting disclosure (Signature and telephone number/area code)*

2023 Albany Ave # 104 Davis, CA 95616

*Complete address*

### Michelle Nardella, Compliance Manager

*EEOC representative (Signature and title)*

**RECEIVED**

FEB 0 4 2008

EEOC-SFDO

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**   ·   350 The Embarcadero, Suite 500
San Francisco, CA 94105
(415) 625-5600
TTY (415)625-5610
FAX (415) 625-5609


February 13, 2007


Ms. Tanicia Benjamin
3023 Albany Avenue
Apartment 104
Davis, CA  95616

RE:  Tanicia Benjamin vs. The Lawson Roofing Company
      EEOC Charge Number 550-2006-00307

Dear Ms. Benjamin:

I am in receipt of your request for Disclosure in the above referenced case file.  Our regulations provide for the guarantee by any party who review the case file  that the information disclosed will not be made public or used except in the normal course of a civil action or their proceeding instituted under the laws that we enforce.

Please sent a check or  money order, made payable to the "U.S. Equal Employment Opportunity Commission," in the amount of $7.05.  This fee covers $0.15 per page for copying (147 pages); the first 100 pages of duplication are provide without charge.

Upon  receipt of the  check  we will mail you the copy of the file.  If you have any questions, please call Rosario Reyes at (415) 625-5600.

Sincerely,


Michelle Nardella
Compliance Manager

**CASE LOG**

| Date | Action | Entered By |
|------|--------|------------|
| 11/1 | Interview of ERA employees. They will bring up to the office for a interview. Possible dates = 12/1-12-18-19 | D |
| 12/4 | Interview of CP set for 12/18 | |
| 12/14 | Reset for 1/2 | |
| 12/12 | Received supplemental response for R | D |
| 1/8 | Interview of CP | D |
| 1/11 | Consults w/ attorney | D |
| 1/19 | Mes to CP's atty - any amount for damages y/o? | D |
| 2/1/07 | Left mes for CP's rep to call me | D |
| 2/7 | CP's rep emailed me her info soon. Will call tomorrow w/ info a firm date | D |
| 2/9 | Received CP's documents | D |
| 3/13 | Left mes for CP's rep | D |
| 3/13 | Interview of CP's rep re: damages | D |
| 3/15 | CP will get me documents by end of next week. | D |
| 7/5/07 | Tc w/CP's rep. Deborah | D |
| 7/5/07 | may to R - settle? | D |
| 7/6 | R is ok w/ it? | |
| 7/31 | Case to legal unit for review | D |
| 8/29 | Case forwarded for review | D |
| 9/17/07 | Cause LOD sent to CP+R, CP&RR | MVN |
| 9/17 | DI'd. Go rep. | GD |
| 1/08/07 | Mailed failed conciliation letters to CP+R and faxed referred charge to legal | V |
| 1-9-08 | Mailed dismissal Notice to Right to Sue to CP | MC |
| | | |
| | | |
| | | |
| | | |
| | | |

# CASE LOG
## (Continue on Reverse)

| CHARGE NO. | RESPONDENT | | CHARGING PARTY |
|---|---|---|---|
| 550-2006-0039 | The Cinwin Roofing Co | | Tricia Benjamin |

| DATE | ACTION | ENTERED BY: |
|---|---|---|
| | PCP:  WALK-IN _____     MAIL _____     PHONE _____ | |
| | INTAKE ASSIGNED:          EOA    CR/TIU<br>              EI    E2    E3    E4    FAA    LEGAL | |
| | INTAKE OFFICER ACTION | |
| 04-19-06 | RFI Recw'd & transferred to RP. | MM. |
| 4/20/06 | Assigned to PB | PB |
| 8/9 | Left msg. for cs to call me. Her atty called + will set me appt. to talk to one after Labor Day. She will mail a letter of appearance for cs re. | PB |
| 11/13 | Received letter from cp's atty | PB |
| 11/14 | Left msg for atty to call me. | PB |
| 11/16 | Conferred w/ Peck | PB |
| 11/22 | RFI to R - due 11/30/06  12/14/06 | PB |
| 11/30 | cp's atty wants phone conf on 11/28 or 11/29 | PB |
| 11/28 | Left msg for atty: I'm available 11/29 | PB |
| 02/2/05 | CHARGE SIGNED: | TPM |
| | CHARGE RC'd CR/TIU | |
| | CHARGE DOCKETED | |
| 02-23-06 | 131 "Notice of Charge" with CA-DFEH Dismissal Notice Served on Respondent with RFI | CM |
| 02-23-06 | CP mailed a copy of charge w/CA-DFEH Dismissal Notice | |
| | Charge sent to CR/TIU Supervisor for Review | |
| | CHARGE ASSIGNED FOR PROCESSING    ENF.    MEDIATION | |
| | CHARGE FILE DELIVERED TO UNIT        FOR PROCESSING | |
| | RFI RECEIVED | |
| | ASSIGNED TO: | |

EOC FORM 159

EEOC Form 161-A (3/98)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To:  **Tanicia Benjamin**              From:  **San Francisco District Office**
     **3023 Albany Avenue**                   **350 The Embarcadero**
     **Apt. 104**                             **Suite 500**
     **Davis, CA 95616**                      **San Francisco, CA 94105**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Michelle L. Nardella,** | |
| **550-2006-00307** | **Enforcement Manager** | **(415) 625-5628** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michael Baldonado*                          1-9-08

Enclosures(s)                                *(Date Mailed)*

                    **Michael A. Baldonado,**
                    **Acting Director**

cc:  **THE LAWSON ROOFING CO.**
     **1495 Tennessee Street**
     **San Francisco, CA 94107**

Enclosure with EEOC
Form 161-A (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before 7/1/02</u> -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
(415) 625-5600
TTY (415) 625-5610
FAX (415) 625-5609
Toll Free (800) 669-4000

William F. Terheyden
Littler Mendelson
650 California Street, 20th Floor
San Francisco, CA 94108-2693

Re:   Benjamin v. Lawson Roofing Company
       Charge No. 550-2006-00307

Dear Mr. Teryheyden:

To date, we have not been able to secure an agreement to provide relief for the violation
identified in the Commission's Letter of Determination. Therefore, it is now determined that
efforts to conciliate these charges as required by our procedures and policies have been
unsuccessful. This letter constitutes the notice required by Section 1601.25 of EEOC's
Procedural Regulations, which provides that the Commission shall notify respondent in writing
when it determines that further conciliation efforts would be futile or non-productive.

Accordingly, we are forwarding the case to our Regional Attorney for litigation review. If you
have any questions, you may contact Mr. William Tamayo, Regional Attorney, at the above
address and telephone number (415) 625-5645.

On Behalf of the Commission:

NOV – 8 2007
_____
Date

_____
H. Joan Ehrlich
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Francisco District Office

350 The Embarcadero, Suite 500
San Francisco, CA 94105
(415)625-5601
TTY (415)625-5610
FAX (415)625-5609
TOLL FREE (800) 669-4000

Tanicia Benjamin
c/o Debra A. Smith
Equal Rights Advocates
1663 Mission Street, Suite 250
San Francisco, CA 94103

Re:    Benjamin v. Lawson Roofing Company
       Charge No. 550-2006-00307

Dear Ms. Benjamin:

The Commission has determined that efforts to conciliate the above-referenced case have been unsuccessful. Accordingly, the case has been transferred to the Regional Attorney, San Francisco District Office, for review to determine whether the Commission will bring a civil action in Federal District Court based on the charge of discrimination. A determination should be forthcoming in the near future.

If the Commission decides to bring a civil suit, you have the right to intervene in such an action. If the Commission decides that it will not bring a civil action based on your charge, you will be notified and sent a Notice of Right to Sue, which will entitle you to sue the Respondent in Federal District Court.

If you have any questions regarding your case, please contact William Tamayo, Regional Attorney, at (415) 625-5645.

On behalf of the Commission:

**NOV - 8 2007**

Date

H. Joan Ehrlich
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
### San Francisco District Office

350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
(415) 625-5600
TTY (415) 625-5610
FAX (415) 625-5609
Toll Free (800) 669-4000

Charge No. 550-2006-00307

Tanicia Benjamin
8 Elaine Way, Apt. 3
San Rafael, CA 94901                                    Charging Party

The Lawson Roofing Co., Inc.
1495 Tennessee Street
San Francisco, CA 94107                                 Respondent

### DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the charge filed under Title VII of the Civil Rights Act of 1964, as amended. All jurisdictional requirements have been met.

Charging Party alleges that she was subjected to sexual harassment, then reassigned in retaliation for complaining about the harassment.

Respondent states that after Charging Party complained about sexual harassment, it investigated the allegation and took immediate and appropriate action to stop the harassment. Respondent states that Charging Party agreed to be transferred to the coating department at the same rate of pay.

The investigation disclosed that Charging Party complained about having been sexually harassed by her male coworkers. Respondent took immediate and appropriate action to stop the harassment, but then transferred Charging Party from the roofing to the coating department. After the transfer, Charging Party earned less money as a result of being assigned fewer hours in the coating department than she would have been assigned to work in the roofing department.

Based upon the evidence, I have determined that there is reasonable cause to believe that Respondent transferred Charging Party in retaliation for her engaging in protected activity. Evidence fails to show a violation of Title VII based on sexual harassment.

Tanicia Benjamin v. The Lawson Roofing Co.
550-2006-00307
Page 2

Section 706(b) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), requires that
if the Commission determines that there is reasonable cause to believe that a violation has
occurred, it shall endeavor to eliminate the alleged unlawful employment practice by informal
methods of conference, conciliation, and persuasion. Having determined that there is reasonable
cause to believe that a violation has occurred, the Commission now invites the parties to join
with it in a collective effort toward a just resolution of this matter.

A representative of the Commission will contact you in the near future to begin the conciliation
process. Disclosure of information obtained by the Commission during the conciliation process
will be made only in accordance with Section 706(b) of Title VII and Section 1601.26 of the
Commission's Procedural Regulations. When the Respondent declines to enter into settlement
discussions, or when the Commission's representative for any other reason is unable to secure a
settlement acceptable to the Office Director, the Director shall so inform the parties in writing.

You are reminded that Federal Law prohibits retaliation against persons who have exercised their
right to inquire or complain about matters they believe may violate the law. Discrimination
against persons who have cooperated in Commission investigations is also prohibited. These
protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

9/17/07
DATE

H. Joan Ehrlich
District Director

EEOC Form 5 (5/01)

| CHARGE OF DISC..MINATION | Charge Presen.. To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 550-2006-00307 |

| California Department of Fair Employment and Housing | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Tanicia Benjamin** | **(415) 532-5557** | **05-28-1968** |

| Street Address | City, State and ZIP Code |
|---|---|
| **8 Elaine Way, Apt. 3, San Rafael, CA 94901** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **THE LAWSON ROOFING CO.** | **15 - 100** | **(415) 285-1661** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1495 Tennessee Street, San Francisco, CA 94107** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                         Latest
                    **10-03-2005**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for Respondent in March 2004. My current job title is Apprentice Waterproofer. In Summer and Fall 2005, while working as an Apprentice Roofer for Respondent, I was sexually harassed by five male coworkers. The harassment included sexual comments and conduct. The harassers were Mr. Zeferino Munoz, Mr. Jose Aviles-Renderos, Mr. Mario Flores-Avila, Mr. Leobardo Soto, and Mr. Jimmy Gomez. Mr. Munoz exposed his penis to me and made numerous comments and propositions. Mr. Aviles-Renderos grabbed my crotch on two occasions and told me he was "hot". Mr. Flores-Avila rubbed my back and shoulders, asked me detailed questions about my genitals, and propositioned me for paid sex. Mr. Soto grabbed my breast. Mr. Gomez asked me if he could a take a shower with me and then suggested that I was getting him sexually aroused. I complained to Respondent about the sexual harassment on January 5, 2006. I was transferred to the Waterproofing Division on January 16, 2006. Since working in the Waterproofing Division, my hours have been dramatically reduced. In late January 2006, Mr. Aurelio Fregoso tried to intimidate me after his friend, Mr. Zeferino Munoz, was discharged for sexually harassing me. In early February 2006, Mr. Javier Munoz, a current employee and the brother of Mr. Zeferino Munoz, attempted to intimidate me after his brother was discharged for sexually harassing me. I complained Respondent about this intimidation.

Respondent claims that they were only able to substantiate the fact that Mr. Zeferino Munoz exposed his genitals to me. Mr. Munoz was terminated on January 12, 2006. Respondent alleges that they were unable to substantiate the my allegations regarding Mr. Aviles-Renderos, Mr. Flores-Avila, and Mr. Soto. Respondent has provide no feedback regarding my allegations involving Mr. Gomez. Respondent has provided me with no feedback regarding Mr. Fregoso's attempt to intimidate me. Respondent stated that since Mr. Javier Munoz attempted to intimidated me outside the workplace, they would be unable to address that issue. Respondent's stated reason for my reduced work hours was that work is slow.

I believe I have been discriminated against by Respondent based on my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been retaliated against by Respondent for engaging in protected activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Feb 21, 2006** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

RECEIVED
FEB 2 1 2006
EEOC-SFDO

EEOC Form 5 (5/01)

| CHARGE OF DISC...MINATION | Charge Presen...d To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 550-2006-00307 |

| California Department of Fair Employment and Housing | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Tanicia Benjamin** | **(415) 532-5557** | **05-28-1968** |

| Street Address | City, State and ZIP Code |
|---|---|
| **8 Elaine Way, Apt. 3, San Rafael, CA 94901** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **THE LAWSON ROOFING CO.** | **15 - 100** | **(415) 285-1661** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1495 Tennessee Street, San Francisco, CA 94107** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest
                        **10-03-2005**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for Respondent in March 2004. My current job title is Apprentice Waterproofer. In Summer and Fall 2005, while working as an Apprentice Roofer for Respondent, I was sexually harassed by five male coworkers. The harassment included sexual comments and conduct. The harassers were Mr. Zeferino Munoz, Mr. Jose Aviles-Renderos, Mr. Mario Flores-Avila, Mr. Leobardo Soto, and Mr. Jimmy Gomez. Mr. Munoz exposed his penis to me and made numerous comments and propositions. Mr. Aviles-Renderos grabbed my crotch on two occasions and told me he was "hot". Mr. Flores-Avila rubbed my back and shoulders, asked me detailed questions about my genitals, and propositioned me for paid sex. Mr. Soto grabbed my breast. Mr. Gomez asked me if he could a take a shower with me and then suggested that I was getting him sexually aroused. I complained to Respondent about the sexual harassment on January 5, 2006. I was transferred to the Waterproofing Division on January 16, 2006. Since working in the Waterproofing Division, my hours have been dramatically reduced. In late January 2006, Mr. Aurelio Fregoso tried to intimidate me after his friend, Mr. Zeferino Munoz, was discharged for sexually harassing me. In early February 2006, Mr. Javier Munoz, a current employee and the brother of Mr. Zeferino Munoz, attempted to intimidate me after his brother was discharged for sexually harassing me. I complained Respondent about this intimidation.

Respondent claims that they were only able to substantiate the fact that Mr. Zeferino Munoz exposed his genitals to me. Mr. Munoz was terminated on January 12, 2006. Respondent alleges that they were unable to substantiate the my allegations regarding Mr. Aviles-Renderos, Mr. Flores-Avila, and Mr. Soto. Respondent has provide no feedback regarding my allegations involving Mr. Gomez. Respondent has provided me with no feedback regarding Mr. Fregoso's attempt to intimidate me. Respondent stated that since Mr. Javier Munoz attempted to intimidated me outside the workplace, they would be unable to address that issue. Respondent's stated reason for my reduced work hours was that work is slow.

I believe I have been discriminated against by Respondent based on my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been retaliated against by Respondent for engaging in protected activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | RECEIVED  I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  FEB 21 2006 |
| **Feb 21, 2006**  Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS EEOC-SFDO *(month, day, year)* |

STATE OF CALIFORNIA - State and Consumer Services Agen

ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

| | 1001 Tower Way, Suite 250 |
|---|---|
| **H** | Bakersfield, CA 93309 |
| | (661) 395-2729 |

| | 1320 E. Shaw Avenue, Suite 150 |
|---|---|
| **C** | Fresno, CA 93710 |
| | (559) 244-4760 |

| | 611 West Sixth Street, Suite 1500 |
|---|---|
| **S/T** | Los Angeles, CA 90017 |
| | (213) 439-6799 |

| | 1515 Clay Street, Suite 701 |
|---|---|
| **M** | Oakland, CA 94612 |
| | (510) 622-2941 |

| | 2000 "O" Street, Suite 120 |
|---|---|
| **E** | Sacramento, CA 95814 |
| | (916) 445-5523 |

| | 1350 Front Street, Suite 3005 |
|---|---|
| **D** | San Diego, CA 92101 |
| | (619) 645-2681 |

| | **San Francisco District Office** |
|---|---|
| **A** | 1515 Clay Street, Suite 701 |
| | Oakland, CA 94612 |
| | (510) 622-2973 |

| | 111 North Market Street, Suite 810 |
|---|---|
| **G** | San Jose, CA 95113 |
| | (408) 277-1277 |

| | 2101 East Fourth Street, Suite 255-B |
|---|---|
| **K** | Santa Ana, CA 92705 |
| | (714) 558-4266 |

**EEOC NUMBER : 550-2006-00307**

**CASE NAME  :   TANICIA BENJAMIN   v.**
                 **THE LAWSON ROOFING CO.**

**D A T E   :   February 23, 2006**

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**<u>No response to the DFEH is required by the respondent.</u>**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember:  This Right-To-Sue Notice allows you to file a private lawsuit in State court.</u>

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

DFEH 200-03 (07/05)

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr. Frank E. Lawson, Jr.<br>President<br>THE LAWSON ROOFING CO.<br>1495 Tennessee Street<br>San Francisco, CA 94107 | **Tanicia Benjamin** |

PERSON FILING CHARGE

**Tanicia Benjamin**

THIS PERSON (check one or both)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**550-2006-00307**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act      [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **23-MAR-06** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **23-MAR-06** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by

    to

    If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Terry G. Knapp**<br>**Office Automation Asst**<br>*EEOC Representative*<br><br>*Telephone*    **(415) 625-5667** | **San Francisco District Office - 550**<br>**350 The Embarcadero**<br>**Suite 500**<br>**San Francisco, CA 94105** |
|---|---|

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [X] RETALIATION   [ ] OTHER

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Feb 23, 2006 | **H. Joan Ehrlich**<br>**District Director** | |

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | PERIOD | 03/13/ -03/19/06 | | CHECK NO. | 017245 |
|---|---|---|---|---|---|---|---|

| EARNINGS | | | | DEDUCTION | | DEDUCTION | |
|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| Reg Pay | 19.00 | 18.9600 | 360.24 | Vac/40 | 20.90 | | |
| Vac | .00 | | 20.90 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 381.14 | .00 | 29.15 | .00 | .00 | 3.05 | |
| YTD | 3,533.32 | 51.01 | 270.30 | 24.94 | .00 | 28.26 | 328.04 |

---

The Lawson Roofing Co. Inc.      SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | PERIOD | 03/20/06-03/26/06 | | CHECK NO. | 017356 |
|---|---|---|---|---|---|---|---|

| EARNINGS | | | | DEDUCTION | | DEDUCTION | |
|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| Reg Pay | 31.00 | 18.9600 | 587.76 | Vac/40 | 34.10 | | |
| Vac | .00 | | 34.10 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 621.86 | 14.01 | 47.57 | 7.44 | .00 | 4.97 | |
| YTD | 4,155.18 | 65.02 | 317.87 | 32.38 | .00 | 33.23 | 513.77 |

## Pay Stub 1

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | PERIOD | 01/30/ -02/05/06 | CHECK NO. | 016568 |

| EARNINGS | | | | DEDUCTION | | DEDUCTION | |
|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| Reg Pay | 16.00 | 18.9600 | 303.36 | Vac/40 | 17.60 | | |
| Vac | .00 | | 17.60 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 320.96 | .00 | 24.55 | .00 | .00 | 2.57 | 276.24 |
| YTD | 2,189.30 | 9.98 | 167.48 | 4.05 | .00 | 17.51 | |

## Pay Stub 2

Lawson Roofing Co. Inc.                    SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | PERIOD | 01/23/06-01/29/06 | CHECK NO. | 016454 |

| EARNINGS | | | | DEDUCTION | | DEDUCTION | |
|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| Reg Pay | 16.00 | 18.9600 | 303.36 | Loan | 50.00 | Vac/40 | 17.60 |
| Vac | .00 | | 17.60 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 320.96 | .00 | 24.55 | .00 | .00 | 2.57 | 226.24 |
| YTD | 1,868.34 | 9.98 | 142.93 | 4.05 | .00 | 14.94 | |

## Pay Stub 3

he Lawson Roofing Co. Inc.                 SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | PERIOD | 01/16/06-01/22/06 | CHECK NO. | 016343 |

| EARNINGS | | | | DEDUCTION | | DEDUCTION | |
|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| Reg Pay | 12.00 | 18.9600 | 227.52 | Loan | 50.00 | Vac/40 | 13.20 |
| Vac | .00 | | 13.20 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 240.72 | .00 | 18.42 | .00 | .00 | 1.93 | 157.17 |
| YTD | 1,464.33 | 9.98 | 112.03 | 4.05 | .00 | 11.71 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | | PERIOD | 09/26/05-10/02/05 | CHECK NO. | 014138 |
|---|---|---|---|---|---|---|---|---|

| DESCRIPTION | | EARNINGS | | | DEDUCTION | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | HOURS | RATE | AMOUNT | DESCRIPTION | | AMOUNT | DESCRIPTION | | AMOUNT | |
| Reg Pay | 40.00 | 15.8800 | 635.20 | Vac/40 | | 44.00 | | | | |
| Vac | .00 | | 44.00 | | | | | | | |

| | | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | GROSS PAY | | | | | | |
| | 679.20 | 22.75 | 51.96 | 11.04 | .00 | 7.34 | 542.11 |
| YTD | 16,224.52 | 172.82 | 1,241.18 | 83.02 | .00 | 175.24 | |

Lawson Roofing Co. Inc.

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

SS# 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

| EMPLOYEE | PERIOD | CHECK NO. |
|---|---|---|
| BENJA1 Tanicia L. Benjamin | 09/12/05 - 09/18/05 | 013909 |

EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 39.75 | 15.8800 | 631.23 |
| Vac | .00 | | 43.73 |

DEDUCTION

| DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
|---|---|---|---|
| Vac/40 | 43.73 | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| | 674.96 | 22.11 | 51.64 | 10.70 | .00 | 7.29 | 539.49 |
| YS | 14,866.12 | 127.32 | 1,137.26 | 60.94 | .00 | 160.56 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | PERIOD | 02/13/06-02/19/06 | CHECK | 016796 |

| DESCRIPTION | HOURS | EARNINGS RATE | AMOUNT | DESCRIPTION | DEDUCTION AMOUNT | DESCRIPTION | DEDUCTION AMOUNT |
|---|---|---|---|---|---|---|---|
| Reg Pay | 8.00 | 18.9600 | 151.68 | Vac/40 | 8.80 | | |
| Vac | .00 | | 8.80 | | | | |

| | GROSS PAY | FEDERAL WH | FICA | STATE WH | LOCAL WH | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 160.48 | .00 | 12.28 | .00 | .00 | 1.28 | |
| YTD | 3,152.18 | 51.01 | 241.15 | 24.94 | .00 | 25.21 | 138.12 |



Lawson Roofing Co. Inc.

EMPLOYEE: BENJA1 Tanicia L. Benjamin

SSN 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

PERIOD: 10/24/05-10/30/05

CHECK NO. 014680

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | DEDUCTION | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| Reg Pay | .00 | 15.8800 | 06.72 | Voc/40 | 35.20 | | | |
| Reg Pay | 32.00 | 18.9600 | 35.20 | | | | | |
| Vac | .00 | | .00 | | | | | |

| | GROSS ☐Y | FEDERAL WH | F.I.C.A. | STATE WH | LOCAL WH | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 641.92 | 17.16 | 49.11 | 8.65 | .00 | 6.93 | 524.88 |
| D | 18,632.36 | 225.04 | 1,425.38 | 108.17 | .00 | 201.25 | |

The Lawson Roofing Co. Inc.

| EMPLOYEE | BENJA1. Tanicia L. Benjamin | | | | SS# 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 | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | PERIOD | 09/05/05-09/11/05 | CHECK NO. | 013794 | |

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| DESCRIPTION | HOURS | EARNINGS RATE | AMOUNT | DESCRIPTION | DEDUCTION AMOUNT | DESCRIPTION | DEDUCTION AMOUNT |
|---|---|---|---|---|---|---|---|
| Reg Pay | 32.00 | 15.8800 | 508.16 | Vac/40 | 35.20 | | |
| Vac | .00 | | 35.20 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 543.36 | 6.16 | 41.57 | 2.73 | .00 | 5.87 | 451.83 |
| YTD | 14,191.16 | 105.21 | 1,085.62 | 50.24 | .00 | 153.27 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | | PERIOD | 10/03/05-10/09/05 | | CHECK NO. | 014256 |
|---|---|---|---|---|---|---|---|---|---|

EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | | | DEDUCTION | | AMOUNT | DESCRIPTION | DEDUCTION | | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Reg Pay | 32.00 | 15.8800 | 508.16 | Vac/40 | | | | | 35.20 | | | | |
| Vac | .00 | | 35.20 | | | | | | | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 543.36 | 6.16 | 41.56 | 2.73 | .00 | 5.87 | 451.84 |
| YTD | 16,767.88 | 178.98 | 1,282.74 | 85.75 | .00 | 181.11 | |

The Lawson Roofing Co. Inc.

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

SS# 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

| EMPLOYEE | PERIOD | CHECK NO. |
|---|---|---|
| BENJA1 Tanicia L. Benjamin | 02/06/06-02/12/06 | 016681 |

| DESCRIPTION | HOURS | EARNINGS RATE | AMOUNT | DESCRIPTION | DEDUCTION AMOUNT | DESCRIPTION | DEDUCTION AMOUNT |
|---|---|---|---|---|---|---|---|
| Reg Pay | 40.00 | 18.9600 | 758.40 | Vac/40 | 44.00 | | |
| | .00 | . | 44.00 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 802.40 | 41.03 | 61.39 | 20.89 | .00 | 6.42 | 628.67 |
| YTD | 2,991.70 | 51.01 | 228.87 | 24.94 | .00 | 23.93 | |

The Lawson Roofing Co. Inc.

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

SS# 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

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | 01/30/06-02/05/06 | | | 016568 |

### EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 16.00 | 18.9600 | 303.36 |
| Vac | .00 | | 17.60 |

### DEDUCTION

| DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|
| Vac/40 | 17.60 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 320.96 | .00 | 24.55 | .00 | .00 | 2.57 | |
| YTD | 2,189.30 | 9.98 | 167.48 | 4.05 | .00 | 17.51 | 276.24 |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | PERIOD 07/11/05-07/17/05 | | | 012760 |
|---|---|---|---|---|---|---|---|

**EARNINGS**

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 24.50 | 15.0500 | 368.73 |
| Vac | .00 | | 26.95 |

**DEDUCTION**

| DESCRIPTION | AMOUNT |
|---|---|
| Vac/40 | 26.95 |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 395.68 | .00 | 30.27 | .00 | .00 | 4.27 | 334.19 |
| YTD | 10,649.94 | 71.34 | 814.72 | 33.77 | .00 | 115.02 | |

The Lawson Roofing Co. Inc.

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

SS# 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

07/04/05-07/10/05    012641

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | | | DEDUCTION | | DEDUCTION | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | EARNINGS HOURS | RATE | AMOUNT | DESCRIPTION | | AMOUNT | DESCRIPTION | | AMOUNT |
| Reg Pay | 31.50 | 15.0500 | 474.08 | | | | | | |
| Vac | .00 | | 34.65 | Vac/40 | | 34.65 | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 508.73 | 2.70 | 38.92 | .66 | .00 | 5.49 | 426.31 |
| YTD | 10,254.26 | 71.34 | 784.45 | 33.77 | .00 | 110.75 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | PERIOD | 05/23/05-05/29/05 | | CHECK NO. | 011924 |
|---|---|---|---|---|---|---|---|---|

**EARNINGS**

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 29.00 | 15.0500 | 436.45 |
| Vac | .00 | | 31.90 |

**DEDUCTION**

| DESCRIPTION | AMOUNT | ·DESCRIPTION | DEDUCTION AMOUNT |
|---|---|---|---|
| Loan | 50.00 | Vac/40 | 31.90 |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 468.35 | .00 | 35.83 | 15.22 | .00 | 5.06 | 345.56 |
| YTD | 7,162.61 | 34.00 | 547.94 | 15.22 | .00 | 77.37 | |



The Lawson Roofing Co. Inc.

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

SS# 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

016454

EMPLOYEE BENJA1 Tanicia L. Benjamin    01/23/06-01/29/06

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 16.00 | 18.9600 | 303.36 |
| Vac | .00 | | 17.60 |

EARNINGS

DEDUCTION

| DESCRIPTION | AMOUNT |
|---|---|
| Loan | 50.00 |

DEDUCTION

| DESCRIPTION | AMOUNT |
|---|---|
| Vac/40 | 17.60 |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 320.96 | .00 | 24.55 | .00 | .00 | 2.57 | 226.24 |
| YTD | 1,868.34 | 9.98 | 142.93 | 4.05 | .00 | 14.94 | |

The Lawson Roofing Co. Inc.

SS# 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

01/16/06-01/22/06

CHECK 016343

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | |
| --- | --- | --- | --- |

| DESCRIPTION | HOURS | RATE | AMOUNT |
| --- | --- | --- | --- |
| Reg Pay | 12.00 | 18.9600 | 227.52 |
| Vac | .00 | | 13.20 |

| | DESCRIPTION | DEDUCTION AMOUNT | DESCRIPTION | DEDUCTION AMOUNT |
| --- | --- | --- | --- | --- |
| | Loan | 50.00 | Vac/40 | 13.20 |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
| --- | --- | --- | --- | --- | --- | --- | --- |
| THIS PAY | 240.72 | .00 | 18.42 | .00 | .00 | 1.93 | 157.17 |
| YTD | 1,464.38 | 9.98 | 112.03 | 4.05 | .00 | 11.71 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| PERIOD | CHECK NO. |
|---|---|
| 01/20/06-01/20/06 | 016252 |

| EMPLOYEE | BENJA1 Tanicia L. Benjamin |
|---|---|

| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | DEDUCTION AMOUNT | DESCRIPTION | DEDUCTION AMOUNT |
|---|---|---|---|---|---|---|---|
| EARNINGS | | | | | | | |
| Safety | .00 | | 83.00 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 83.00 | .00 | 6.35 | .00 | .00 | .66 | 75.99 |
| YTD | 1,306.66 | 9.98 | 99.96 | 4.05 | .00 | 10.44 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | PERIOD 01/09/06-01/15/06 | | | | CHECK NO. 016143 | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | DEDUCTION | AMOUNT | DESCRIPTION | DEDUCTION | AMOUNT |
| Reg Pay | 25.00 | 18.9600 | 474.00 | Loan | | 50.00 | Vac/40 | | 27.50 |
| Vac | .00 | | 27.50 | | | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 501.50 | 1.98 | 38.37 | .22 | .00 | 4.01 | 379.42 |
| YTD | 1,223.66 | 9.98 | 93.61 | 4.05 | .00 | 9.78 | |

The Lawson Roofing Co. Inc.

SS# 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

| PERIOD | 02/13/06-02/19/06 | CHECK NO | 016796 |

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

EMPLOYEE BENJA1 Tanicia L. Benjamin

EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | | | | | | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| Reg Pay | 8.00 | 18.9600 | 151.68 | Vac/40 | | | | | | 8.80 |
| Vac | .00 | | 8.80 | | | | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 160.48 | .00 | 12.28 | .00 | .00 | 1.28 | 138.12 |
| YTD | 3,152.18 | 51.01 | 241.15 | 24.94 | .00 | 25.21 | |

| DESCRIPTION | DEDUCTION | DESCRIPTION | DEDUCTION |
|---|---|---|---|
| | AMOUNT | | AMOUNT |



STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

CHECK NO. 015604

PERIÓD 12/25/05-12/25/05

- ˙ ⊥ / - 0 7 6 4

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 75.00 | .00 | 5.74 | .00 | .00 | .81 | |
| YTD | 22,568.91 | 340.64 | 1,726.52 | 166.67 | .00 | 243.76 | 68.45 |

Suspens

ours

.00

RATE

75.00

AMOUNT

75.00

DESCRIPTION | DEDUCTION AMOUNT

DESCRIPTION | DEDUCTION AMOUNT

_awson Roofing Co. Inc.

SS# 5/0-1/-0/64

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| MPLOYEE | BENJA1 Tanicia L. Benjamin | | | PERIOD | 12/19/05-12/25/05 | | CHECK NO. | 015746 |

| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | EARNINGS | | | DEDUCTION | | DEDUCTION |
| Reg Pay | 10.50 | 18.9600 | 199.08 | Vac/40 | 11.55 | | |
| Vac | .00 | | 11.55 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 210.63 | .00 | 16.11 | .00 | .00 | 2.27 | 180.70 |
| YTD | 22,704.54 | 340.64 | 1,736.89 | 166.67 | .00 | 245.22 | |

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

...cia L. Benjamin

| | PERIOD | CHECK NO. |
|---|---|---|
| ...v-1/-0764 | 12/12/05-12/18/05 | 015492 |

**EARNINGS**

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 38.00 | 18.9600 | 720.48 |
| Vac | .00 | | 41.80 |

**DEDUCTION**

| DESCRIPTION | AMOUNT |
|---|---|
| Vac/40 | 41.80 |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 762.28 | 35.21 | 58.31 | 17.68 | .00 | 8.23 | 601.05 |
| YTD | 22,493.91 | 340.64 | 1,720.78 | 166.67 | .00 | 242.95 | |

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

SS# 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

EMPLOYEE BENJA1 Tanicia L. Benjamin

PERIOD 12/05/05-12/11/05

CHECK NO. 015378

| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | DEDUCTION AMOUNT | DESCRIPTION | DEDUCTION AMOUNT |
|---|---|---|---|---|---|---|---|
| Reg Pay | 40.00 | 18.9600 | 758.40 | Vac/40 | 44.00 | | |
| Vac | .00 | | 44.00 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 802.40 | 41.23 | 61.39 | 20.89 | .00 | 8.67 | 626.22 |
| YTD | 21,731.63 | 305.43 | 1,662.47 | 148.99 | .00 | 234.72 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | | | | | | CHECK NO. | 015267 |

| DESCRIPTION | EARNINGS | | | DESCRIPTION | | | | DEDUCTION | |
|---|---|---|---|---|---|---|---|---|---|
| | HOURS | RATE | AMOUNT | | | | | DESCRIPTION | AMOUNT |
| Reg Pay | 29.00 | 18.9600 | 549.84 | Vac/Ho | | | | | |
| Vac | .00 | | 31.90 | | | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 581.74 | 10.00 | 44.50 | 5.04 | .00 | 6.28 | |
| YTD | 20,929.23 | 264.20 | 1,601.08 | 128.10 | .00 | 226.05 | 484.02 |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | PERIOD | 11/21/05-11/27/05 | | CHECK NO. | 015161 |
|---|---|---|---|---|---|---|---|---|

| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|---|---|
| EARNINGS | | | | DEDUCTION | | DEDUCTION | |
| Reg Pay | 7.50 | 18.9500 | 142.20 | Vac/40 | 8.25 | | |
| Vac | .00 | | 8.25 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 150.45 | .00 | 11.50 | .00 | .00 | 1.62 | 129.08 |
| YTD | 20,347.49 | 254.20 | 1,556.58 | 123.06 | .00 | 219.77 | |

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | PERIOD | 11/14/05-11/20/05 | CHECK NO. | 015045 |

**EARNINGS**

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 30.00 | 18.9600 | 568.80 |
| Vac | .00 | | 33.00 |

**DEDUCTION**

| DESCRIPTION | AMOUNT |
|---|---|
| Vac/40 | 33.00 |

**DEDUCTION**

| DESCRIPTION | AMOUNT |
|---|---|

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 601.80 | 12.01 | 46.05 | 6.24 | .00 | 6.50 | 498.00 |
| YTD | 20,197.04 | 254.20 | 1,545.08 | 123.06 | .00 | 218.15 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | | PERIOD | CHECK NO. |
| --- | --- | --- | --- |
| BENJA1 Tanicia L. Benjamin | | 11/07/05-11/13/05 | 014927 |

| DESCRIPTION | EARNINGS | | | DESCRIPTION | DEDUCTION | | DESCRIPTION | DEDUCTION |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | HOURS | RATE | AMOUNT | | AMOUNT | | | AMOUNT |
| Reg Pay | 16.00 | 18.9600 | 303.36 | Vac/40 | 17.60 | | | |
| Vac | .00 | | 17.60 | | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
| --- | --- | --- | --- | --- | --- | --- | --- |
| THIS PAY | 320.96 | .00 | 24.54 | .00 | .00 | 3.47 | 275.35 |
| YTD | 19,595.24 | 242.19 | 1,499.03 | 116.82 | .00 | 211.65 | |



Lawson Roofing Co. Inc.

EMPLOYEE  BENJA1 Tanicia L. Benjamin

SS# 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

PERIOD  10/24/05-10/30/05

CHECK NO.  014680

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | .00 | 15.880 | 6.00 |
| Reg Pay | 32.00 | 18.9600 | 606.72 |
| Vac | .00 | | 35.20 |

| DESCRIPTION | DEDUCTION AMOUNT |
|---|---|
| Vac/40 | 35.20 |

| DESCRIPTION | DEDUCTION AMOUNT |
|---|---|

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 641.92 | 17.16 | 49.11 | 8.65 | .00 | 6.93 | 524.88 |
| YTD | 18,632.36 | 225.04 | 1,425.38 | 108.17 | .00 | 201.25 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | PERIOD | CHECK NO. |
|---|---|---|
| BENJA1 Tanicia L. Benjamin | 10/10/05-10/16/05 | 014373 |

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 40.00 | 15.8800 | 635.20 |
| Vac | .00 | | 44.00 |

EARNINGS

| DESCRIPTION | AMOUNT |
|---|---|
| Vac/40· | 44.00 |

DEDUCTION

| DESCRIPTION | AMOUNT |
|---|---|

DEDUCTION

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 679.20 | 22.75 | 51.96 | 11.04 | .00 | 7.34 | |
| YTD | 17,447.08 | 201.73 | 1,334.70 | 96.79 | .00 | 188.45 | 542.11 |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | PERIOD | CHECK NO. |
|---|---|---|
| BENJA1 Tanicia L. Benjamin | 09/19/05-09/25/05 | 014026 |

**EARNINGS**

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 40.00 | 15.8800 | 635.20 |
| Vac | .00 | | 44.00 |

**DEDUCTION**

| DESCRIPTION | AMOUNT |
|---|---|
| Vac/40 | 44.00 |

**DEDUCTION**

| DESCRIPTION | AMOUNT |
|---|---|

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 679.20 | 22.75 | 51.96 | 11.04 | .00 | 7.34 | 542.11 |
| YTD | 15,545.32 | 150.07 | 1,189.22 | 11.98 | .00 | 167.9 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | PERIOD | CHECK NO. |
|---|---|---|
| BENJA1 Tanicia L. Benjamin | 09/05/05-09/11/05 | 013794 |

**EARNINGS**

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 32.00 | 15.8800 | 508.16 |
| Vac | .00 | | 35.20 |

**DEDUCTION**

| DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|
| Vac/40 | 35.20 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 543.36 | 6.16 | 41.57 | 2.73 | .00 | 5.87 | 451.83 |
| YTD | 14,191.16 | 105.21 | 1,085.62 | 50.24 | .00 | 153.27 | |

The Lawson Roofing Co. Inc.

SS# 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

| | | | STATEMENT OF EARNINGS & DEDUCTIONS |
| DETACH AND RETAIN FOR YOUR TAX RECORDS |

PERIOD 08/22/05-08/28/05    CHECK 013562

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | |

**EARNINGS**

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 8.00 | 15.8800 | 127.04 |
| Vac | .00 | | 8.80 |

**DEDUCTION**

| DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
|---|---|---|---|
| Vac/40 | 8.80 | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 135.84 | .00 | 10.40 | .00 | .00 | 1.47 | 115.17 |
| YTD | 13,104.44 | 92.89 | 1,002.49 | 44.78 | .00 | 141.53 | |

The Lawson Roofing Co. Inc.

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

SS# 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

CHECK 013436

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | PERIOD 08/15/05-08/21/05 |

| DESCRIPTION | HOURS | EARNINGS RATE | AMOUNT | DESCRIPTION | DEDUCTION AMOUNT | DESCRIPTION | DEDUCTION AMOUNT |
|---|---|---|---|---|---|---|---|
| Reg Pay | 27.00 | 15.8800 | 428.76 | Vac140 | 29.70 | | |
| Vac | .00 | | 29.70 | | | | |

| THIS PAY | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| 458.46 | 458.46 | .00 | 35.06 | .00 | .00 | 4.95 | 388.75 |
| 1,905.60 | | 92.89 | 992.09 | 44.78 | .00 | 140.06 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJAI Tanicia L. Benjamin | | | PERIOD 08/08/05-08/14/05 | CHECK 013319 |
|---|---|---|---|---|---|

### EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 14.50 | 15.8800 | 230.26 |
| Vac | .00 | | 15.95 |

### DEDUCTION

| DESCRIPTION | AMOUNT |
|---|---|
| Vac/40 | 15.95 |

| GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|
| 246.21 | .00 | 18.84 | .00 | .00 | 2.66 | 208.76 |
| 12,510.14 | 92.89 | 957.03 | 44.78 | .00 | 135.11 | |

The Lawson Roofing Co. Inc.

SS# 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

| | | | | STATEMENT OF EARNINGS & DEDUCTIONS |
| --- | --- | --- | --- | --- |
| | | PERIOD | CHECK | DETACH AND RETAIN FOR YOUR TAX RECORDS |
| EMPLOYEE | BENJA1 Tanicia L. Benjamin | 08/01/05-08/07/05 | 013198 | |

| DESCRIPTION | HOURS | RATE | AMOUNT | | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | EARNINGS | | | | | DEDUCTION | | DEDUCTION |
| Reg Pay | 23.50 | 15.8800 | 373.18 | | Vac/40 | 25.85 | | |
| Vac | .00 | | 25.85 | | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
| --- | --- | --- | --- | --- | --- | --- | --- |
| THIS PAY | 399.03 | .00 | 30.53 | .00 | .00 | 4.31 | 338.34 |
| YTD | 12,263.93 | 92.89 | 938.19 | 44.78 | .00 | 132.45 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | PERIOD | 013079 |
|---|---|---|
| BENJA1 Tanicia L. Benjamin | 07/24/05-07/31/0 | |

**EARNINGS**

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 36.00 | 15.0500 | 541.81 |
| Vac | .00 | | 39.60 |

**DEDUCTION**

| DESCRIPTION | AMOUNT |
|---|---|
| Vac/40. | 39.60 |

| GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|
| 581.41 | 9.97 | 44.47 | 5.02 | .00 | 6.28 | 476.07 |
| 11,864.90 | 92.89 | 907.66 | 44.78 | .00 | 128.14 | |

The Lawson Roofing Co. Inc.

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | | SS# 5/0-1/-0/b4 | | 07/22/05-07/22/0 | CHECK 012873 |
| --- | --- | --- | --- | --- | --- |

BENJA1 Tanicia L. Benjamin

| DESCRIPTION | HOURS | EARNINGS RATE | AMOUNT | DESCRIPTION | DEDUCTION | AMOUNT | DESCRIPTION | DEDUCTION | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Safety | .00 | | 36.00 | | | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
| --- | --- | --- | --- | --- | --- | --- | --- |
| THIS PAY | 36.00 | .00 | 2.76 | .00 | .00 | .39 | |
| YTD | 10,685.94 | 71.34 | 817.48 | 33.77 | .00 | 115.41 | 32.85 |

The Lawson Roofing Co. Inc.

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

SS# 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

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | | | | | CHECK 012958 |
| | | | | | 07/18/05-07/24/0... | | | |

| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | DEDUCTION AMOUNT | DESCRIPTION | DEDUCTION AMOUNT |
|---|---|---|---|---|---|---|---|
| Reg Pay | 37.00 | 15.0500 | 556.85 | Vac/40 | 40.70 | | |
| Vac | .00 | | 40.70 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 597.55 | 11.58 | 45.71 | 5.99 | .00 | 6.45 | 487.12 |
| YTD | 11,247.49 | 82.92 | 860.43 | 39.76 | .00 | 121.47 | |

The Lawson Roofing Co. Inc.

STATEMENT OF EARNINGS & DEDUCTION.
DETACH AND RETAIN FOR YOUR TAX RECORD.

SS# 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

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | | PERIOD 06/27/05-07/03/05 | | CHECK# 012512 |
|---|---|---|---|---|---|---|---|

| DESCRIPTION | | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Reg Pay | | 37.50 | 15.0500 | 564.38 |
| Vac | | .00 | | 41.25 |

| DESCRIPTION | DEDUCTION AMOUNT |
|---|---|
| Vac/40 | 41.25 |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 605.63 | 12.39 | 46.33 | 6.47 | .00 | 6.54 | 492.65 |
| YTD | 9,745.53 | 63.64 | 745.53 | 33.11 | .00 | 105.26 | |

The Lawson Roofing Co. Inc.

EMPLOYEE BENJA1 Tanicia L. Benjamin

SS# 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

06/20/05-06/26/05

CHECK 012395

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EARNINGS | | | | DEDUCTION | | DEDUCTION | |
|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| Reg Pay | 37.00 | 15.0500 | 556.85 | Vac/40 | 40.70 | | |
| Reg Pay | 1.00 | .0000 | 40.00 | | | | |
| Vac | .00 | | 40.70 | | | | |
| Load | .00 | | 15.05 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 612.60 | 13.09 | 46.86 | 6.89 | .00 | 6.62 | 498.44 |
| YTD | 9,139.90 | 56.25 | 699.20 | 26.64 | .00 | 98.72 | |

The Lawson Roofing Co. Inc.

SS# 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

| EMPLOYEE | PERIOD | CHECK NO. |
|---|---|---|
| BENJA1 Tanicia L. Benjamin | 06/13/05-06/19/05 | 012279 |

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 35.50 | 15.0500 | 534.28 |
| Vac | .00 | | 39.05 |

| DESCRIPTION | AMOUNT |
|---|---|
| Vac/40 | 39.05 |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 573.33 | 9.16 | 43.86 | 4.53 | .00 | 6.19 | 470.54 |
| YTD | 8,527.30 | 43.16 | 652.34 | 19.75 | .00 | 92.10 | |

The Lawson Roofing Co. Inc.

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | SS# | 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 | | | | STATEMENT OF EARNINGS & DEDUCTIONS<br>DETACH AND RETAIN FOR YOUR TAX RECORDS |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | PERIOD | 05/30/05-06/05/05 | | CHECK | 012051 |

| DESCRIPTION | EARNINGS | | | DEDUCTION | | DEDUCTION | | DEDUCTION | |
|---|---|---|---|---|---|---|---|---|---|
| | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| Reg Pay | 28.00 | 15.0500 | 421.41 | Loan | 20.00 | Vac/40 | 30.80 | | |
| Vac | .00 | | 30.80 | | | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 452.21 | .00 | 34.59 | 15.22 | .00 | 4.88 | 361.94 |
| YTD | 7,614.82 | 34.00 | 582.53 | | .00 | 82.25 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUC.
DETACH AND RETAIN FOR YOUR TAX REL.

PERIOD  05/09/05-05/15/05  CHECK NO.  011673

| EMPLOYEE | BENJA1 Tanicia L. Benjamin |
|----------|----------------------------|

| DESCRIPTION | EARNINGS HOURS | RATE | AMOUNT |
|-------------|--------|------|--------|
| Reg Pay | 39.00 | 12.1400 | 473.46 |
| Vac | .00 | | 42.90 |

| DESCRIPTION | DEDUCTION AMOUNT | DESCRIPTION | DEDUCTION AMOUNT |
|-------------|--------|-------------|--------|
| Loan | 50.00 | Vac/40 | 42.90 |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|--|-----------|-------------|------|-----------|-----------|-----|---------|
| THIS PAY | 516.36 | 3.46 | 39.51 | 1.11 | .00 | 5.58 | 373.80 |
| YTD | 6,449.32 | 34.00 | 493.38 | 15.22 | .00 | 69.66 | |

Lawson Roofing Co. Inc.

| STATEMENT OF EARNINGS & DEDUCTIONS |
| DETACH AND RETAIN FOR YOUR TAX RECORDS |

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | S S# 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 | PERIOD 10/24/05-10/30/05 | CHECK NO. 014680 |

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | .00 | 15.8800 | .00 |
| Reg Pay | 32.00 | 18.9600 | 606.72 |
| Vac | .00 | | 35.20 |

| DEDUCTION | | |
|---|---|---|
| DESCRIPTION | AMOUNT | |
| Vac/40 | 35.20 | |

| DESCRIPTION | AMOUNT |
|---|---|

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY. | 641.92 | 17.16 | 49.11 | 8.65 | .00 | 6.93 | 524.88 |
| YTD | 18,632.36 | 225.04 | 1,425.38 | 108.17 | .00 | 201.25 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | | PERIOD | 10/03/05-10/09/05 | | CHECK NO. | 014256 |
|---|---|---|---|---|---|---|---|---|---|

| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | EARNINGS | | | DEDUCTION | | DEDUCTION |
| Reg Pay | 32.00 | 15.8800 | 508.16 | Vac/40 | 35.20 | | |
| Vac | .00 | | 35.20 | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 543.36 | 6.16 | 41.56 | 2.73 | .00 | 5.87 | |
| YTD | 16,767.88 | 178.98 | 1,282.74 | 85.75 | .00 | 181.11 | 451.84 |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | | | PERIOD | 09/26/05-10/02/05 | | CHECK NO. | 014138 |
| --- | --- | --- | --- | --- | --- | --- | --- |

EMPLOYEE: BENJA1 Tanicia L. Benjamin

| DESCRIPTION | EARNINGS | | | DESCRIPTION | DEDUCTION | | DESCRIPTION | DEDUCTION |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | HOURS | RATE | AMOUNT | | AMOUNT | | | AMOUNT |
| Reg Pay | 40.00 | 15.8800 | 635.20 | Vac/40 | 44.00 | | | |
| Vac | .00 | | 44.00 | | | | | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
| --- | --- | --- | --- | --- | --- | --- | --- |
| THIS PAY | 679.20 | 22.75 | 51.96 | 11.04 | .00 | 7.34 | 542.11 |
| YTD | 16,224.52 | 172.82 | 1,241.18 | 83.02 | .00 | 175.24 | |

The Lawson Roofing Co. Inc.

SS# 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

STATEMENT OF EARNINGS & DEDUCTIONS
DETACH AND RETAIN FOR YOUR TAX RECORDS

| EMPLOYEE | BENJA1 Tanicia L. Benjamin | | | PERIOD | 10/03/05-10/09/05 | CHECK NO. | 014256 |
|---|---|---|---|---|---|---|---|

EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Reg Pay | 32.00 | 15.8800 | 508.16 |
| Vac | .00 | | 35.20 |

DEDUCTION

| DESCRIPTION | AMOUNT |
|---|---|
| Vac/40 | 35.20 |

DEDUCTION

| DESCRIPTION | AMOUNT |
|---|---|
| | |

| | GROSS PAY | FEDERAL W/H | FICA | STATE W/H | LOCAL W/H | SDI | NET PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 543.36 | 6.16 | 41.56 | 2.73 | .00 | 5.87 | 451.84 |
| YTD | 16,767.88 | 178.98 | 1,282.74 | 85.75 | .00 | 181.11 | |

Tanicia Benjamin    -    1/10/06

FL- Tanicia we take the allegations you made very seriously. Why did you wait?

TB- Issue was brought up because of Raul. TB assumed he did this on purpose, Raul made statement that he wasn't there to please her. He told her to shut the fuck up.

FL- How is your working relationship with the workers in general?

TB- Generally good except with Raul and the people in my letter

FL- Have you had any inappropriate behavior directed to you that you don't mention in your letter?

TB- Someone claimed about my perfume that it smelled. No other incidents

FL- Let's address your letter. Is your letter the true facts?

TB- Yes

FL- Incident happens at 4th & Berry project working with Zeff & Jesse Aviles. TB wrote the information down in a book.

FL- I asked if the statement that Zeff pulled out his dick and was asked to kiss it is true?

TB- Yes it's true.

FL- How did this happen?

TB- We were talking about sex. I felt comfortable discussing this issue with Zeff. Not really a private conversation

FL- What caused Zeff to expose himself?

TB- He asked me what size penis do you like.

FL - what caused him to expose himself

TB - He asked you if you wanted to see his penis. He asked again. Then he exposed himself

FL - Why didn't you say no
TB - Maybe I wanted to see it

FL - Was there any physical contact
TB - No

FL - After He exposed himself what happened
TB - He asked you if you wanted to kiss it. I didn't respond.

FL - How long was it exposed
TB - 10-15 seconds

FL - Where did this take place
TB - 4th floor - Inside a window frame

FL - You state in your letter that he exposed himself a second time while driving back to the shop. True?
TB - Yes
FL - Any witnesses?
TB - Jose to the first incident

FL - Did he try To get you to Touch him?

TB - Yes. He Tried To Pull my hand Towards Aim

FL - You STATE THAT Jose A. GRABBED your Pussy. True?

TB - Yes.

FL - What caused him to do This?

TB - He ~~any took~~ heard ZEFF and I Talking sek and saw ZEFF expose himself to me.

FL - what did you do?

TB - NoTHing.

FL - He did it AGAIN?

TB - Yes. MAYBE Because I DiDN'T SAY NO the 1ST Time.

FL - ~~Mario Asked~~ You STATE THAT you where siding in the Truck ~~Te~~ and MARio Touched you. True?

TB - Yes. This was in Appropriate Touching

FL - MARio Asked you About your side of your Pussy?

TB - Yes.

FL - MARio Asked you For A DATE and wanted to Take you To The Geneva Motel which costs $70?

TB - Yes, T Happened. I DiDn't respond. FAcial expression only.

greater your ability, right?

TB- Yes. I was shocked. Why did you do that??

FL- What was his response?
TB- He denied it.

FL- Witnesses?
TB- Not to my knowledge.

FL- Is there anything else to discuss?
TB- Jeff told me that most of the guys in the shop been wanting to "expose themselves" to you. But haven't.

FL- What Do expect Lawson Roofing to do about this?
TB- Crew to be talked to about their thoughts and hands to themselves.

FL- Do you feel any of your actions to BB in appropriate?
TB- Yes. Didn't feel it to be harmful.

FL- Do you have any concern about working here?
TB- No.


FRANK LAWSON        STEVE TUCKER        TANICIA Bryant        DAN SII

FRANK E LAWSON Jr

Tricia Benjamin                    1/12/06

FL- Zeffarino Muniz was terminated because of his action

TB- I am suprised that you terminated him

FL- Jose Aviles said it was accidental.

TB - It was not accidental

FL - Loo Soto denion touching you

TB - He is not telling the truth

FL - you stand by both statments

TB - Yes

FL - Zeffarino stated that you requested that
     you see his penis.

TB - No.

FL - Reviewed why the incident when Zeff first exposed
     himself to you. I re read that part of the interview

TB. That's the truth

TD- I Feel that MARIO TOUCHED ME INAPPROPRIATELY

PL- We will BRING MARIO IN For AN INTERVIEW a 2nd TIME

PL- HAVE you MADE ANY ADVANCES or TOUCHED ANY
LAWSON ROOFING employee INAPPROPRIATE

TD- Yes I have.

PL- who with?

TD- Won't SAY.

PL- HAVE you TOUCHED ANY PART OF THEIR BODY

TD- THEIR FACE

PL- How?

TD- with MY HANDS

PL- WHAT was thEIR REACTION

TD- NONE

PL- HAS It BEEN CONSENSUAL?

TD- YES

FL - Do you understand an appropriate Behavior

TB - No

FL - Know that I have explained it do you understand

TB - Yes

FL - Have you touched any employee inappropriately

TB - No

4th & Berry

Worked w/ Zeff & Jose the shorty w/ the big tummy on 9/8/05 Silvino worked as well. Zeff took out his dick while standing on window frame and asked me if i wanted to kiss it. ②. While driving back to shop Zeff and i Zeff pulled out his dick grabbed my hand and asked me if i wanted to to. the very same day Jose grabbed my Pussy more than once. End. While working w/ Rick Samuelson on 4th & Berry crew Jesus Mario Jimmy Lasaro Art. While Rick was driving to

Job Pato Mario Soto next to Rick Jesus next 22 between Mario and myself Mario kept reaching over Jesus touching me my shoulder my back Mario has asked me repeatedly is my Pussy big rec Tanicia do you have a grande Pinocha how much can i take. you to the geneva motel for $70 DOLLARS. on 10/20/05 While Working w/ Rick Samuelson 4th & Berry Leo Soto grabbed my TITTi.

1/10/06          - Zef  Munoz

- FL - HAVE you WORKED with TANICA
- ZM - YES
- FL - How is your working relationship,
- ZM - NOT GOOD - CONCERNS - She WORKS TOO SLOW
- FL - DO you CALL HER BY any NAME OTHER THAN TANICIA
- ZM - I CALL her "T" - I CALLED her a TURTLE ONCE BECAUSE
   OF her SLOW WORK.
- FL - DID CUSI see of any INAPPROPRIATE Behavior - TALKING, Touching
- ZM - NO.
FL - DID you EXPOSE yourself TO HER
ZM - YES.
FL - WHY DID you DO THAT.
ZM - BECAUSE TANICIA egged ME ON, SHE ASKED, IF I HAD A RUBBER
FL - Who witnessed this ACT
ZM - JOSE REY OSSO AVILES SAW IT
FL - WHAT else TOOK PLACE
ZM - TANICIA PUT her BODY - LOWER PART IN JOSE AVILES FACES
   FOR him to SMELL while on the STAGING AT THE JOBSITE
- FL - WHAT else happened?.
ZM - NOTHING else happened.
FL - ANY OTHER INCIDENTS?
ZM - YES. Couple OF DAYS LATER, TANICIA WAS discussing with Tanicia
   THE SIZE OF MY PENIS AND SHE REQUESTED A TAPE measure to
Munoz   MEASURE MY PENIS. I EXPOSED MYSELF AT THE TRUCK AND
   she MEASURED MY PENIS.
FL - DID She TOUCH YOU?
ZM - Yes. With her hands.

FL - Any other incidents?

ZM - No. She started to get mad at me saying
I am arrogant.

FL - Have you told other workers about the incident

ZM - Just those who where there knew.

FL - Any incidents with other people in the shop that
you know off?

ZM - She approached Javier and asked him to touch her.

FL - When was this?

ZM - A month or so.

FL - How did you find out

ZM - Javier told me.

FL - Anything else to say?

ZM - I'm sorry about this


Summary - I did expose myself twice to Tanicia but it
was a mutal agreement.


FRANK LAWSON              DAN SIRI              ZEFFERINO MUNOZ

[signature]               Dan B. Siri          Muñoz Zeferino

TUCKER - BA
SAC Botarero - Intrepator
RICH LAWSON
FRANK LAWSON,

1/12/06

<u>Leo Soto</u>

FL- Do you know why you are here? Did you touch
Tandria Benjamin's breast?

LS- No. Innugen

1/12/06

- Zoff  Munoz

-

FL-Due To your inappropriate behavior you are Terminated.
2F- ok-

Jose Aviles
- Did you Touch Tanisa Bingham for an inappropriate ?

- where did you touch her

- Leo Soto

- Did you Touch Tanisa Bingham in an inappropriate manner?

Jose Aviles                    1/12/06

SAL Baloroso - Interpreta
RICK LAWSON
FRANK LAWSON Jr.

PL- Jose I am going to ask you some questions
as a follow-up to our o

JA - OK

FL- I expect you to tell the truth

JA - yes

PL- Did you ever touch Tanisia Benjamin in an inappropriate manner

JA-- No

PL- Did you witness any inappropriate behavior towards
Tanisia Benjamin by any Lawson Roofing Co. Employee

JA- Yes, I was a witness. In the last interview I was
afraid to tell the truth. Tanisia asked Zafferin
to show his private part.

FL - Was this one incident?

JA- one time that I saw

FL- Did you touch Tanisia in between her legs?
JA - Yes I did.

FL- Why

JA- By ACIDENT.

FL- ONE TIME OR MORE THAN ONCE?

JA- ONE TIME

FL- YOU ARE TELLING me the TRUTH IT WAS ACCIDENTAL?

JA- Yes

FL- Why WOULD TANIWA SAY IT WASN'T?

JA- TANICIA WANTS ToGet LAWSON IN TROUBLE

FL- ASKED ABOUT JOSE A's STATMENT ABOUT the INCIDENT- TRUE OR FALSE

TB- NOT TRUE.

FB- what ABOUT MARIO?

FL- WHAT ABOUT MARIO

TB- He TOUCHED me. ON MY SHOULDER

Vern Rodgers                8/04/06

FL - What's the problem with Taricia Benjamin

VR - She is constantly hugging and kisses. She offered to sock my dick. Taricia Benjamin Carlos Lara heard this.

FL - When did this start?

VR - It started last year at the Jessie Square Garage. I was trying to be nice to her since she was a new employee

PL - Have you made any advances towards Taricia?

VR - No. I always tell her to keep her hands off

FL - Have you seen an inappropriate actions directed towards Taricia by any employee

VR - No.

FL - Is this still going on?

VR - No. We don't talk.


FRANK LAWSON II                    VERN RODGERS

①

1-12-06                                    STEVE ~~SE~~ TUCKER LOCAL 40
ZEFFONINO - MUNOZ.         RTL / FOR.
              TERMINATED FOR ACTIONS UNAPPROPRIATE
              TO THE COMPANY.  EXPLAINED.

_____

LEO SOOLO··        —        STEVE TUCKER. LOCAL 4 (
                                    RTL / EEC
                                    SAL  — FUTURAT LOCAL 7C
FOR: DID YOU TOUCH TONICIA BONJAMIN IN AN INAPPROPRIATE MANN

        LEO : NO-        STAND BY.  —  NOVER TOUCH.

        IN TRUCK.  PRODUCTION TRUCK IS POSSIBLE TO TOUCH
              BECAUSE OF CLOSE QUARTES "SQUISH".


JOSE   AVILES RONDERS          STEVE TUCKER. LOCAL 40
                                    RTL / FOR.
                                    SAL - INTERPRETER LOCAL 40
FOR: AT ANY TIME HAVE YOU TOUCHED TONICIA BONJAIN IN A INAPPROPRIATE

JOSE:   NO

FOR: DID YOU WITNESS ANY INAPPROPRIATE BEHAVIOR BY ANY LDC EMPLOYEE

JOSE: YES   I WAS WITNESS.
        LAST INTERVIEW AFRAID TO TELL TRUTH.  AFRAID TO LOST JOT
        DID SEE  WHAT ZEFONINO WHAT WAS TALKING ABOUT

1-12-05

JOE SAID THAT                                                    (2)

2 OF SAID THAT TONICIA ASKED IF HE COULD
SHOW HIS PRIVATE PANTS. -
DID NOT SPECIFICALLY SEE THE CONVERSATION

DID YOU TOUCH TONICIA BONTAMIN IN
AN INAPROPRIATE MANNER BETWEEN US
(LONG PAUSE)

JOE: I DO NOT REMBER.

FOR: PLEASE REPEAT ANSWER

JOE: YES I JUST PAT TOUCH

FOR: WHY

JOE: BY ACCIDENT — SHE WAS
WORKING BEHIND BY ACCIDENT I TOUCHER.

FOR: ONE TIME OR MORE THEN ONE

JOE: ONE TIME

FOR: TONICIA OR THE TRUTH WAS BY ACCIDENT
(LONG PAUSE)

JOE: YES

FOR: WHY WOULD TONICIA SAY IT WASN'T!

1-12-08                                                                (3)

● JOSE: THAT WOMAN JUST WANT TO GET US
        IN TROUBLE. BESIDES I HAVE
        MY WIFE + FAMILY.

FT    DO YOU HAVE ANYTHING YOU WANT TO A

JOSE  N.

      TONICIA BONJAN              --    STOVE TUCKER LONG
                                        FOR/RTC.

FA.   PREVIOUS PROCESS - W/ TONICIA
      S4ABSA  INTERVIEW - PROCESS.

      EXPLAINED - WHY ZOE WAS TERMINATION.

      JOSE - SAID TOUCHON ACCIDENTAL.
LTD   SOLO - DENIED. ACCUSATION.

      TONICIA SAID  JOSE DID NOT DO IT BY
         ACCIDENT. - DISPUTES JOSE'S TESTIMONY.

      TONICIA SAID - LEO IS NOT TELLING THE
         TRUTH..

● TONICIA CONFIRMED STATEMENT

1-12-06                                                                    (9)

"ZEFFERINO - CLAIMS YOU ASKED TO SEE IT."

TONICIA: DENIES - MAKING REQUEST

FOR: DEMANDING HOW IT HAPPENED.
     RE READ PREVIOUS TESTIMONY.

TONICIA: CONFIRMED THAT TESTIMONY PREVIOUSLY
         GIVEN IS 100% TRUE.

FOR: WITNESS KNOW THAT SHE REQUESTION.

TONICIA: NO I DID NO. THAT IS THE TRUTH.

DO YOU HAVE ANY MORE:

MORE WHAT ABOUT MARIO.
     SAID MARIO DID TOUCH INAPPROPRIATE.
     REACTION - OUT.

BECAME ARBITRATOR SAID MARIO:
     MIS UNDERSTOOD - PREVIOUS QUESTION - BY FOR.

FOR: WE WILL INVESTIGATE FURTHER W/ MARIO.

FOR: HOW DID YOU REACT
TONICIA - I DID NOT REACT. THAT IS NORMAL.

1-12-06.                                                                    ⑤

● I WILL NOT PUT MY HAND ON ANYBODY.
RJL ⇒ DID ~10
     TENICIA: I NEVER TOLD ANYONE THAT
        SHE DID NOT LIKE IT. THAT IS NOT
        MY PERSONALITY.

     FOR: HAVE YOU EVER TOUCHED ANYBODY
        ON YOUR THE JOB.

     TONICIA; YES I HAVE. TOUCHED OTHERS.

FOR WHO WERE?

● TONICIA : ANYBODY I FEEL COMFORTABLE
        WITH. THE KIDS I PLAY WITH

FOR :

     TENICIA: I DO NOT CONSIDER IT INAPPROPRIATE

FOR: WHO HAVE YOU TOUCHED INAPPROPRIATE.

TONICIA WHAT DO YOU CONSIDER INAPPROPRIATE

● I HAVE NOT TOUCHED ANYBODY WRONG

6

1-12-05

● (FOR THE BAILOR - BAILK & FRW → )

FOR - HAVE YOU TODULTON ANYBODY
    FOR

(TAKE CIA: YES    W/ MY HANDS ON THEIR FACE

FOR: WHAT WAS ROTTENED

TENICIA: That SMELLED.

FOR: WAS TODUTING CONSONTIAL?
● TONICIA - NO ONE HAS DIS-ALREED WITH MY TODDLN.

FOR DO YOU UNDERSTAND WORD IN APRANAIRE?

TONICIA: NO

FOR - INAPARIONTO DONE WITHOUT PORMESSON

FOR: 1ST INTERVIEW I EXPLAIN.
TONICIA I DO NOT REMBER EXPLAINING
    FOR: YOU CHANGE STOR
TONICIA I AM NOT CHANGINAGINE STORY
    THERE IS NO CHANGE
● FOR: HAVE YOU TODULTON ANY BODY INAPPROPRIMY
TONICIA: I HAVE NOT TODULTON ANY BODY -
    IN APPROPRIM

1/12-07

RJC - YOU HAVE TO TELL PERSON YOU DO NOT
LIKE BEHAVIOR. REPORT TO
SUPERVISOR OF FURTHER ACTING.

TCC - INAPPROPRIATE BEHAVIOR NOT PERMISSIVE
AT LAWSON ROOFING. AFFECTS ENTIRE COMPANY
+ POSSIBILITIES CUSTOMER.
MOVE FROM - COMMERCIAL TO COATINGS -
TO SLANT - MONDAY..

FORMULA.

①

1-09-08 .

●.30 2⅝. TONICIA . Rm---T

LAZANO RAUDO    - DID NOT SEE ON HER
ANY TAH A300T SEX --.
SAW NO TRUCH . .


JESUS DIAZ
THERE WERE SOME JOKES - NOTHING
LONG WAIT - NO .
NOVON HEARD ANYTHING BAD .
Ⓐ SHE SAID SOMEONE HAD DISAGREE 2 WEEKS AGO AT
Ⓑ NOTICED SHE WAS VAGUE    WILSONS
DID NOT KNOW WHO -.


MANIO FLORES AVILA -
JANOT.
SHE DID NOT WANT TO WORK - w/ MANIO.
SHE DID OTHERS A POOR ATTITUDE.
RICK WAS NOT WORKING THAT DAY .

KNOWS -- JOSE AVILES ROWDERS .
WORKING w/
2 OTHER VOI  ✝ TONICIA
2 COUPLE DAYS . OCCASSIONS
DID NOT RIDE IN SAME TRUCK  ⟶
NEVER TOUCHED HER.

(2)

SILVINO VASQUEZ.
DID NOT SEE.
DID WORK WITH PONATBANNON
ONE TIME WITH ZEF ANOTHER PERSON NOT TOM
NO CONDUCT,
HOW MY LOVE HOW ARE YOU
SHE LIKES TO REALLY TELL SAME -
THAT IS TYPICAL GROOTING IN SHOP.

after WAS ASSIGNED TO PICK-UP GARBAGE —
ZEFOUND FOROMAN WAS ASSURED.

LEO - SITO - -

WORKED W TONICIA -
HANDING WARES W TRUCK.
TONICIA WORKED ON ROOF - PASSION HOT - -

TRUCK # 19                    NO - EA
W/ NICK & ACONO -

DID NOT SEE ANY BODY TO JOB -
NOTHING ABOUT

MANUO AS FOROMAN:                    13 NOW IN
"TONICIA IS DUMB", TOLD HIM. - SHE WAS JOKING
SHE HEARD SOMETHING TO LIFTO PONAZN (WOMAN)
TOWARD - SHE MENTIONS "SUE"

(3)

No comments -

"Rumor here THAT site looking for
WAYS to make more" — EdenAuthors

Jose O. Padilla

Richard J. Cawson

DANIEL B. SIRI

Danil B.Siri

2/10/06

TANICIA BONJAMIN CAME TO ME THIS AFTERNOON
STATING THAT JAVIER MUNOZ WAS LOOKING AT
her FROM his CAR ACROSS the STREET. SHE SAID
he WAS SPEAKING SPANISH AND TALKED TO JIMMY
GOMEZ AND POINTED his Finger TOWARDS her.

I ASKED her IF you UNDERSTOOD SPANISH or
what they were saying AND She replied - NO.

I ASKED what WAS the problem or the issue,
SHE STATED THAT JAVIER WAS LOOKING AT her.

I ASKED why is that A problem.
SHE STATED THAT SHE JUST WANTED TO TELL ME
AND WALKED OUT OF THE OFFICE.

FRANK LAWSON    2/10/06

DAVID GOVORKO

2/10/06

Jimmy Gomez                              1/9/06

FL- What is this about

Jimmy Gomez- Joleen it's about - Tanisia Benjamin

FL- Tanisia states somebody touched her inappropriately
JG- NOT TRUE. DID NOT WITNESS ANY ACTION

FL- Did you witness any inappropriate behavior towards
     Tanisia
JG- Never

FL- Did you ever hear any other employees talk
     about inappropriate behavior towards Tanisia
JG- No

FL- Why would she make these allegations
JG- He thinks she makes these statements to get money from
     Lawson Ruffey.

FL- How is your working relationship with Tanisia
JG- Working relationship but doesn't listen to her.
     Frustrating experience. Jimmy told me that she
     was doing unsafe actions I told her to stop.

FL- Have you witnessed any inappropriate behavior towards
     Tanisia by any Lawson Ruffey employees?
JG- No.
Summary - No knowledge of any of the allegations.
      Jimmy Gomez.        Steve Tucker/Steve Tucker / Frank Lawson

1/9/06 - Meeting

FRANK LAWSON J. -

Steve Tucker

RICHARD J. LAWSON

WAYNE PEGGLIA
MARIO FLORES

Lazaro Rauda

Jose Renderon aviles
RICHARD G SAMUELSON        Richard N. Samuelson
Jimmy Gomez
DAN SIRI                   Dan B. Siri

Josel Padilla

1/10/06 - Meeting
ZEFERINO   MUÑIZ        Muñiz   Zeferino

1/10/06 - Meeting
TANICIA BENJAMIN

Richard Samuelson                    1/9/06  - 4:30

- Tancin always went downstairs at lunch

- asked Rick the question did he ever see
  any inappropriate behavior.

RS- NONE SEEN. Rick reported that on a Cabell
job at 145 Taylor the contractor pulled up Tancin's
leg pant to see if she was wearing boots. She
reported this to Wayne and Wayne talked to Cabell
about this.

Who did she work with on the job - Various people
mostly by Rick's direction

RS- He has a positive relationship with Tancin. She
gets no favorable treatment. She complained about
other workers stating not working fast enough but
the same treatment would have been given to any employee the same
treatment. Rick stated he wouldn't have stood
for any inappropriate behavior by any of his crew towards
any employee.

Summary - No information to any of the allegations whether
  true or false

Richard G. Samuelson  Steve Tucker

RICHARD SAMUELSON      STEVE TUCKER       FRANK LAWSON Jr

**Betty Bortin**
**Attorney At Law**
345 Grove Street
San Francisco, CA 94102
Tele (415) 554-0540
Fax (415) 554-0530

September 7, 2007

Tanicia Benjamin
3023 Albany Avenue Apt. 104
Davis, CA 95616

Dear Ms. Benjamin:

Along with this letter you will find a copy of statements from Richard Samuelson and other co-workers. Please read this over and then we can talk about the statements contained within. This report was sent by their attorney to your panel QME doctor to see if he will change his mind about you.

Also enclosed is the letter to Dr. Chen trying to get him to change his mind. If you have anything you want me to add or ask of Dr. Chen, please let me know as soon as possible.

Very truly yours,

Betty Bortin





June 25, 2007

**CNA**
405 Howard Street, 6th Floor
San Francisco, CA 94105

| RE: SIU: | KEN PICARD |
|---|---|
| ADJ: | LISA COLLEY |
| CLAIM NO: | E2223195 |
| CLAIMANT: | TANICIA BENJAMIN |
| INSURED: | LAWSON ROOFING COMPANY, INC |
| DATE OF LOSS: | OCTOBER 7, 2005 |
| LOSS: | BACK |
| HUB CASE: | CA0706020 |
| INVESTIGATOR: | ADELITA VALLEJO |
| DATE ASSIGNED: | JUNE 1, 2007 |

## NATURE OF ASSIGNMENT:

**CNA** requested HUB Enterprises secure a recorded statement from Richard Samuelson and other co-workers.

Dear Mr. Picard,

We acknowledge and thank you for your assignment. This will serve as our final report regarding the above-captioned claim referred to this office for investigation on June 1, 2007.

## ASSIGNMENT SUMMARY:

The claimant is a then-37-year-old, female, Apprentice Roofer who alleges pain in upper and lower back/bilateral, upper extremities when a rope she was pulling on a rooftop broke and she fell on her back.

**Red Flag Indicators:**

▫ Injury was un-witnessed.

▪ Claimant delayed notice for six months

▫ Subjective complaints outweigh the objective findings of pre-existing scoliosis

▪ Claimant filed WCAB application one year post-injury

SIU conducted a claims index search and found no additional claims.

I was assigned to interview employer witness Richard Samuelson, to whom the claimant reported the injury, and any other employees who may have relevant information.

The following witnesses were interviewed:

▪ Frank Lawson Jr., President

▪ Richard Gregory Samuelson, Foreman

▫ Wayne Michael Regalia, Field Superintendent

▪ Steve Tucker, Business Agent, Union Local 40

Immediately following is a detailed summary of their statements.

The rest of the report reflects their full statements.

## INVESTIGATION SUMMARY:

### Frank Lawson Jr., President, states:

- During an examination to fit a respirator in February 2006, the claimant denied a history of back injury but admitted to "arm weakness" and "back pain."

- She never reported a work-related injury. Lawson learned about the workers' compensation claim from CNA on April 23, 2006, a month after she resigned.

- On the alleged date of injury she told Roofing Superintendent Rick Samuelson that a rope she was pulling on a roof broke and she fell down. She declined medical treatment, saying she was "scared but not hurt."

- She worked normally to January 2006, when she complained that Foreman Zeferino Muñoz had exposed himself to her two months earlier.

- The employer's investigation revealed that Muñoz had exposed himself because the claimant asked him to do it.

- All parties were reprimanded and sent to sexual harassment counseling, and Muñoz was fired, which upset the claimant, who was attracted to him.

- She was also reprimanded for not immediately reporting the incident, and because she incited Muñoz to expose himself.

- She voluntarily transferred to the Coating Department, from which she resigned on March 28, 2006, due to not enough hours.

- She then filed a "discrimination" suit with the Department of Labor. Her transfer to the Costing Department was voluntary but she claimed it was "retaliation" for reporting the "sexual harassment" incident. She claimed the transfer resulted in a reduced work schedule although she knew it was the slow season for everyone.

- Lawson later learned she filed a similar suit against her previous employer.

- Also, in March, before she resigned, she was reprimand for attendance problems. She was angry and refused to sign the written reprimand.

### Richard Gregory Samuelson, Foreman, states:

- On the alleged date of injury he was on a roof with the claimant but she was out of his view.

- At mid-day she said a rope she was pulling broke and she fell backwards.

- He asked if she was all right and she said yes, it "just scared" her.

- He examined the broken rope, which he does not feel was defective, but broke due to rubbing on the scaffolding.

- They worked together two more weeks and the claimant never complained of, or exhibited, any signs of pain or discomfort of any kind.

- She later called him a "liar," claiming she told him on the date of injury that she was hurt. She filed a union grievance but abruptly left the union meeting.

## Wayne Michael Regalia, Field Superintendent, states:

- He has no direct knowledge about the claimant's alleged injury.

- He had regular contact with her and she never indicated or appeared to have any medical problem.

- He feels she has a financial motive and is pursuing this claim in retaliation for the outcome of her sexual harassment complaint and voluntary transfer to the Coating Department.

## Steve Tucker, Business Agent, Union Local Union 40, states:

- He had contact with the claimant due to her sexual harassment complaint, and she never mentioned a work-related injury until after the workers' compensation claim was denied and she asked the union to represent her, but it was too late.

- He feels she filed the workers' compensation claim because she is disgruntled that she did not receive financial compensation for the sexual harassment claim. She complained that the employee who exposed himself was fired and other people were not fired.

## INVESTIGATION REPORT:

Employer witnesses provided the following claimant information.

## IDENTIFICATION

| | |
|---|---|
| Name: | Benjamin, Tanicia Latonya |
| AKA: | not known |
| Race/Gender: | African-American female |
| Date/Birthplace/Status: | May 28, 1968 |
| Height/Weight: | 6'/228 lbs |
| Hair/Eye Color: | black & blond, streaked & braided; brown eyes |
| Dominant Hand: | not known |
| Social Security No.: | xxxx |
| Driver's License No.: | A8116776 (expiration date not known)* |
| Address: | 8 Bel Aire Way, San Rafael, California 94901** |
| Telephone No.: | 415/584-3138 |

## Additional Claimant Description

The claimant always wears "flashy" sunglasses.

*At hire, the claimant denied she had a driver's license. The employer did a DMV check
and learned she did have one. It is not known why she denied having one.

**This is the claimant's former address. She has since moved to Sacramento, address
not known.

## Vehicle

Not known; the claimant rode a bike to work.

## PERSONAL HISTORY

### Marital/Children

The claimant has a daughter, approximately age 10.

### Litigation/Bankruptcy/Wage Attachments/Insurance Claims/Settlements

Not known

### Auto-Accident Insurance Claims

A 2005 DMV report was negative.

### Previous Workers' Compensation Claims

Not known

### Arrest History

2001: The claimant has admitted she was arrested for Petty Theft.

### Hobbies/Athletic/Recreational Activities

Not known

### Education

1982-84: Attended Menlo Atherton High School, Menlo Park but did not graduate

### Military Service

No

BENJAMIN, Tanicia

**Overtime**

$56.88

**Average Weekly Wage: $815.28**

**OTHER INCOME**

Not known

**CONCURRENT EMPLOYMENT**

Not known

**SUBSEQUENT EMPLOYMENT**

Not known

**LOST TIME/TOTAL TEMPORARY DISABILITY**

Not known

**ISSUES:**

**AOE-COE**

- The claimant alleges pain in upper and lower back and bilateral upper extremities since the alleged date of injury but she never reported the injury until after she resigned six months later.

BENJAMIN, Tanicia

June 25, 2007
Page 13 of 26

- There were no witnesses.

- She was disgruntled after she complained of sexual harassment and was discovered to have instigated it herself.

- She was angry about a March 2006 written reprimand for attendance problems.

- Subjective complaints outweigh the objective findings of pre-existing scoliosis.

- The claim was denied and she filed an application with WCAB over one year since the denial date.

**Late Notice**

- The claimant did not indicate she was injured until six months later.

**NOTICE**

On April 4, 2006, the insured learned of the claim via written notice from CNA.

**MEDICAL TREATMENT**

Not known

**MEDICAL HISTORY**

**Previous Same Injury/Symptoms**

In February 2006, the claimant was routinely examined to fit a respirator at Bay Medical Center (2 Connecticut Street San Francisco, California 94107). On the questionnaire, she denied a history of back injury but admitted to "arm weakness" and "back pain."

**Work-Related Injuries**

Not known

**Auto/Motorcycle Accident-Related Injuries**

Not known

**Major Illness or Injury/Surgery/Hospitalization**

Not known -

**Family Medical History**

Not known

**Smoke/Drink/Illegal Drugs**

Not known; pre-employment drug test was negative.

**Personal Physician/Health Care Provider**

Not known; the claimant could have chosen Kaiser or Blue Cross via Roofers Local 40 Health Plan.

**DATE/TIME/PLACE OF INJURY**

Friday, October 7, 2005, 12:01pm, 261 Berry Street, San Francisco, California 94107

## WITNESS STATEMENTS

### (1) Frank Lawson Jr., President

Address: 2495 Tennessee Street, San Francisco, California 94107

Telephone No.: 415/285-1661

Frank Lawson was interviewed at the insured location June 11, 2007. He consented to a recorded statement.

## WITNESS EVALUATION

Frank Lawson is a below-average witness. He is cooperative and articulate but controlling. He is repetitive and exhibits somewhat inconsistent recall.

### He states the following.

He has no direct knowledge about the claimant's alleged injury. She never reported any injury to the insured.

On October 7, 2005, Superintendent Rick Samuelson notified Superintendent Wayne Regalia about an incident that day. Regalia wrote a report that Lawson read the same day. It said the claimant was on a roof pulling a rope that broke and she fell down. It did not mention any injured body part.

The claimant was working with other employees but did not name any witnesses.

She declined a medical referral or rest, saying she was "scared but not hurt."

She continued working uneventfully to January 2006, when she filed a sexual harassment claim against Foreman Zeferino Muñoz, alleging he had exposed himself to her two months earlier.

She said she filed the complaint two months after the incident because she was now working with a different crew and the new foreman, Raul Prado, told her to do her job in such a manner that she would "not be treated like she was by Zeferino Muñoz."

The claimant said the new crew knew about the incident but she was only now reporting it because Prado said she would "not get away" with showing up late for work like Munoz had let her do.

The claimant "took offense." She told Superintendent Dan Ceri that Prado was yelling at her. Then, she incidentally mentioned that Muñoz had exposed himself two months earlier.

She also alleged that "someone" had touched her inappropriately, which was later proven to be unfounded.

Ceri asked to write an incident report and to name any witnesses.

The investigation included Union Business Agent Steve Tucker and several Spanish translators.

The insured conducted an investigation and learned it was true that Muñoz had exposed himself to her. He admitted doing it but said the claimant had asked him to do it.

BENJAMIN, Tanicia                                                    June 25, 2007
                                                                    Page 17 of 26

The insured interviewed all the crewmembers and found three eyewitnesses who confirmed the incident was by "mutual consent."

During the investigation the claimant admitted she was romantically interested in Muñoz. She said she talked sexually to him and asked him to expose himself.

All parties were reprimanded and sent to sexual harassment counseling, and Muñoz was fired.

The claimant also was reprimanded for not immediately reporting the incident and because her behavior incited and encouraged Muñoz.

The claimant was upset and cried because Muñoz was fired.

The employer offered her a transfer to the Coating Department and she accepted.

Her assignment in the Roofing Department had included 80-to-90 employees. The Coating Department across the street has only 10 or 12 employees.

After her transfer her duties became coating and water proofing, but no roofing.

She worked in the Coating Department to March 28, 2006, when she resigned because she was not getting enough hours.

Subsequently, she filed a suit with the Department of Labor, alleging discrimination. It is not known if the suit involves racial or gender discrimination.

Although her transfer was voluntary so she could get away from the crew where the "exposure" incident occurred, she claimed the transfer was retaliation for reporting the incident after the Coating Department could not give her as many hours as the Roofing Department.

However, it was mid-January, during the rainy season when all departments are low on work. She had worked for the company for two years and knew the slow season is January through March.

Lawson believes the claimant "fell back" on Affirmative Action because she had been hired to meet the City's request for minority females. Her first job ended after three months but they kept her on for two more years so it would not appear they hired her only to meet a quota.

Lawson later learned she filed a similar suit against her previous employer, Western Roofing (San Francisco). It is not known who prevailed. Union Business Agent Steve Tucker might know.

Also in March 2007, before the claimant resigned, the employer had to reprimand her for "no show," and because she was leaving excuses for being late or absent on Superintendent Rick Nelson's cell telephone, which is against policy. She knew she should leave the messages on the company switchboard.

Her excuses included lost car keys, or her daughter locked the keys in the car trunk—although she rode a bike to work.

She would leave messages saying she would be late, but would not show up.

She would say she was en route to work, then, not show up.

On March 10, 11 and 12, 2006, she was reprimanded for attendance problems but she was angry and refused to sign the written reprimand.

She complained that she was not working. This was her biggest "beef" at the end, although she knew the smaller Coating Department had less work and they had told her if they had the work they would give it to her.

When she took the voluntary transfer to the Coating Department there was initially no work and they assigned her to the Warehouse for a week. This was her choice. She could have stayed with the Roofing crew.

Lawson learned about the Department of Labor complaint on February 21, 2006, before the claimant resigned. He never discussed it with her. The complaint is ongoing.

The claimant quit on March 28, 2006. On April 14, 2007 she filed a claim for Unemployment Insurance Benefits, after receiving State Disability Insurance Benefits, where she said her last day worked was March 27, 2006.

On April 17, 2007, the insured signed the Disability Insurance Benefits claim forms.

Alternatively, Lawson is "not sure" the claimant ever received Disability Insurance Benefits, but she did not file the Unemployment Insurance Benefits claim until April 15, 2007.

On April 23, 2006, the insured learned of the claimant's workers' compensation claim from CNA, via copy of an acknowledgement letter of claim filed for date of loss October 7, 2005.

The insured learned that on February 13, 2006, the claimant had a required medical examination at Bay Medical Center, San Francisco, California, in order to fit a respirator. On the questionnaire, the claimant denies a history of back injury but admits to "arm weakness" and "back pain."

Bay Medical Center discharged her from treatment effective April 5, 2006.

Subsequently, the workers' compensation claim was denied but she is appealing the denial.

The claimant was not a "model" employee. She "sees financial opportunity." In April 2007, she came in for her W4 for the previous year. Lawson feels the real reason she came in was to "scope out" what as going on, since her W-4 had already been mailed.

## (2) Richard Gregory Samuelson, Foreman
Address: 611 Juanita Avenue, Millbrae, California 94030
Telephone No.: 650/589-3455; after 5pm

Richard Samuelson was interviewed at the insured location June 11, 2007. He consented to a recorded statement.

## WITNESS EVALUATION

Richard Samuelson is a fairly good witness. He is pleasant, cooperative and exhibits fairly good recall.

### He states the following.

He is a 20-year employee. He met the claimant at work and was her Foreman on two jobs lasting three weeks and one month, respectively, including the alleged date of injury.

Her job was to deliver hot asphalt by pulling a rope that disperses it into a wheeled, 35-gallon tank. He was on a six-story roof with her that day but she was out of his view, about 100 feet away.

Around mid-day she said she was pulling the rope; it broke and she fell. She gave no details about how she fell.

Alternatively, Samuelson states the claimant said she fell backwards.

He asked if she was all right, and she said yes, it "just scared" her.

He did not offer a medical referral because she said she was all right.

He told her to fill out an incident report, which she did, but he does not know when.

He examined the broken rope. It was new probably three weeks earlier. He does not think it was defective. He thinks it broke due to wear-out from rubbing on the

scaffolding, which accumulates dried cement. It does not happen often but he has seen it. Sometimes the rope comes off the hook but the rope itself does not usually break. Also, the rope loses strength on higher rooftops like that one, due to more tension.

The claimant did not say if there were any witnesses. There were five or six other workers present. Samuelson does not know who was closest to the claimant but he later questioned them and no one saw the incident. Samuelson can't identify any of the employees and does not know who else was in the vicinity.

The claimant worked normally through the rest of job, another one or two weeks. Then, she went to a different crew and never worked for him again. She would ask him if she could, but he did not have enough work for her. He saw her casually and she never mentioned or exhibited any pain or discomfort of any kind.

She never discussed her medical history. She is physically strong and did the work properly. She was on time for that job. He does not know if she had attendance problem at the other job.

Samuelson thinks it got slow in the Roofing Department and she went across the street to the Water Proofing Department.

Alternatively, Samuelson "thinks" the claimant had a punctuality problem because she lives across the Bay and had been warned a few times"

He has no knowledge of a sexual harassment incident.

The claimant never discussed her outside activities.

BENJAMIN, Tanicia .    June 25, 2007
Page-23 of 26

Her vehicle is not known. She always rode a bike to work.

It disturbs him that the claimant did not mention any injury at any time. He does not known why she is now alleging she got hurt that day.

Samuelson learned she later called him a liar to Frank Lawson, alleging that she told him on the date of injury that she was hurt. He definitely recalls that she said she was all right. Otherwise, he would have sent her to the Shop to see the medical treatment center.

She filed a Union grievance one year ago, accusing Samuelson of lying, but she was no-show for the union the meeting.

Alternatively, Samuelson states she did show up for the meeting but immediately turned around and left, saying she had "a problem" with her daughter.

Still alternatively, he states she sat down "for two seconds," then, said her daughter was "having problems with people," and she had to leave. She came in with Union Representative Steve Tucker, who could not explain why she left.

**(3) Wayne Michael Regalia, Field Superintendent**
Address: 2013 Brewster Avenue, Redwood City, California 94062
Telephone No.: 415/285-1661

Wayne Regalia was interviewed at the insured location June 11, 2007. He consented to a recorded statement.

## WITNESS EVALUATION

Wayne Regalia is an average witness. He is cooperative but has no relevant information about the claimant. He was interviewed at President Frank Lawson's request.

**He states the following.**

He is a 24-year employee. He met the claimant at work. They had regular contact when she worked for the commercial site before she transfer across the street.

He has no direct knowledge about the claimant's alleged injury and never discussed it with her. Forman Rick Samuelson notified him two days later although he should have reported it the same day.

Regalia continued to have occasional contact with the claimant, who never indicated or appeared to have any medical problem. She looked very healthy. If she did have a medical problem it would have been appropriate for her to notify him.

He was not involved in the investigation of the injury or investigation of her claim of sexual harassment.

He feels the claimant is pursuing this claim in retaliation for the outcome of her sexual harassment complaint and subsequent, voluntary transfer to the Coating Department. He thinks she has a financial motive although he does not known if she has financial problems.

**(4) Steve Tucker, Business Agent, Roofer's & Waterproofers Local Union 40**

BENJAMIN, Tanicia

June 25, 2007
Page 25 of 26

Address: San Francisco (150 Executive Park Blvd., Suite 3625, San Francisco, CA 94134-3309

Telephone No.: 415/508-0261

Steve Tucker was interviewed by telephone on June 22, 2006. He declined a recorded statement.

## WITNESS EVALUATION

Steve Tucker is an average witness. He is somewhat nervous and wary due to his union position but is still cooperative. He exhibits average recall.

### He states the following.

He has had no contact with the claimant in over one year and does not believe she works in the trade any longer.

Although he had contact with her related to her sexual harassment complaint, she never indicated any work-related injury until after her workers' compensation claim was denied and she asked to be represented by the union but it was too late and time had run out.

At that time she said she was getting Disability Insurance Benefits and included hands or wrists among other complaints that he does not recall.

He has no knowledge about the claimant filing a discrimination suit against a previous employer.

He feels she filed the workers' compensation claim because she is disgruntled that she did not receive financial compensation for the sexual harassment claim. She also complained that the employee who exposed himself was fired and other people were not fired.

Although he was supposed to represent her, Tucker feels the claimant has a "vendetta" to get money after her sexual harassment complaint was denied.

## OTHER WITNESSES

None

## CONCLUSION:

All Investigative activity on this file has been discontinued, pending further instructions from the Client.

Should you have any questions, or wish to further discuss this matter, please feel free to call me. We appreciate this opportunity to be of service to you.

Tani Rawlings
Client Relations

Heather Laviolette
Claims Manager

TR/HL: hl

EMPLOYMENT DEVELOPMENT DEPT
SAN BERNARDINO PAC
PO BOX 641
SAN BERNARDINO   CA 92402-0641


EDD
Employment
Development
Department
State of California

N O T I C E   O F   D E T E R M I N A T I O N

DATE MAILED        05/14/07
BENEFIT YEAR BEGAN 04/15/07

T L BENJAMIN                  0410
3023 ALBANY AVE APT 104
DAVIS           CA 95616

EDD TELEPHONE NUMBERS:
ENGLISH        1-800-300-5616
SPANISH        1-800-326-8937
CANTONESE      1-800-547-3506
MANDARIN       1-866-303-0706 ⁻
VIETNAMESE     1-800-547-2058
TTY            1-800-815-9387


SSA NUMBER     570 17 0764


YOU ARE NOT ELIGIBLE TO RECEIVE BENEFITS UNDER CALIFORNIA UNEMPLOYMENT
INSURANCE CODE SECTION 1256 BEGINNING 03/26/06 AND CONTINUING UNTIL YOU
RETURN TO WORK AFTER THE DISQUALIFYING ACT AND EARN $ 800.00 OR MORE IN
BONA FIDE EMPLOYMENT, AND YOU CONTACT THE ABOVE OFFICE TO REOPEN YOUR
CLAIM.

YOU QUIT YOUR LAST JOB WITH LAWSON ROOFING CO INC . YOU HAVE NOT SHOWN
THAT THE QUIT WAS NECESSARY OR THAT YOU HAD EXPLORED ALL REASONABLE OPTIONS
BEFORE QUITTING. AFTER CONSIDERING AVAILABLE INFORMATION, THE DEPARTMENT
FINDS THAT YOU DO NOT MEET THE LEGAL REQUIREMENTS FOR PAYMENT OF BENEFITS.
SECTION 1256 PROVIDES - AN INDIVIDUAL IS DISQUALIFIED IF THE DEPARTMENT
FINDS HE VOLUNTARILY QUIT HIS MOST RECENT WORK WITHOUT GOOD CAUSE OR WAS
DISCHARGED FOR MISCONDUCT FROM HIS MOST RECENT WORK.  SECTION 1260A
PROVIDES - AN INDIVIDUAL DISQUALIFIED UNDER SECTION 1256 IS DISQUALIFIED
UNTIL HE/SHE, SUBSEQUENT TO THE DISQUALIFYING ACT, PERFORMS SERVICES IN
BONA FIDE EMPLOYMENT FOR WHICH HE/SHE RECEIVES REMUNERATION EQUAL TO OR IN
EXCESS OF FIVE TIMES HIS OR HER WEEKLY BENEFIT AMOUNT.

APPEAL: =

YOU HAVE THE RIGHT TO FILE AN APPEAL IF YOU DO NOT AGREE WITH ALL OR PART
OF THIS DECISION.

TO APPEAL, YOU MUST DO ALL OF THE FOLLOWING:

A. COMPLETE THE ENCLOSED APPEAL FORM (DE1000M) OR WRITE A LETTER STATING
THAT YOU WANT TO APPEAL THIS DECISION.  IF YOU WRITE A LETTER TO APPEAL,
EXPLAIN THE REASON WHY YOU DO NOT AGREE WITH THE DEPARTMENT'S DECISION.
WRITE YOUR SOCIAL SECURITY NUMBER ON EACH DOCUMENT YOU SUBMIT TO THE
DEPARTMENT.  (TITLE 22, CALIFORNIA CODE OF REGULATIONS (CCR), SECTION
5008).

**EDD**
Employment
Development
Department
State of California

B. MAIL THE DE1000M OR YOUR LETTER TO THE ADDRESS OF THE OFFICE LISTED ON THE FIRST PAGE OF THIS DECISION.

C.   FILE YOUR APPEAL WITHIN TWENTY (20) DAYS OF THE MAIL DATE OF THIS NOTICE OR NO LATER THAN 06/04/07.

YOUR HANDBOOK, "A GUIDE TO BENEFITS AND EMPLOYMENT SERVICES", GIVES MORE INFORMATION ABOUT APPEALS. IF YOU DO NOT HAVE A HANDBOOK, CONTACT THE OFFICE LISTED ON THE FIRST PAGE OF THIS NOTICE.

APPEAL INFORMATION:

WHEN YOUR APPEAL IS RECEIVED, YOUR CASE WILL BE REVIEWED. IF THE DECISION REMAINS THE SAME, WE WILL SEND YOUR APPEAL TO THE OFFICE OF APPEALS. IF YOU APPEAL AFTER THE 20 DAYS, YOU MUST INCLUDE THE REASON FOR THE DELAY. THE ADMINISTRATIVE LAW JUDGE WILL DETERMINE WHETHER YOU HAD GOOD CAUSE FOR THE DELAY.   IF THE ADMINISTRATIVE LAW JUDGE DETERMINES YOU DID NOT HAVE GOOD CAUSE FOR SUBMITTING YOUR APPEAL LATE, YOUR APPEAL WILL BE DISMISSED.

THE_OFFICE OF APPEALS WILL SEND YOU A LETTER WITH THE DATE, PLACE, AND TIME OF YOUR HEARING AND A PAMPHLET EXPLAINING APPEAL HEARING PROCEDURES.   AT THE HEARING, THE ADMINISTRATIVE LAW JUDGE WILL LISTEN TO YOU, EXAMINE THE FACTS, AND MAKE A DECISION. YOU MAY HAVE A REPRESENTATIVE OR SOMEONE ELSE HELP YOU.

IF YOU ARE CLAIMING CONTINUING BENEFITS:

WHILE YOU WAIT FOR THE ADMINISTRATIVE LAW JUDGE'S DECISION, YOU MUST CONTINUE TO MAIL YOUR CLAIM FORMS TO THE EDD. IF YOU DO NOT RECEIVE CLAIM FORMS OR A FORM FROM THE OFFICE OF APPEALS, CONTACT THE OFFICE LISTED ON THE FIRST PAGE OF THIS NOTICE. IF THE ADMINISTRATIVE LAW JUDGE DECIDES YOU ARE ELIGIBLE FOR BENEFITS; WE CAN ONLY PAY BENEFITS IF CLAIM FORMS WERE RECEIVED FOR THAT WEEK.

OTHER SERVICES:  CONTACT EDD FOR INFORMATION ABOUT (1) JOB REFERRALS, (2) DISABILITY INSURANCE, (3) OTHER EDD SERVICES (4) SERVICES OFFERED BY OTHER AGENCIES.

DE1080 CZ  REV. 1 (06-05)                    (DTA)

CALIFORNIA UNEMPLOYMENT
INSURANCE APPEALS BOARD

## NOTICE TO PARTIES

### Board Appeal

If the enclosed decision is unfavorable, you may appeal it to the California Unemployment Insurance Appeals Board. The board generally will decide the case based on the record of the hearing before the administrative law judge, without a new hearing.

Send your board appeal in writing. You **must** include your name and address, the name and social security number of any claimant who is a party, and your account number if you are an employer. If a representative files your board appeal, it must include the representative's name and address. You **may** include other information such as your telephone and fax numbers, your e-mail address, the case number of the administrative law judge's decision, and a brief statement of your reasons.

Sending a timely board appeal is the only requirement to obtain a board review and decision in your case. You may also request a copy of the record, submit written argument, or apply to submit more evidence. If you do so, it may take more time to process your case. We will send you information about these additional procedures upon request or if a board appeal is filed.

### New Hearing Request

If the enclosed decision is unfavorable, **and you did not appear in a hearing, or you withdrew your appeal**, you may request a new hearing and decision in your case. You **must** make your request, and specify your reasons, in writing. If warranted by your request, a hearing will be scheduled before an administrative law judge who will decide whether there is good cause to grant your request.

### Deadline and Address

You **must** send your board appeal or new hearing request **within 20 calendar days** after the enclosed decision was sent to you. Send it to:

CUIAB – Sacramento Office of Appeals
2400 Venture Oaks Way, Ste. 100
Sacramento, CA 95833
Phone: (916) 263-6706 Fax: (916) 263-6765

If you miss the deadline, you **must** include the reasons for your delay. A late board appeal or new hearing request will be dismissed or denied unless good cause is found for the delay.

### Claim Forms

If you are the claimant and you are still unemployed or disabled, you **must** file claim forms while your case is pending as required by EDD. If you do not have claim forms, contact EDD.

### Governing Procedure

This notice gives general information. The governing procedure is in the rules of the California Unemployment Insurance Appeals Board, Title 22, California Code of Regulations, Sections 5000-5200, available on the Internet at http://ccr.oal.ca.gov, or from the Office of Appeals without charge.

-Versión en español en el dorso-

 CU

EMPLOYMENT DEVELOPMENT DEPT
SAN BERNARDINO PAC
PO BOX 641
SAN BERNARDINO  CA 92402-0641


Employment
Development
Department
State of California

# N O T I C E   O F   D E T E R M I N A T I O N

DATE MAILED        05/14/07
BENEFIT YEAR BEGAN 04/15/07

IlhIadddIandlhddIaadIIdIddaaddIdIaaallI
T L BENJAMIN                  0410
3023 ALBANY AVE APT 104
DAVIS          CA 95616

| EDD TELEPHONE NUMBERS: | |
| --- | --- |
| ENGLISH | 1-800-300-5616 |
| SPANISH | 1-800-326-8937 |
| CANTONESE | 1-800-547-3506 |
| MANDARIN | 1-866-303-0706 |
| VIETNAMESE | 1-800-547-2058 |
| TTY | 1-800-815-9387 |

SSA NUMBER        570 17 0764

YOU ARE NOT ELIGIBLE TO RECEIVE BENEFITS UNDER CALIFORNIA UNEMPLOYMENT
INSURANCE CODE SECTION 1256 BEGINNING 03/26/06 AND CONTINUING UNTIL YOU
RETURN TO WORK AFTER THE DISQUALIFYING ACT AND EARN $ 800.00 OR MORE IN
BONA FIDE EMPLOYMENT, AND YOU CONTACT THE ABOVE OFFICE TO REOPEN YOUR
CLAIM.

YOU QUIT YOUR LAST JOB WITH LAWSON ROOFING CO INC .  YOU HAVE NOT SHOWN
THAT THE QUIT WAS NECESSARY OR THAT YOU HAD EXPLORED ALL REASONABLE OPTIONS
BEFORE QUITTING.  AFTER CONSIDERING AVAILABLE INFORMATION,  THE DEPARTMENT
FINDS THAT YOU DO NOT MEET THE LEGAL REQUIREMENTS FOR PAYMENT OF BENEFITS.
SECTION 1256 PROVIDES - AN INDIVIDUAL IS DISQUALIFIED IF THE DEPARTMENT
FINDS HE VOLUNTARILY QUIT HIS MOST RECENT WORK WITHOUT GOOD CAUSE OR WAS
DISCHARGED FOR MISCONDUCT FROM HIS MOST RECENT WORK.  SECTION 1260A
PROVIDES - AN INDIVIDUAL DISQUALIFIED UNDER SECTION 1256 IS DISQUALIFIED
UNTIL HE/SHE, SUBSEQUENT TO THE DISQUALIFYING ACT, PERFORMS SERVICES IN
BONA FIDE EMPLOYMENT FOR WHICH HE/SHE RECEIVES REMUNERATION EQUAL TO OR IN
EXCESS OF FIVE TIMES HIS OR HER WEEKLY BENEFIT AMOUNT.

APPEAL:

YOU HAVE THE RIGHT TO FILE AN APPEAL IF YOU DO NOT AGREE WITH ALL OR PART
OF THIS DECISION.

TO APPEAL, YOU MUST DO ALL OF THE FOLLOWING:

A. COMPLETE THE ENCLOSED APPEAL FORM (DE1000M) OR WRITE A LETTER STATING
THAT YOU WANT TO APPEAL THIS DECISION.  IF YOU WRITE A LETTER TO APPEAL,
EXPLAIN THE REASON WHY YOU DO NOT AGREE WITH THE DEPARTMENT'S DECISION.
WRITE YOUR SOCIAL SECURITY NUMBER ON EACH DOCUMENT YOU SUBMIT TO THE
DEPARTMENT.  (TITLE 22, CALIFORNIA CODE OF REGULATIONS (CCR), SECTION
5008).

**EDD**
Employment
Development
Department
State of California

B. MAIL THE DE1000M OR YOUR LETTER TO THE ADDRESS OF THE OFFICE LISTED ON
THE FIRST PAGE OF THIS DECISION.

C.  FILE YOUR APPEAL WITHIN TWENTY (20) DAYS OF THE MAIL DATE OF THIS
NOTICE OR NO LATER THAN 06/04/07.

YOUR HANDBOOK, "A GUIDE TO BENEFITS AND EMPLOYMENT SERVICES", GIVES MORE
INFORMATION ABOUT APPEALS. IF YOU DO NOT HAVE A HANDBOOK, CONTACT THE
OFFICE LISTED ON THE FIRST PAGE OF THIS NOTICE.

APPEAL INFORMATION:

WHEN YOUR APPEAL IS RECEIVED, YOUR CASE WILL BE REVIEWED. IF THE DECISION
REMAINS THE SAME, WE WILL SEND YOUR APPEAL TO THE OFFICE OF APPEALS. IF YOU
APPEAL AFTER THE 20 DAYS, YOU MUST INCLUDE THE REASON FOR THE DELAY. THE
ADMINISTRATIVE LAW JUDGE WILL DETERMINE WHETHER YOU HAD GOOD CAUSE FOR THE
DELAY.  IF THE ADMINISTRATIVE LAW JUDGE DETERMINES YOU DID NOT HAVE GOOD
CAUSE FOR SUBMITTING YOUR APPEAL LATE, YOUR APPEAL WILL BE DISMISSED.

THE OFFICE OF APPEALS WILL SEND YOU A LETTER WITH THE DATE, PLACE, AND TIME
OF YOUR HEARING AND A PAMPHLET EXPLAINING APPEAL HEARING PROCEDURES.  AT
THE HEARING, THE ADMINISTRATIVE LAW JUDGE WILL LISTEN TO YOU, EXAMINE THE
FACTS, AND MAKE A DECISION. YOU MAY HAVE A REPRESENTATIVE OR SOMEONE ELSE
HELP YOU.

IF YOU ARE CLAIMING CONTINUING BENEFITS:

WHILE YOU WAIT FOR THE ADMINISTRATIVE LAW JUDGE'S DECISION, YOU MUST
CONTINUE TO MAIL YOUR CLAIM FORMS TO THE EDD. IF YOU DO NOT RECEIVE CLAIM
FORMS OR A FORM FROM THE OFFICE OF APPEALS, CONTACT THE OFFICE LISTED ON
THE FIRST PAGE OF THIS NOTICE. IF THE ADMINISTRATIVE LAW JUDGE DECIDES YOU
ARE ELIGIBLE FOR BENEFITS; WE CAN ONLY PAY BENEFITS IF CLAIM FORMS WERE
RECEIVED FOR THAT WEEK.

OTHER SERVICES:  CONTACT EDD FOR INFORMATION ABOUT (1) JOB REFERRALS,
(2) DISABILITY INSURANCE, (3) OTHER EDD SERVICES (4) SERVICES OFFERED BY
OTHER AGENCIES.

DE1080 CZ  REV. 1 (06-05)                    (DTA)

## NOTICE TO PARTIES

### Board Appeal

If the enclosed decision is unfavorable, you may appeal it to the California Unemployment Insurance Appeals Board. The board generally will decide the case based on the record of the hearing before the administrative law judge, without a new hearing.

Send your board appeal in writing. You **must** include your name and address, the name and social security number of any claimant who is a party, and your account number if you are an employer. If a representative files your board appeal, it must include the representative's name and address. You **may** include other information such as your telephone and fax numbers, your e-mail address, the case number of the administrative law judge's decision, and a brief statement of your reasons.

Sending a timely board appeal is the only requirement to obtain a board review and decision in your case. You may also request a copy of the record, submit written argument, or apply to submit more evidence. If you do so, it may take more time to process your case. We will send you information about these additional procedures upon request or if a board appeal is filed.

### New Hearing Request

If the enclosed decision is unfavorable, **and you did not appear in a hearing, or you withdrew your appeal**, you may request a new hearing and decision in your case. You **must** make your request, and specify your reasons, in writing. If warranted by your request, a hearing will be scheduled before an administrative law judge who will decide whether there is good cause to grant your request.

### Deadline and Address

You **must** send your board appeal or new hearing request **within 20 calendar days** after the enclosed decision was sent to you. Send it to:

> CUIAB – Sacramento Office of Appeals
> 2400 Venture Oaks Way, Ste. 100
> Sacramento, CA  95833
> Phone: (916) 263-6706  Fax: (916) 263-6765

If you miss the deadline, you **must** include the reasons for your delay. A late board appeal or new hearing request will be dismissed or denied unless good cause is found for the delay.

### Claim Forms

If you are the claimant and you are still unemployed or disabled, you **must** file claim forms while your case is pending as required by EDD. If you do not have claim forms, contact EDD.

### Governing Procedure

This notice gives general information. The governing procedure is in the rules of the California Unemployment Insurance Appeals Board, Title 22, California Code of Regulations, Sections 5000-5200, available on the Internet at http://ccr.oal.ca.gov, or from the Office of Appeals without charge.

-Versión en español en el dorso-



TANICIA L BENJAMIN
3023 ALBANY AVE APT 104
DAVIS, CA 95616-0000



**SACRAMENTO OFFICE OF APPEALS**          (916) 263-6706
2400 Venture Oaks Way, Ste 100
**SACRAMENTO CA 95833**

| TANICIA L BENJAMIN<br>SSN: 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<br>Claimant-Appellant | Case No. **2148921**<br><br>Issue(s): 1256, LATE 1<br><br>Date Appeal Filed: 07/02/2007<br><br><br>EDD: 0410  BYB: 04/15/2007 |
|---|---|

**Date and Place of Hearing(s):**           **Parties Appearing:**
(1) 08/15/2007   SACRAMENTO           Claimant

# DECISION

The decision in the above-captioned case appears on the following page(s).

The decision is final unless appealed within 20 calendar days from the date of mailing shown below. See the attached "Notice to Parties" for further information on how to file an appeal. If you are entitled to benefits and have a question regarding the payment of benefits, call EDD at 1-800-300-5616.

**Jeevan S. Ahuja**, Administrative Law Judge

AUG 3 0 2007

Date Mailed:

**Case No.: 2148921**                    **Sacramento Office of Appeals**
CLT/PET: Tanicia L. Benjamin              ALJ: Jeevan S. Ahuja
Parties Appearing: Claimant
Parties Appearing by Written Statement: None

## ISSUE STATEMENT

The claimant appealed from a determination disqualifying the claimant for
unemployment benefits under Unemployment Insurance Code section 1256. The
issue in this case is whether the claimant left the most recent employment
voluntarily without good cause.

An additional issue is whether the appeal was filed within 20 days from the date
the department's notice was mailed and, if not, whether there is good cause to
extend the 20 day deadline.

## STATEMENT OF FACTS

The notice of determination was mailed to the claimant on May 14, 2007. In
order to be timely, the claimant's appeal was due to be filed no later than June 4,
2007. The claimant's appeal was postmarked July 2, 2007. The claimant filed
her appeal about May 28, 2007. For reasons unknown, it was not received by
the department. When the claimant telephoned the department to inquire about
her appeal, she was advised that the department had not received her appeal.
The claimant then submitted a copy of the appeal she had previously filed.

The claimant was most recently employed by Lawson Roofing as an apprentice
roofer for a period of two years earning $18.96 per hour. Her employment ended
about August 17, 2006, under the following circumstances.

The claimant was injured on the job sometime in 2005. About March 2006, the
claimant's doctor placed the claimant on disability; the claimant was on a leave of
absence from the employer. On August 17, 2006, the claimant's doctor released
the claimant to return to modified work duties with restrictions. The claimant
contacted the employer, but the employer advised the claimant that the employer
had no work available for the claimant with those restrictions. The claimant's
restrictions continued until she applied for unemployment insurance benefits
about April 20, 2007, after the claimant stopped receiving disability insurance
benefits.

2148921                                    2

## REASONS FOR DECISION

The issue of timeliness of appeal is jurisdictional. Unless an appeal is filed timely, or unless it is found that there is "good cause" under the statute for a late filing, an administrative law judge has no jurisdiction to decide the case on the merits and must dismiss the appeal. (Precedent Decision P-B-348.)

An appeal from a determination must be filed within 20 days of mailing or personal service of the notice. The time to appeal may be extended for good cause, which includes, but is not limited to, mistake, inadvertence, surprise, or excusable neglect. (Unemployment Insurance Code, section 1328.)

In the present case, since the claimant filed her appeal about May 28, 2007, and since the department did not receive that appeal for reasons unknown, and since the claimant filed a copy of her appeal in July 2007, the claimant's appeal is deemed to be timely filed.

An individual is disqualified for benefits if the individual left the most recent work voluntarily without good cause or the individual was discharged for misconduct connected with the most recent work. (Unemployment Insurance Code, section 1256.)

In Precedent Decision P-B-37 the appeals board held that in determining whether there has been a voluntary leaving or a discharge under section 1256 of the code it must first be determined who was the moving party in the separation. If the claimant left employment while continuing work was available, the claimant was the moving party. If the employer refused to permit the claimant to continue working, although the claimant was ready, willing and able to do so, the employer was the moving party.

A genuine leave of absence exists where the employment relationship continues during the leave, and the claimant and employer expect the claimant to return to the same job at the end of the leave. If the employer terminates the employment during the leave, or refuses to allow the claimant to return to work at the end of the leave, the employer is the moving party. If the claimant applies for benefits during the leave, or fails to return to work at the end of the leave, the claimant is the moving party. (*Debbe Lewis v. California Unemployment Insurance Appeals Board* (1976) 56 Cal.App.3d 729.)

In the present case, since the claimant was on a leave of absence, and since the claimant was released to return to work on modified work duties on August 17, 2006, and since the employer did not permit the claimant to return to work on August 17, 2006, the employer is deemed to be the moving party and is deemed to have terminated the claimant from her employment.

2148921    3

"Misconduct connected with the work" is a substantial breach by the claimant of an important duty or obligation owed the employer, wilful or wanton in character, and tending to injure the employer. (Precedent Decision P-B-3, citing *Maywood Glass Co. v. Stewart* (1959) 170 Cal.App.2d 719.)

The employer has the burden of proving misconduct. (*Prescod v. California Unemployment Insurance Appeals Board* (1976) 57 Cal.App.3d 29.)

Evidence provided by the employer fails to establish that the claimant was discharged from her most recent employment for misconduct connected with the work. Therefore, the claimant is not disqualified for benefits under code section 1256.

DECISION

The claimant's appeal was timely filed.

The department notice of determination is reversed on other grounds. The claimant is not disqualified for benefits under code section 1256 because she was discharged from her most recent employment for reasons other than misconduct connected with her work. Benefits are payable, provided the claimant is otherwise eligible.

BARSU:tm

2148921                                    4



**Equal
Rights
Advocates**
Since 1974, Fighting for Women's Equality

July 6, 2007

*VIA FACSIMILE AND U.S. MAIL*

Linda Scanlon, Investigator
U.S. Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero
San Francisco, CA 94105

Re:    EEOC Charge No. 550-2006-00307
       Charging Party: Tanicia Benjamin
       Respondent:    Lawson Roofing Company

Dear Ms. Scanlon,

Thank you for communicating with me yesterday, July 6, 2007, regarding the EEOC's interest in exploring settlement of Ms. Benjamin's claims against Lawson Roofing Company prior to issuing a "for cause" finding and/or engaging in a formal conciliation process. As you know, Ms. Benjamin was sexually harassed while working at Lawson Roofing Company in conjunction with her apprenticeship with the West Bay Counties Roofers/Waterproofers JATC. The unwelcomed and unwanted touching and offensive, sexually intimidating comments she endured at the hands of co-workers Zeferino Munoz, Mario Flores Avila, Leobardo Soto and Jimmy Gomez created an extremely hostile work environment for Ms. Benjamin, one of only two female workers on site. Ms. Benjamin suffered further humiliation and emotional distress when, after complaining to management, the Company retaliated against her by transferring her to the Coatings Division where she worked less hours and was ostracized by her co-workers, including Aurelio Fregoso. Finally, the Company continues to retaliate against Ms. Benjamin by refusing to allow her to return to work, even though she was released for light duty on August 17, 2006.

We have recently learned that Ms. Benjamin is not the only female worker to have filed discrimination claims against this Company. By letter dated May 19, 2005, Consultant Brenda L. Nicolas of the Department of Fair Employment and Housing contacted Ms. Benjamin regarding a complaint by Shan Hirsch. Ms. Benjamin attempted to reach Ms. Nicolas on numerous occasions but ultimately, did not reach her. I have attached a copy of this letter for your review in case you are able to learn the results of this investigation through your work share agreement with DFEH.

Linda Scanlon, Investigator
U.S. Equal Employment Opportunity Commission
July 6, 2007
Page 2

Finally, you suggested that I contact the attorney who is defending Ms. Benjamin's deposition with respect to her workers' compensation claim to see whether she would be interested in pursuing a joint settlement. At this time, Attorney Betty Bortin has informed me that she has not been formally retained by Ms. Benjamin and has no authority to enter any settlement discussions on Ms. Benjamin's behalf regarding any work-related injuries. Since ERA only represents Ms. Benjamin with respect to her discrimination claims, we similarly have no authority to negotiate any resolution of her work-related injuries.

I have discussed the above information with Ms. Benjamin and she has authorized me to communicate the following with respect to resolving her claims against Lawson Roofing Company:

Ms. Benjamin claims that Respondent's conduct willfully and flagrantly violated both state and federal law in the following manner:

- Ms. Benjamin was harassed and discriminated against based on her sex in violation of Title VII of the federal Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* ("Title VII) and the California Fair Employment and Housing Act, Cal Gov Code §12495 *et seq* ("FEHA").
- Respondent retaliated against Ms. Benjamin when, shortly after she complained of sexual harassment, it transferred her to a division in which she worked fewer hours and was ostracized by her co-workers, in violation of Title VII and FEHA.
- Respondent continued to retaliate against Ms. Benjamin when, after she was cleared to return to work on August 17, 2006, it denied any further work to Ms. Benjamin, in violation of Title VII and FEHA.
- Ms. Benjamin has suffered emotional distress, including symptoms of frequent stress, worry, depression, sleeplessness, and loss of appetite, as a direct consequence of Respondent's willful and flagrant violations of her constitutional and statutory right to work in an environment free of sexual harassment and gender discrimination.

In order to resolve this matter, Ms. Benjamin makes the following offer:

1. Lawson Roofing Company will develop and implement a "zero tolerance" sexual harassment policy and provide annual training to each of its managers and workers regarding this policy. Equal Rights Advocates would be willing to provide this training.
2. Lawson Roofing Company will pay Ms. Benjamin for her lost wages as follows: $2,000 for the 9 weeks she worked in the Coatings Division to make up for the wages she lost as a result of working fewer hours; and $26,000 in back pay for the

Linda Scanlon, Investigator
U.S. Equal Employment Opportunity Commission
July 6, 2007
Page 3

> period August 17, 2006 through July 15, 2007 (assuming her current hourly rate
> of $18.96 x 30 hours per week x 45 weeks), for a total of $28,000 in back pay.

3. Lawson Roofing Company will pay Ms. Benjamin $30,000 for her emotional
   distress damages,
4. Lawson Roofing Company will pay Ms. Benjamin for her reasonable attorneys
   fees and costs.

In light of the Company's blatant disregard for the law and the significant loss of
income and emotional distress Ms. Benjamin has suffered, this demand is reasonable.
We firmly believe, should this case proceed to litigation, that the Company could be
ordered to pay significant punitive damages for its willful behavior.

Sincerely,

Debra A. Smith



**W E S T E R N**

2594 Oakdale Avenue    P.O. Box 34022    San Francisco, CA  94124

Tel  415·648·6472    800·822·6648    Fax 415·648·5164

License   4180533

*ROOFING SERVICE*

August 21, 2002

If you are not already aware of the fact, we thought that you would like to know that we have several heroes working for us – Samir Aguilar and Santos Mora.  These two workers on Ruben Rodriquez's crew at the Rockridge BARTD Station, on the eve of August 13th, risked their own safety to jump onto the tracks in front of an on-coming train to rescue an intoxicated individual from certain death.

Thanks to Tanisha Benjamin, also working on Ruben's crew, Samir and Santos were alerted to the fact that the person was on the tracks in enough time for them to effect a rescue.

We are very proud of our Western Roofing heroes!

```
*********************************************************************************
                        SAN FRANCISCO POLICE DEPARTMENT
                          CRIMINAL HISTORY RECORD
DATE:03/27/2008       .           SFNO:S475290 ·                          FROM:ID01
*********************************************************************************
RELEASE OF THIS RECORD TO UNAUTHORIZED PERSONS IS A MISDEMEANOR PER SEC 11142PC
RELEASED TO:                    RELEASED BY:                    RELEASE DATE:
*********************************************************************************

        *************** SUBJECT *************** 　      ****** ID NUMBERS ******
    * .  NAME:BENJAMIN/TANICIA/LATUNYA         *       *   CII:07988289        *
    *    RACE:B                                *       *   FBI:572693PA5       *
    *    SEX :F        HGT:511   HAIR:BK *      *   *   SSN:                *
    *    DOB:05-28-1968  WGT:170  EYES:BR *     *   * OPLIC:A8116776         *
    *                                          *       *                      *
    *    ADDR:471 SAWYER            POB:CA  *          *HFPC:                  *
    *    SCARS:                                *       *                      *
    ***************************************      *     ************************
       .                      .           .
*********************************************************************************

    TEXT:BURGLARY,AUTO THEFT

*********************************************************************************
03-13-1992  COURTNO:01365093 RPTNO:920404073  STAR:0106/0000  SCN:
            ARREST LOCATION:0285 /WINSTON /DR

            6871958    03-13-1992  484(A)PC/M     PETTY THEFT
            DISP:04-04-1994 MC
            DISMISSED ON MOTION OF DISTRICT ATTORNEY

            6871958A  03-13-1992  490,5PC/M    PETTY T RETAIL MERCHANDISE/ETC
            DISP:03-13-1992
            NO COMPLAINT FILED IN SUPERIOR COURT       .    -

03-13-1992  COURTNO:01365091 RPTNO:920404073  STAR:0000/0000  SCN:
            ARREST LOCATION:OUT OF TOWN

            6871957.  03-13-1992  484(A)PC/M     PETTY THEFT
            DISP:04-04-1994 MC
            DISMISSED ON MOTION OF DISTRICT ATTORNEY

            6871957A  03-13-1992  490,5PC/M    PETTY T RETAIL MERCHANDISE/ETC
            DISP:03-13-1992
            NO COMPLAINT FILED IN SUPERIOR COURT

04-08-1992  COURTNO:01366282 RPTNO:920554731  STAR:1911/0000  SCN:
            ARREST LOCATION:0865 /MARKET /ST

            D232546  04-08-1992  484(A)PC/M     PETTY THEFT
            DISP:04-09-1992
            DA DISCH - LACK OF CORPUS

            D232547  04-08-1992  490,5PC/M    PETTY T RETAIL MERCHANDISE/ETC
            DISP:04-09-1992
            DA DISCH - LACK OF CORPUS

06-22-1992  COURTNO:01383340 RPTNO:920966114  STAR:1442/0000  SCN:
            ARREST LOCATION:0376 /JESSIE /ST

            D259412  06-22-1992  148,9(A)PC/M  FALSE ID TO PEACE OFFICER
```

DISP:06-24-1992
DISMISSED ON MOTION OF DISTRICT ATTORNEY

D259410   06-22-1992   484(A)PC/M       PETTY THEFT
DISP:06-24-1992 MC CHG:484A4905PC/M
CJ: 008D

D259411   06-22-1992   490,5PC/M       PETTY T RETAIL MERCHANDISE/ETC
DISP:06-24-1992
DISMISSED ON MOTION OF DISTRICT ATTORNEY

06-23-1992  COURTNO:01365093 RPTNO:920404073   STAR:0000/0000  SCN:
            D276142   06-23-1992  6871958BW/I    W#402105,484A4905PC

07-17-1992  COURTNO:01388022 RPTNO:921104098   STAR:1088/0432  SCN:
            ARREST LOCATION:OUT OF TOWN

            D267747   07-17-1992  466PC/M        POSSESS/ETC BURGLAR TOOLS
            DISP:04-04-1994
            DISMISSED ON MOTION OF DISTRICT ATTORNEY

            D267746   07-17-1992  459PC/F        BURGLARY FIRST DEGREE
            DISP:04-04-1994
            DISMISSED ON MOTION OF DISTRICT ATTORNEY

            D267747A  07-18-1992  484(A)PC/M     PETTY THEFT
            DISP:04-04-1994 MC CHG:484A4905PC/M
            DISMISSED ON MOTION OF DISTRICT ATTORNEY

05-07-1993  COURTNO:01445592 RPTNO:930827493   STAR:2092/0000  SCN:
            ARREST LOCATION:OUT OF TOWN

            I243479   05-07-1993  459PC/F        BURGLARY
            DISP:04-04-1994 MC CHG:459PC/M PB:CT/003Y
            JCOP: 008D CJS :006M

            I243479A  05-08-1993  484490,5PC/M   PETTY THEFT
            DISP:04-04-1994 MC
            DISMISSED ON MOTION OF DISTRICT ATTORNEY

05-08-1993  COURTNO:01383340 RPTNO:            STAR:0000/0000  SCN:
            ARREST LOCATION:HOJ

            I243682   05-08-1993  D259410BW/I    W#406403,484A4905PC

05-08-1993  COURTNO:01365093 RPTNO:            STAR:0000/0000  SCN:
            ARREST LOCATION:HOJ

            I243683   05-08-1993  6871958BW/I    W#418281,484A4905PC

03-30-1994  COURTNO:01383340 RPTNO:            STAR:1514/0000  SCN:
            ARREST LOCATION:OUT OF TOWN

            L229262   03-30-1994  D259410BW/I    W#425902,484A4905PC

03-30-1994  COURTNO:01365093 RPTNO:            STAR:1514/0000  SCN:
            ARREST LOCATION:OUT OF TOWN

            L229263   03-30-1994  6871958BW/I    W#425903,484A4905PC

03-30-1994  COURTNO:01445592 RPTNO:            STAR:1514/0000  SCN:

ARREST LOCATION:OUT OF TOWN

     L229260   03-30-1994  I243479BW/I   W#425900,459PC

03-30-1994  COURTNO:01388022 RPTNO:       STAR:1514/0000  SCN:
ARREST LOCATION:OUT OF TOWN

     L229261   03-30-1994  D267746BW/I   W#425901,459PC

03-30-1994  COURTNO:01365091 RPTNO:920404073   STAR:1514/0000  SCN:
     L229354   03-30-1994  6871957BW/I   W#402104,484A4905PC

03-30-1994  COURTNO:01503624 RPTNO:930827493   STAR:0000/0000  SCN:
ARREST LOCATION:0850 /BRYANT /ST

     L229450   03-30-1994  ENROUTEXX/F   SACPDW#93M11035$3K459,978APC

06-01-2000  COURTNO:01926341 RPTNO:000647806   STAR:1083/0000  SCN:
ARREST LOCATION:0557 /WISCONSIN /ST

     B250811   06-01-2000  10851VC/F    TAKE VEHCLE W/O OWNERS CONSENT
DISP:06-02-2000
DA DISCH - LACK OF EVIDENCE

06-08-2000  COURTNO:01927514 RPTNO:       STAR:0000/0000  SCN:
ARREST LOCATION:0112 /12TH /ST

     B252974   06-08-2000  PAROLEXX/F   ER 3056PC ONLY W80738 NB

**** FOR "AKA" OR ADDITIONAL ADDRESS INFORMATION, USE A "QPA" TRANSACTION ****

This is a true copy of the
San Francisco Police Record
of _Ron Lann/Ronica/LaTonia_
Date of birth _05-28-49 69_
as of this date _MAR 27 2008_

Rank _Q4_ _7 8/_

STATE OF CALIFORNIA - State and Consumer Services Agency                                          Arnold Schwarzenegger, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
**121 Spear Street, Suite 430**
**San Francisco, CA 94105**
**(415) 904-2303  FAX (415) 904-2310**



May 19, 2005

Ms. Tanicia Latonya Benjamin
471 Sawyer Street
San Francisco, CA 94134

RE: E200304 A-1577-00SE
    HIRSCH/Lawson Roofing Company, Inc.

Dear Ms. Benjamin:

I am a consultant assigned to investigate the complaint, cited above, filed by Shan Hirsch against
Lawson Roofing Company, Inc. I have attempted to contact you numerous times by telephone
since 5/12/05 and left phone messages, and you have returned my calls twice and left phone
messages. Please contact me at (415) 904-2313 by May 25, 2005. If you are unable to
reach me, please leave a phone number and the best time to contact you, on my phone machine
and/or contact the receptionist at (415) 904-2306 and request that she physically locate me.

Thank you in advance for your cooperation and expeditious action in this matter.

Sincerely,

L. Nicolas

BRENDA L. NICOLAS
Consultant

**Equal
Rights
Advocates**
Since 1974, Fighting for Women's Equality

November 9, 2006

RECEIVED

NOV 1 2006

EEOC-SFDO

Investigator Linda Scanlan
Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105

     Re: EEOC Charge No. 550-2006-00307
        Charging Party:  Tanicia Benjamin
        Respondent:     Lawson Roofing Company

Dear Investigator-Scanlon:

     Enclosed please find the original and one copy of the Supplemental and Amended Charge of Discrimination of Tanicia Benjamin, signed by the Charging Party. Please file the enclosed Supplemental and Amended Charge, and return the file-stamped copy to us in the enclosed, self-addressed envelope. The amendment includes additional charges for discrimination on the basis of race. We request that the box for discrimination based on "Race" be checked on the original charge. Also, ERA requests that in the section of the original charge indicating the dates the discrimination took place, the box alleging "Continuing Action" be checked to indicate continuing discrimination and retaliation.

     Equal Rights Advocates is now representing Ms. Benjamin regarding the matters at issue in her EEOC Charges. Please direct all future correspondence to this office at the above address.

     We look forward to discussing the respondent's response to Ms. Benjamin's charge. We can provide you with any additional documents or information you may need. Please call me at your earliest convenience. Thank you for your assistance in this matter.

            Sincerely,

            M. Adrianne De Castro

Enclosures

**Equal
Rights
Advocates**
Since 1974, Fighting for Women's Equality

RECEIVED

APR 1 6 2007

EEOC-SFDO

April 12, 2007

Investigator Linda Scanlan
Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105

      Re: EEOC Charge No.: 550-2006-00307
          Charging Party:    Tanicia Benjamin
          Respondent:       Lawson Roofing Company

Dear Investigator Scanlan:

      I write in response to our telephone discussion on March 13, 2007, to address some concerns you raised regarding Tanicia Benjamin's work experience with Lawson Roofing Company.

      Equal Rights Advocates (ERA) has chosen to represent Tanicia because as a women's rights organization, we recognize that women in the trades face particularly harsh discrimination. ERA recognizes that while work place rights exist for women, the trades remain a stagnated environment still rife with gender discrimination and sexual harassment—both of which have greatly contributed to the compelling paucity of tradeswomen and the continuingly precarious job site where these women work.

      Tanicia is just one of several tradeswomen who have come to ERA seeking to assert their rights against sexual harassment on the job. While Tanicia is filing her case solely on behalf of herself, her experience, sadly, is far from isolated.

      In fact, the harassment exacted upon Tanicia while an employee at Lawson Roofing Company, has forced her, like many other tradeswomen, to leave her trade. After six years of being an Apprentice Roofer and being the sole remaining female apprentice in her class, Tanicia is leaving her trade because she is afraid of the harassment and physical danger she may experience at the hands of her male co-workers if she continues roofing.

      I have spoken with Tanicia about some of your concerns and would like to respond to them accordingly.

Linda Scanlan, Investigator
April 12, 2007
Page 2

### Transfer from the Roofing Department to the Coatings Department

As you know, Tanicia was transferred from the Roofing Department to the Coatings Department on or about January 16, 2006. This occurred less than one week after she met with the owner of the company and others to discuss the sexual harassment she was experienced. Tanicia believes she was transferred to the Coatings Department in retaliation for making complaints about sexual harassment. Tanicia's belief was affirmed when the transfer to the new department, occurring so soon after she complained about sexual harassment, resulted in lesser hours and thus less pay. See Section 704(a) of Title VII, "it shall be an unlawful employment practice for an employer to discrimination against any individual....because he has opposed any practice made an unlawful practice employment practice under this title." *Holland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1314-1315 (7th Cir. 1989) (for purpose of establish a prima facie case, the "telling" temporal sequences of events – plaintiff's complaint followed shortly by adverse employment decisions – demonstrates a causal link); *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 46 (2d Cir. 1980) ("Courts have recognized that proof of causal connection can be established indirectly by showing that protected activity is followed by discriminatory treatment.")

### Lawson Roofing Company's Motivation for Tanicia's Transfer

From our conversation, I understand that you had some concerns about what Lawson Roofing Company's motivation was in transferring Tanicia so soon after she complained about sexual harassment. First, Tanicia assures me that she did not want to be transferred to the Coatings Department. Tanicia certainly understood that the primary harasser – Zeferino Munoz – had family members in the Roofing Department that may be angry at her for making complaints of harassment against him. However, Tanicia did not voice these concerns about Mr. Munoz's family members until after she was transferred. Moreover, after the hostile and bullying interactions she had with her employer, Tanicia believed that she may still be subject to sexual harassment regardless of which department she worked. Because of these unreceptive interactions she had with her employer, Tanicia did not feel like she had a choice. As you recall, she was first told she would be transferred and then only afterwards asked if she wanted to be transferred. Given the tension in the workplace, her recent complaint of sexual harassment, and her employer's reaction to her complaint, Tanicia felt as though she had no choice but to comply with the transfer.

While Tanicia's transfer to the Coatings Department may have shielded her from additional sexual harassment from Mr. Munoz's family members, Tanicia still felt alienated and singled out in the Coatings Department. A co-worker informed her that Mr. Lawson instructed the employees not to speak to Tanicia. Thus, while Lawson Roofing may have transferred Tanicia to protect her from Mr. Munoz's family members, Tanicia still believes that the transfer and resulting isolation and lesser hours were in retaliation for her complaints about sexual harassment. See *Price Waterhouse v Hopkins*, 490 U.S. 228, 252 (1989), ("an employer may not...prevail in a mixed-motives case by offering a legitimate and sufficient reason for its

Linda Scanlan, Investigator
April 12, 2007
Page 3


decision if that reason did not motivate it at the time of the decision. Finally, an employer may not meet its burden in such a case by merely showing that at the time of the decision it was motivated only in part by a legitimate reason.")

I hope this letter addresses some of your concerns. ERA is strongly committed to assuring that women in the trades, like Tanicia, are empowered to assert their rights in a male-dominated profession. I look forward to discussing the next steps we can take to resolve Tanicia's situation.

Sincerely,

M. Adrianne De Castro

Enclosures

# LITTLER MENDELSON®

April 17, 2006

William F. Terheyden
Direct: 415.677.3135
Direct Fax: 415.743.6605
wfterheyden@littler.com

Terry G. Knapp
Office Automation Assistant
Equal Employment Opportunity Commission
350 The Embarcadero Center, Suite 500
San Francisco, Ca 94105

Re:    Tanicia Benjamin v. The Lawson Roofing Co., Inc.
       EEOC No. 550 2006 00307

Dear Ms. Knapp:

The following is the Response of The Lawson Roofing Co. to the Request for Information relating to the Notice of Charge of Discrimination dated February 21, 2006.

1.    The Lawson Roofing Co., Inc.

2.    The Company employed 132 employees on June 1, 2005. It employed 128 employees on February 21, 2006 and currently has 120 employees. Of the described total of employees, it has 17 office and managerial staff employees, 12 roofers in the Residential Department and 14 waterproofers in the Coating Department. The balance of employees are roofers and waterproofers in the Commercial Department.

3.    Lawson Roofing's corporate structure is as follows: Frank Lawson Jr.-President, Richard Lawson-Sr. Vice-President, and Don Ceresa-Vice-President. It employs a controller and three administrative employees, two warehouseman, two residential salesman, one coating salesman, three commercial estimators and three field superintendents. All field workers are assigned to a crew foreman who reports to one of the three Field Superintendents. The Field Superintendents report to the respective project managers that manage an assigned project.

4.    It is a full service roofing and waterproofing contractor.

5.    It is a California corporation.

6.    It has no current contract with any federal agency, and did not have any at the time of the alleged incidents.

7.    See separate Position Statement.

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM ℠

650 California Street, 20th Floor, San Francisco, California 94108.2693 Tel: 415.433.1940 Fax: 415.399.8490 www.littler.com

Terry G. Knapp
April 17, 2006
Page 2

8.    A copy of the Company's Harassment policy is attached.

Issue: Sexual Harassment

1.    The Company did not tolerate sexual harassment in any form at the time of
the charge.  It has a sexual harassment policy, a copy of which is attached, that has been
disseminated to all employees.

2.    Only Charging Party has complained.

a.    Tanicia Benjamin, Coatings Department, formerly in Commercial
Roofing and Waterproofing Department.

b.    Ms. Benjamin filed an oral complaint of sexual harassment with Dan
Siri on January 5, 2006.  A written complaint, a copy of which is
enclosed, was filed January 6, 2006 with Mr. Siri.

c.    Zeferino Munoz, Jose Aviles-Renderos, Mario Flores-Avila and Leo
Soto. ·

d.    Co-workers.

e.    It was alleged by Ms. Benjamin that:

Mr. Munoz exposed his private parts to Ms. Benjamin on two separate
occasions while on the job.

Mr. Soto touched her breast once on the job.

Mr. Avilez-Renderos touched her between her legs while on the job.

Mr. Flores-Avila touched her shoulder while riding in the truck
coming from a job site.

f.    See response to e.

g.    The Company began its investigation of Ms. Benjamin's charges.  It
held a meeting on January 10, 2006 with all employees named to
inform them that they would be interviewed one-on-one by
management personnel with a representative from the Roofers Local
No. 40, Steve Tucker, Buisness Agent, present during each interview.
All of these employees are represented by Local 40.  A Spanish-
speaking interpreter was provided for those who requested it.  The

Terry G. Knapp
April 17, 2006
Page 3

> Company interviewed Ms. Benjamin, the alleged victim of the harassment, the four above-named individuals who were alleged to have harassed her, as well as witnesses whom she named and the crew foreman.

h. The alleged witnesses were: Lazaro Rauda, Jimmy Gomez and Jesus Diaz. They are all males.

i. Mr. Munoz was terminated. Messrs. Soto, Flores-Avila and Aviles-Renderos were warned that Lawson Roofing does not condone sexual harassment and that if they are found to engage in sexual harassment they will be terminated. The three were directed to attend sexual harassment training along with the entire shop for a class held at our office on January 20, 2006. Ms. Benjamin was advised of the actions taken.

Copies of the relevant documents are attached.

3. Only Charging Party has complained of sexual harassment by Mr. Munoz, Mr. Aviles-Renderos, Mr. Flores-Avila and Mr. Soto. There was no complaint against Mr. Gomez.

4. Copies of documents relating to the Company's investigation of Charging Party's allegations of sexual harassment are attached.

Issue: Retaliation

1. The people in the Company's organization who are aware of the sexual discrimination allegations are as follows: Frank Lawson Jr., Richard Lawson, Dan Siri (Field Supt.), Wayne Regalia (Field Supt.), Zeferino Munoz, Jose Aviles-Renderos, Mario Flores-Avila, Leo Soto and Jimmy Gomez, Lazaro Rauda and Jesus Diaz. Messrs. Lawson, Lawson, Siri and Regalia became aware of the allegations of Charging Party on or about January 5-6, 2006.

2. See Report of investigation dated January 16, 2006 enclosed.

Ms. Benjamin accepted the Company's offer to transfer to the Coatings Department. See letter dated January 16, 2006 to Ms. Benjamin enclosed.

3. Tanicia Benjamin's hours are different this year versus last year due to a number of reasons: rain or other inclement weather preventing the job she was assigned from being worked; slow down in company work load versus last year causing lack of work. The Company has enclosed a schedule for the Coating Department in which she works which

Terry G. Knapp
April 17, 2006
Page 4


shows who worked each day through mid-March 2006 and sets forth the reasons why they did not work. As you can see, there never was a day in 2006 when Ms. Benjamin was the only employee not working; at least one other employee was off for the same reason on the days that she was off. Furthermore, four male employees in the Coating Department had more total days off during this period for lack of work and inclement weather than did Ms. Benjamin.

    4.    See Report and other above-referenced documents enclosed.

Very truly yours,

William F. Terheyden

WFT:rac
Enclosures
cc:    The Lawson Roofing Co.

# LITTLER MENDELSON®

*AAR 2 2 2006*

March 17, 2006

William F. Terheyden
Direct: 415.677.3135
Direct Fax: 415.743.6605
wfterheyden@littler.com

**VIA FACSIMILE AND U.S. MAIL**

Terry G. Knapp
Office Automation Assistant
Equal Employment Opportunity Commission
350 The Embarcadero Center, Suite 500
San Francisco, CA  94105

Re:    Tanicia Benjamin v. Lawson Roofing Co.
       EEOC No. 550 2006 00307

Dear Ms. Knapp:

Lawson Roofing Co. hereby requests a one month extension of time to submit its position
statement and response to request for information now due March 23, 2006. The new due
date will be April 21, 2006.

The extension is necessary as I have just been retained on this matter for Lawson Roofing
Co. and will be out of the country on the current due date. There has been no prior request
for an extension of time.

Thank you for your courtesy in this matter.

Very truly yours,

William F. Terheyden

WFT/rac
cc:    Lawson Roofing Co.

Firmwide:80916902.1 051068.1000

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Francisco District Office

350 The Embarcadero, Suite 500
San Francisco, CA 94105
(415)625-5601
TTY (415)625-5610
FAX (415)625-5609
TOLL FREE (800) 669-4000

Tanicia Benjamin
c/o Debra A. Smith
Equal Rights Advocates
1663 Mission Street, Suite 250
San Francisco, CA 94103

RECEIVED

NOV 0 9 2007

EQUAL RIGHTS ADVOCATES, INC

Re:    Benjamin v. Lawson Roofing Company
       Charge No. 550-2006-00307

Dear Ms. Benjamin:

The Commission has determined that efforts to conciliate the above-referenced case have been unsuccessful.  Accordingly, the case has been transferred to the Regional Attorney, San Francisco District Office, for review to determine whether the Commission will bring a civil action in Federal District Court based on the charge of discrimination.  A determination should be forthcoming in the near future.

If the Commission decides to bring a civil suit, you have the right to intervene in such an action. If the Commission decides that it will not bring a civil action based on your charge, you will be notified and sent a Notice of Right to Sue, which will entitle you to sue the Respondent in Federal District Court.

If you have any questions regarding your case, please contact William Tamayo, Regional Attorney, at (415) 625-5645.

On behalf of the Commission:

NOV - 8 2007

Date

for H. Joan Ehrlich
District Director

Interview of Tenicia Benjamin
January 9, 2007

CP states that she did complaint about Gomez sexually harassing her in November 2005. She complained verbally to Victor Jaria that Gomez had said he wanted to take a shower with her. This occurred at 4th and Barry.

CP says that Victor told Dan Siri about this harassment and then told her he had told Siri. Victor then told her that he had gone to Donald Serrica, the project Manager, about it.

.She saw Donald call Victor and Jimmy Gomez to his office. Donald Serrica then told CP's sister that CP was a "pushover" and a "wuss".

CP said that Munoz exposed himself to her in the structure at 4th and Barry. Mario touched her in the truck going back to the office.

The seat of the dump truck was occupied thus:

Driver (Richard Samuelson), then next to him was Mario Flores-Avila, then next to him was Jesus Diaz, and then CP was against the passenger door. CP states that Mario reached around Jesus and touched her on the shoulder. He was squeezing her shoulder, sort of like massaging it, while he was talking to her.

Samuelson didn't do anything to her, but would not make a good witness because he was concentrating on his driving and was focused on the road.

Leo Soto grabbed her breast while they were walking past each other on a roof. CP confronted Soto and told him she didn't appreciate what he did, but he just denied doing anything. Again, Samuelson probably didn't see anything because he was with another group on the roof.

CP says that she was forced to write the letter of complaint. She had gone to R to complain about Raul Prado threatening her when he said "shut the fuck up" and "Im tired of your shit" Dan Siri told her to write the letter. CP sat outside his office door and wrote the two page letter. She doesn't know why she didn't mention Raul in the letter if that's who she originally went there to complain about. Dan forced her to write this letter. She gave the finished letter to Richard Lawson. They called her into the office. There was Richard Lawson, Frank Lawson, Dan Siri, Steven Tucker (from the union) and CP.

Frank Lawson investigated her allegations. He wrote down the notes of her interview then had her sign them. She didn't get a chance to read them first and was forced to sign whatever was said. CP denies saying she wanted to see Zeff's penis. When asked why she didn't tell him "no" when he started to show her, CP said in what she considered to be a sarcastic voice, "Maybe I wanted to see it." R's notes make it appear that she said this in response to the question. CP received a copy of the handwritten interview notes a few days later.

CP says she didn't ask to be moved. Frank Lawson told her that he was moving her to the Coating Department. Later, he told her that if she didn't want to go she didn't have to. CP says that Zeff had 4 brothers and several friends working for the roofing department. R never said it was concerned for her safety, but she was uneasy about it, so she just did what she was told and moved to the other department. She would have preferred to stay in roofing with all of Zeff's relatives and friends because the department makes more money. R never offered to move her to the private roofing department.

CP started in roofing in March 2004 and stayed there until she was moved to the Coating department in January 2006. Payroll records that CP showed me make it look like CP only worked about one or two days a week in January 2006. CP believed she worked more than that.

CP said that her first day was January 16. She worked that day, then came in and worked January 20. CP was told she could lock the door to her changing room while she was in it, but not to lock it behind her when she left because they didn't have a key to the room. CP changed her clothes on January 20 and believes she left the door unlocked but when she returned to her changing room at the end of the day, the door was locked. CP has no idea who locked the door. CP claims that her clothes and her other belongings were locked in this room, so she had to call her mother to take her home. Since this was a Friday, she wasn't able to get her driver's license, or any credit cards until the next Wednesday, January 25. CP claims that her mother drove her to and from work on Monday and Tuesday while R was trying to get a locksmith out there to get into the room. On Wednesday, the locksmith was able to replace the lock but gave the new key to R. CP states she never had a key to this room. R denies all of this and states CP was issued a key to the dressing room when she was moved to the Coatings department. Payroll records show that CP worked 12 hours the week of the 16th and 16 hours the week of the 23rd. CP said she probably worked four 4-hour days.

CP believes she was replaced by a level 1 apprentice. She said that she hasn't learned anything in the time she has been in the apprenticeship program, although R considers her to be a level 6 apprentice.

CP states she injured her wrist and her back on October 7, 2005. She went to the doctor but didn't miss any work. She went into the doctor in February 2006 about her back and then again in April 2006. She has been off work on medical leave since April 7, 2006.

Her doctor released her to return to work in September to light duty. She cannot lift, bend, twist, or any of those things. R refused to find her a job to do. Her duties require her to lift, twist, bend, etc. CP states she believes those restrictions were in effect for one year. She will send me copies of her medical documents regarding this and the time she was out.

CP was issued disciplinary notices for tardiness on April 7, 2006. The alleged tardiness occurred in March 2006, but CP denies being late. She states that they do not clock in or keep track of the time that they arrive, so R couldn't prove she was late those 2 days. CP said that she went on state disability that day because of her back and wrist and has not returned.

R fired Zeff on 1/12/065. Wayne Regalla, the Superintendent, told CP to go out onto the yard while they dealt with him. One of the managers walked with her around the perimeter of the yard and when they came back in, Zeff had been fired and had left. CP says that Zeff's brother yelled something in Spanish at her after work one day. She reported this to her supervisors, but they didn't do anything about it. She doesn't know what he said to her since she doesn't speak Spanish.

CP states that a coworker, Michael Nieve, told her that "they" told him not to talk to her. She doesn't know who "they " referred to.



**HUMAN RIGHTS COMMISSION**

**EDWARD G. ILUMIN**
FAIR HOUSING COMPLIANCE OFFICER
(415) 252-2527

CITY AND COUNTY OF SAN FRANCISCO
(415) 252-2500
FAX (415) 431-5764
TDD (415) 252-2550
WEBSITE: http://www.ci.sf.ca.us/sfhumanrights

25 VAN NESS AVENUE
SUITE 800
SAN FRANCISCO, CA
94102-6033
E-MAIL: ed_ilumin@ci.sf.ca.us

---

**State of California**



State and Consumer Services Agency
Department of Fair Employment and Housing
Rincon 2 Center
121 Spear Street, Suite 430
San Francisco, CA   94105

**Bob Brock**
Consultant

(415) 904-2326
FAX (415) 904-2310
bob.brock@dfeh.ca.gov
www.dfeh.ca.gov

---



**HUMAN RIGHTS COMMISSION**

**MARY GIN STARKWEATHER**
CONTRACT COMPLIANCE OFFICER
(415) 252-2527

CITY AND COUNTY OF SAN FRANCISCO
(415) 252-2500
FAX (415) 431-5764
TDD (415) 252-2550
WEBSITE: http://www.sfhrc.org

25 VAN NESS AVENUE
SUITE 800
SAN FRANCISCO, CA  94102-6033
E-MAIL: MaryGin.Starkweather@sfgov.org

NO.

Date. 10/3/07

Hello Betto,

I've put together partial materials at. including my at. yet finished twenty-six page response.

1. Pay check stubs

2. Holiday cards sent to me by October.

3. Two letters thanking me for two separate Saturday's of volunteering.

4. A list of co workers names so that I don't mis spell any of them once we agree whom to call as witnesses.

5. Lawson's schedule for your knowl.

6. My certificates from Job Corps since they are being stuck in to my character.

7. Interview giving by Frank Lawson to Zeferino Munoz and myself which clearly states I absolutely didn't ask to see his urgency.

8. Bogus apologetic letter to me from Frank Lawson after Zeferino Munoz was terminated

NO. _____
Date. _____

sponded and because 2 days work two months out of a year which was completely untrue, I decided to bring all my pay check stubs to Steve and I was told that the was Western Roofing is they did not give raises I worked for this company three years with absolutely no growth. Steve Tucker knew this companys had violated Local 40 rules and regulations I did seek other resources for help Human Rights. Department Fair Employment And Housing And the Labor Board Commission.

12. Investigative report done by a court, investigator to determine guardianship over both my nieces 2, feel this is relevant information because it proves im not that tough girl on yesterdays rapsheet, And it'll give you a little more Light, About me. The investigator Mr. Lauricella saw 2, provided a safe Haven for my girls And that they were, clean well nourished Healthy children, He must respect CL 8 saw me As fit, 2. was Honest, Fair, Open, And Genuine

NO. _____
Date. _____

COMPLAINTS TO STEVE AND NO ACTION WAS
EVER RENDERED AGAINST THE COMPANY. HOW-
EVER ONCE I SPOKE TO STEVE HE ASKED ME WHERE
HAVE YOU BEEN IVE LEFT MESSAGES ON YOUR MA-
HINE, BRUCE HAS ALSO TRIED TO CONTACT YOU
AND WAS DID YOU GO DOWN TO ALLISON YET TODAY
FILL OUT THE APPLICATION BECAUSE I'M TAKING
YOU DID, AT WESTERN ROOSTER ARENT YOU HAPPY
NOW YOU GET ALL YOUR RAISES ITS A MUCH BETTER
COMPANY IN FACT ALLISON IS ONE OF OUR TOP
CONTRACTORS. THERE NICE THEYLL TREAT YOU
GOOD YOU'LL LIKE WORKING FOR THEM THERE
AT. ANYTHING LIKE WESTERN ROOSING STEVE
NEVER ONCE LOANED ME HIS LOCAL 40 HELPING
HANDS. HE KNEW I ALLISON WAS IN DEEP TROUBLE
BECAUSE OF THE FEMALE WORKER THAT RAN
OFF THE JOBSITE SCREAMING AND CRYING ABOUT
THE HORRIBLE TREATMENT SHE RECIEVED. I
THOUGHT I WAS HIRED FOR THE EXACT REASON
STEVE CONVEYED TO ME. I HAD NO IDEA
I WAS FILLING IN A MAJOR VOID.

11. EVALUATION PAY INCREASE FORM. THIS
FORM WAS SENT TO MY FORMER EMPLOYER BY
A.P. ASKING THAT I BE MOVED TO LEVEL 4
BECAUSE I'VE COMPLETED THE REQUIRED HOURS
THE COMPANY GAVE ME A DOLLAR RAISE OUR
THE FIRST YEAR WHILE WORKING IN THE PROJECT
DR. PETERS HILL AFTER EXPERIENCING PROBLEM
WITH THE RESIDENTS I WAS ASKED TO ACT
AS SUPERVISOR. HOWEVER THE COMPANY DENIED
MY RAISE TO BE MOVED TO LEVEL 4 THEY RE-

NO.
Date.

9. LAWSONS HARASSMENT POLICY. PLEAS
BE ADVISED ON FRIDAY JANUARY 20, 2006
FRANK LAWSON THE PRESIDENT OF LAWSO
ROOFING HELD A SEXUAL HARASSMENT
MEETING WHICH INCLUDED ALL EMPLOYEE
FROM THE COMPANY, OFFICIALS AND LOCA
40'S BUSINESS AGENT STEVE TUCKER. THE
LAWSONS HARASSMENT POLICY SHEETS WER
PASSED AROUND TO EVERYONE PRESENT. FRA
READ LINE AFTER LINE AS EVERYONE FOLLOW
ALONG. IN THE TWENTY SIX PAGES, PERSONAL
ATTACK STATEMENTS WRITTEN ABOUT ME. FRAN
MADE MENTION THAT MYSELF AND THE
GUYS OR ATLEAST he MADE It SEEM AS THOUGH
THEE ONLY PEOPLE TO RECIEVE S.H.T. WERE MY-
SELF AND the GUYS WHOM WERE INVOLVED IN
MY S.H.C.

10. LETTER FROM DFEH- I'M ONE OF TWO FEMALE
WHOM I KNOW ABOUT THAT HAVE EXPERIENCE
SOME FORM OF HARASSMENT, WHILE EMPLOYEES
FOR THE LAWSONROOFING CO. INC. BEFOR I WAS
HIRED LOCAL 40 TRIED CONTACTING ME SEVERAL
TIMES BY LEAVING TELE-PHONE MESSAGES ON
ANSWERING MACHINE SAYING HURRY DOWN
TO LAWSON ROOFING bECAUSE THEY NEED A
FEMALE WORKER. BUSINESS AGENT STEVE TUCKER
PRIOR KNOWLEDGE OF MY SIMILAR TROUBLED
EXPERIENCES WITH THE COMPANY beFOR Lawson WESTERN
ROOFING IN WHICH I MADE UN- COUNTLESS

STATE OF CALIFORNIA
DIVISION OF WORKERS' COMPENSATION
**WORKERS' COMPENSATION APPEALS BOARD**

**STIPULATIONS WITH**
**REQUEST FOR AWARD**

Case No(s). $SFO\ 0503863$

Social Security No. $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$

_Tehicis Benjamin_
Applicant (Employee)

$3023\ Albeny\ Are\ \#\ 104$
Address
$Devis,\ CA\ 95616$

_Lawson Roofing Co._
Correct Name(s) of Employer(s)

$1495\ Tennessee\ ST$
Address(es) $SF,\ CA\ 94107$

_- CNA_
Correct Name(s) of Insurance Carrier(s) Claims Administrator(s)

$POD\ 980670,\ SF,\ CA\ 94188$
Address(es)

The parties hereto stipulate to the issuance of an Award and/or Order, based upon the following facts, and waive the requirements of Labor Code Section 5313:

1. _Tenicis Benis min_ , born $5/2e/ 68$ , while employed at _____
   (employee)                                    (date)

   _San Francisco_ , _CA_ , as a(n) _roofer_ , _380 H_
   (city)              (state)              (occupation)        (group)

   on _10/07/05_
   (date[s] of injury(ies))

   by _Lawson Roofing_ whose compensation insurance carrier(s) was/were
   (employer(s))

   _C N A_ sustained injury(ies) arising out of and in the

   course of employment to _Low back_ .
   (parts of body injured)

2. The injury(ies) caused temporary disability for the period(s) _____ through _____ for which indemnity has been paid at $_____ per week. 2(a). The injury(ies) caused additional temporary disability for the period _____ through _____ at the rate of $_____ in the amount of $_____ .

3. The injury(ies) caused permanent disability of _17_ %, for which indemnity is payable at $_220_ per week beginning _8/18/06_ , in the sum of $13,310._ less credit for such payments previously made. And a life pension of _____ per week thereafter.

   Labor Code §4658(d) adjustment:    Increase rate to _____ as of _____.    Decrease rate to _____ as of _____.
   Increase rate per 4658 to PD in sum of $15,023.64

   Not applicable.

   An informal rating has/has not (select one) been previously issued. DEU # _G16722_

Page 1 of 3

Applicant/Employee: Tonicis Benjamin   WCAB No(s). SFO  0503863

4. There (is) ~~is not~~ a need for medical treatment to cure or relieve from the effects of said injury(ies).

5. Medical-legal expenses and/or liens are payable by defendant as follows:

Defendant to pay med/Legal expenses.

6. Applicant's attorney requests a fee of $ 1862 .   Fees to be commuted as follows: fast end .

7. Liens against compensation are payable as follows:

EDD to be paid back in Fall of TD ($278.12) rate for period 4/2/06 - 8/17/06 + ~~$1~~ in full satisfaction of lien.

8. Any accrued claims for Labor Code Section 5814 penalties are included in this settlement unless expressly excluded.

9. Other stipulations:

$140.36 owed to App for different btw TD rate & EDD rate of ($278.12 vs $271). Parties agree to agree medical bills for self-procured ~~with jurisdiction~~ reserve (?) MPN & Defendant to provide names of doctors in MPN if one exists by 10/17/07 or Applicant will choose her own. ~~Defendant to withhold from amount paid to EDD~~ ~~to pay App milo & Piast~~ 10/10/07

_____   _____
Dated              Attorney or Authorized Representative for Defendant
                   PACCASSI Firm
_____   Address of Attorney or Authorized Representative
Applicant          405  Howard St #610
                   SF, CA  94105
_____
Attorney or Authorized Representative for Applicant

345 Grove St SF CA 94102
Address of Attorney or Authorized Representative

_____
Interpreter

DWC WCAB Form 3 (Rev 10/2005)        Page 2 of 3

Applicant/Employee: TANICIA BENJAMIN    WCAB No(s). SFO 0503963

## ·--·· AWARD

AWARD IS MADE in favor of __TANICIA BENJAMIN_____ against

CNA _____ of:

(entity legally obligated to pay the award)

(A) Additional temporary disability indemnity in accordance with paragraph 2(a) above,

(B) Permanent disability indemnity in accordance with paragraph 3 above,

Less the sum of $ __1802_____, payable to applicant's attorney as the reasonable value of services rendered.
Fees are to be commuted pursuant to Paragraph 6.

(C) Liens in accordance with Paragraph 7 above,

(D) Further medical treatment in accordance with Paragraph 4 above,

(E) Reimbursement for medical-legal expenses in accordance with Paragraph 5 above,

(F) Stipulations in Paragraph 8 and 9 are approved.

(G) The matter is ordered off calendar / set for status/lien conference.

(H)

__10 | 10 10 2__
(Dated)

**Gene M. Lam**
WORKERS' COMPENSATION ADMINISTRATIVE LAW JUDGE
WORKERS' COMPENSATION APPEALS BOARD

On __10|10|07_____, this document ☒was
personally served on all persons appearing at the hearing on
said date, as set forth in the minutes of that hearing ☐was
personally served on

_____
_____
_____

☐was served by mail on all persons listed on the Official
Address Record ☐was served by mail on following party or
parties: _____

_____
_____

By _____

☐NOTICE TO: ·

Pursuant to Rule 10500, you are designated to serve this
document on all parties shown on the Official Address Record,
together with a proof of service. You shall maintain this proof
of service, which shall not be filed with the WCAB unless a
dispute arises regarding service. A copy of the current Official
Address Record accompanies this notice.

# Social Security Administration
## Retirement, Survivors and Disability Insurance

Important Information



Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date:  January 2, 2008
Claim Number:  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HA

000252112   01 AT    0.334   T963 T2R M04,1226,PC7,N,BA,

TANICIA L BENJAMIN
3023 ALBANY AVE
APT 104
DAVIS CA 95618-6139
IIilnnlilnllnnnlllnlnllnnnllnllililnnlnllilnnnlll

We are changing the day we make your monthly payments.  We are making this
change because the information we use to decide the payment date on this claim
has changed.

We must make payment on the third of the month to everyone entitled on a Social
Security record whenever anyone on that record:

• receives Supplemental Security Income (SSI) payments, or-railroad retirement
payments, or

• has income and/or resources considered when we determine whether an SSI
claimant is eligible for benefits, or

• moves outside the U.S., or

• has Medicare premiums paid by the state, or

• has payments garnished.

### What We Will Pay And When

- You will receive $639.00 for January 2008 around February 1, 2008.

- After that you will receive $639.00 on or about the third of each month.

C

See Next Page

JS 44 (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Tenizia Benjamin

## DEFENDANTS
Lewson Routing

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE

SIGNATURE OF ATTORNEY OF RECORD