1  WILLIAM F. TERHEYDEN, Bar No. 43940
   BLANE MARIE MALL, Bar No. 238357
2  OLGA SAVAGE, Bar No. 252009
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA  94108.2693
   Telephone:   415.433.1940
5
   Attorneys for Defendant
6  LAWSON ROOFING CO., INC.

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11  TANICIA BENJAMIN,                    Case No.  CV 08-01909 SI

12              Plaintiff,                DEFENDANT LAWSON ROOFING CO.,
                                          INC.'S ANSWER TO PLAINTIFF'S
13        v.                              EMPLOYMENT DISCRIMINATION
                                          COMPLAINT
14  LAWSON ROOFING CO.,

15              Defendant.

16

17         COMES NOW Defendant LAWSON ROOFING CO., INC. ("Defendant"), and for

18  its Answer to the Employment Discrimination Complaint filed by Plaintiff Tanicia Benjamin

19  ("Plaintiff") admits, denies and alleges as follows:

20                              **PARTIES**

21         1.    Answering Paragraph 1 of the Complaint, Defendant lacks sufficient

22  information or belief to respond to Paragraph 1 and, on that basis, denies, generally and specifically,

23  all allegations in Paragraph 1.

24         2.    Answering Paragraph 2 of the Complaint, Defendant admits all allegations in

25  Paragraph 2.

26                            **JURISDICTION**

27         3.    Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff

28  purports to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII") for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
EMPLOYMENT DISCRIMINATION
COMPLAINT

No. CV 08-01909 SI

employment discrimination but denies that Plaintiff has stated any valid claims for relief. Defendant admits that jurisdiction over Plaintiff's alleged claims is proper under 42 U.S.C. Section 2000e. Defendant admits that Plaintiff seeks equitable and other relief under 42 U.S.C. Section 2000e-5 but denies that Plaintiff is entitled to any type of relief.

## STATEMENT OF CLAIMS

4. Answering Paragraph 4 of the Complaint, Defendant denies, generally and specifically, all allegations in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Defendant denies, generally and specifically, all allegations in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff worked as an Apprentice Roofer in Defendant's Commercial Roofing and Waterproofing Department in the summer and fall of 2005. Defendant admits, on information and belief, that Zeferino Munoz ("Munoz") exposed his penis in 2005. Defendant admits that Plaintiff made an oral complaint to Dan Siri on January 5, 2006. Defendant admits that Munoz was terminated for inappropriate conduct in January 2006, but denies that Plaintiff was sexually harassed. Defendant admits that, after investigating Plaintiff's complaint, it offered Plaintiff the opportunity to voluntarily transfer to Defendant's Coating Department if she wanted to do so and, after Plaintiff accepted this offer, that Defendant transferred Plaintiff to this department. Defendant denies that Plaintiff's hours were drastically reduced, but admits that Plaintiff worked fewer hours in 2006 than in 2005. Except for those allegations specifically admitted, Defendant denies, generally and specifically, all other allegations in Paragraph 6.

7. Answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff purports that the alleged discrimination occurred on or about Fall of 2005 through January of 2006. Except for those allegations specifically admitted, Defendant denies, generally and specifically, all other allegations in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, Defendant admits, on information and belief, that Plaintiff filed a charge with the Federal Equal Employment Opportunity Commission ("EEOC") on February 21, 2006, in which she alleged claims of discrimination against Defendant.

DEFENDANT'S ANSWER TO PLAINTIFF'S
EMPLOYMENT DISCRIMINATION    2.    No. CV 08-01909 SI
COMPLAINT

Except for those allegations specifically admitted, Defendant denies, generally and specifically, all other allegations in Paragraph 8.

9. Answering Paragraph 9 of the Complaint, Defendant admits, on information and belief, that the EEOC issued a Notice-of-Right-to-Sue Letter to Plaintiff on January 9, 2008. Defendant lacks sufficient information or belief to respond to all other allegations in Paragraph 9, and, on that basis, denies, generally and specifically, all other allegations in Paragraph 9.

## DEMAND FOR JURY TRIAL

10. Answering Paragraph 10 of the Complaint, Defendant admits that Plaintiff demands a trial by jury for all claims for which a jury is permitted.

## PRAYER FOR RELIEF

11. Answering Paragraph 11 of the Complaint, Defendant denies, generally and specifically, each and every allegation in Paragraph 11, and further denies that Plaintiff is entitled to any type of relief, including injunctive orders, punitive or other damages, costs and attorney fees.

## AFFIRMATIVE DEFENSES

1. AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state facts sufficient to state any cause of action against Defendant.

2. AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, by the applicable statute of limitations, including but not limited to, 42 U.S.C. §§ 2000e *et* seq., or Plaintiff's failure to timely file a civil action under 42 U.S.C. § 2000e-5(f).

3. AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, by Plaintiff's failure to timely and completely exhaust the required administrative remedies.

4. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, to the extent that it seeks relief for discrimination and/or unlawful employment practices under Title VII not like or reasonably related to the allegations in any timely charge filed by Plaintiff with the EEOC or any other governmental agency.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S EMPLOYMENT DISCRIMINATION COMPLAINT    3.    No. CV 08-01909 SI

5. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, by Plaintiff's failure to timely and completely exhaust the requisite contractual or internal remedies available to her before commencing this action, including, but not limited to, her remedies under the applicable collective bargaining agreement.

6. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that it exercised reasonable care to prevent and promptly correct any harassing, discriminatory, retaliatory or otherwise unlawful behavior.

7. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, by the doctrine of avoidable consequences, because Defendant took reasonable steps to prevent and correct workplace discrimination and harassment, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to employees by Defendant, and reasonable use of Defendant's procedures would have prevented at least some of the harm that the Plaintiff allegedly suffered, and that Plaintiff's recovery from Defendant, if any, must be denied or reduced accordingly.

8. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that all actions taken toward Plaintiff were for legitimate, good-faith non-discriminatory and non-retaliatory reasons.

9. AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, because Plaintiff participated in and welcomed the conduct of which she now complains.

10. AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that assuming, *arguendo*, any employee or agent of Defendant engaged in any harassment or other unlawful conduct toward Plaintiff (which Defendant denies), that conduct was contrary to Defendant's express policies, occurred outside of the scope of any employment or agency relationship, and cannot be attributed to Defendant.

11. AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that, assuming *arguendo* any employee of Defendant engaged in any harassment

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
EMPLOYMENT DISCRIMINATION
COMPLAINT                 4.                    No. CV 08-01909 SI

or other unlawful conduct toward Plaintiff (which Defendant denies), Defendant neither knew nor reasonably should have known of the unlawful conduct and did not authorize, ratify or consent to any unlawful conduct.

12. AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that, to the extent Plaintiff seeks a remedy for any alleged mental, emotional or physical injuries, illnesses or disabilities, Plaintiff's claims are preempted, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act, Labor Code Section 3600, *et seq.*

13. AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Compliant is barred, in whole or in part, by the equitable doctrine of unclean hands.

14. AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, by the equitable doctrine of estoppel.

15. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, by the equitable doctrine of waiver.

16. AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complained is barred, in whole or in part, by the equitable doctrine of laches.

17. AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is estopped from bringing this action and/or her potential damages must be limited under the doctrine of after-acquired evidence.

18. AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for punitive or exemplary damages.

19. AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that it may not be liable for punitive damages because, at all relevant times, Defendant made bona fide efforts to prevent harassment and discrimination.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S EMPLOYMENT DISCRIMINATION COMPLAINT    5.    No. CV 08-01909 SI

20. AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that it may not be liable for punitive damages because, at all relevant times, Defendant had a suitable anti-discrimination and harassment policy in effect. *Kolstad v. ADA*, 527 U.S. 526 (1999).

21. AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages in general and/or as applied to the facts of this specific action would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

22. AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for attorneys' fees and costs.

23. AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for injunctive relief because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant, nor is there any other threat of irreparable harm.

24. AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the injuries and damages alleged in the Complaint were caused, in whole or in part, by Plaintiff's own acts or omissions or by the acts or omissions of persons or entities other than Defendant, and that Plaintiff's recovery from Defendant, if any, must be denied or reduced accordingly.

25. AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that if Plaintiff has obtained compensation from other sources for injuries alleged in the Complaint, Plaintiff's recovery from Defendant, if any, must be denied or reduced accordingly.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S EMPLOYMENT DISCRIMINATION COMPLAINT   6.   No. CV 08-01909 SI

26. AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to mitigate her alleged damages.

27. AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that it does not presently know all of the facts concerning the allegations in the Complaint sufficiently to state all affirmative defenses at this time, and reserves the right to seek leave to amend this Answer should it later discover facts to support additional affirmative defenses.

WHEREFORE, Defendant prays:

1. That Plaintiff take nothing by reason of the Complaint;

2. That judgment be entered in favor of Defendant, and against Plaintiff, and that the Complaint be dismissed with prejudice;

3. That Defendant be awarded its attorney's fees and costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: May 22, 2008

_____
BLANE M. MALL
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LAWSON ROOFING CO., INC.

Firmwide:85296673.2 051068.1002

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
EMPLOYMENT DISCRIMINATION
COMPLAINT

7.

No. CV 08-01909 SI

# PROOF OF SERVICE BY MAIL

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On May 22, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DEFENDANT LAWSON ROOFING CO., INC.'S ANSWER TO
PLAINTIFF'S EMPLOYMENT DISCRIMINATION COMPLAINT

in a sealed envelope, postage fully paid, addressed as follows:

Tanicia Benjamin
3023 Albany Avenue, Apt. 104
Davis, CA 95616

*Plaintiff In Pro Per*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 22, 2008, at San Francisco, California.

*Barbra K. Kearney*
Barbra K. Kearney

PROOF OF SERVICE

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940