WILLIAM F. TERHEYDEN, Bar No. 43940
BLANE MARIE MALL, Bar No. 238357
OLGA SAVAGE, Bar No. 252009
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
Email: bmall@littler.com

Attorneys for Defendant
LAWSON ROOFING CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TANICIA BENJAMIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAWSON ROOFING CO.,<br><br>　　　　　Defendant. | Case No. CV 08-01909 SI<br><br>**DEFENDANT LAWSON ROOFING'S CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Date:　　July 18, 2008<br>Time:　　200 p.m.<br>Judge:　　Hon. Susan Illston<br>Dept:　　Courtroom 10, 19th Floor |

　　　　Defendant Lawson Roofing Co. ("Lawson") submits this Case Management Statement and Rule 26(f) Report in anticipation of the case management conference scheduled for July 18, 2008 at 2:00 p.m., in Courtoom 10 before Hon. Susan Illston.

　　　　Despite repeated attempts by Lawson to contact Plaintiff to meet and confer, the parties were unable to participate in Rule 26(f) conference, Case Management Conference ("CMC") or ADR discussions until the afternoon of July 9, 2008, when Plaintiff returned defense counsel Blane M. Mall's prior telephone message. During the discussions on July 9, 2008, Plaintiff stated that she was unprepared to discuss any of the Rule 26(f) conference, CMC Statement or ADR-related issues at the present time. Plaintiff indicated that she was attempting to secure legal counsel and wanted a thirty day extension of time to fulfill her Rule 26(f), CMC and Initial Disclosure

obligations. Ms. Mall asked Plaintiff, as to each issue the parties are required to discuss, whether she was prepared to discuss these issues. Plaintiff stated that she was not. Ms. Mall suggested that she would draft and submit to Plaintiff for her review and approval a Joint Case Management Conference Statement and Rule 26(f) Report ("Joint Statement") indicating the parties' present positions. Plaintiff agreed to this arrangement and agreed to call Ms. Mall the following day no later than 5:00 p.m. (See Declaration of Blane M. Mall in Support of Defendant Lawson Roofing's Case Management Statement and Rule 26(f0 Report ("Mall Dec."), Exh. A, letter from Ms. Mall to Ms. Benjamin dated July 9, 2008.)

Based on this agreement, Ms. Mall drafted a Joint Statement for Plaintiff's review in an attempt to ensure that the parties' timely fulfilled their Rule 26(f) and CMC obligations. Ms. Mall emailed the draft Joint Statement to Plaintiff on July 10, 2008. (See Mall Decl., Exh. B, emails from Ms. Mall to Ms. Benjamin dated July 10, 2008, including attached proposed Joint Statement.) However, Plaintiff, subsequently refused to review the Joint Statement on the grounds that she does not have legal counsel. (See Mall Decl., Exh. C, letter from Ms. Mall to Ms. Benjamin dated July 10, 2008.) Plaintiff provided Ms. Mall with no explanation for her change in position with respect to her previous willingness to review the Joint Statement.

I.   **JURISDICTION AND SERVICE**

Lawson believes that this Court has subject matter jurisdiction over all of Plaintiff's claims. The Court has jurisdiction over Plaintiff's sexual harassment and retaliation claims pursuant to 42 U.S.C. Section 2000e-5. Insofar as Lawson is aware, all parties have been served and are subject to the Court's jurisdiction. Lawson has not filed any counterclaims in this action.

II.  **FACTS**

A.   **Defendant's Brief Description of Events Underlying The Action.**

This case arises from Plaintiff's former employment as an Apprentice with Lawson. In January 2005, Plaintiff alleged to Lawson that she had been sexually harassed by four of her Lawson co-workers: Zeferino Munoz, Leo Soto, Jose Avilez-Renderos, and Mario Flores-Avila. At no time during her employment did Plaintiff allege that she had been harassed by her co-worker Jimmy Gomez.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S CASE MANAGEMENT
STATEMENT AND RULE 26(F) REPORT                2.                Case No. CV 08-01909 SI

Lawson immediately investigated Plaintiff's allegations, interviewing Plaintiff, the four individuals whom she alleged had sexually harassed her, the foreman of the crew where the alleged conduct had occurred, and possible witnesses of the alleged harassment. Mr. Munoz admitted that he had exposed himself to Plaintiff, but also stated that Plaintiff had encouraged him to do this and that she had requested to measure his penis. Lawson immediately terminated Mr. Munoz's employment in light of his egregious behavior. The other three accused employees denied Plaintiff's allegations against them and there were no witnesses to any of the alleged inappropriate actions. Given these facts, and taking into account the fact that Plaintiff waited an extended period of time to raise her allegations, Lawson was unable to establish any inappropriate conduct by these three individuals. Lawson did, however, warn these three individuals that it does not condone sexual harassment, and that if they were found to engage in sexual harassment their employment would be terminated. Lawson also required these three employees to attend sexual harassment training. Numerous Lawson employees have subsequently indicated that Plaintiff engaged in inappropriate behavior (including sexual harassment) during her employment at Company.

Shortly after Lawson's investigation of Plaintiff's allegations concluded, Lawson asked Plaintiff if she wanted to transfer from the Roofing department to the Coatings department. Plaintiff chose to transfer to the Coating Department. In 2006, there was considerably less work available at Lawson due to significant inclement weather and a general decline in business. Because of this fact, Plaintiff received less hours through mid March 2006 than she received in 2005. This was not a result of any retaliatory action or motive by Lawson. In fact, Plaintiff received *more work* during this time period than four male employees (none of whom had ever filed a harassment claim) in the Coating department.

### III. LEGAL ISSUES

1. Whether Plaintiff was subjected to sexual harassment in violation of Title VII of the Civil Rights Act of 1964.

2. Whether Lawson unlawfully retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

3. Whether Plaintiff suffered any economic loss as a result of the acts alleged in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

3.

Case No. CV 08-01909 SI

the Complaint.

4. Whether Plaintiff suffered any emotional distress or pain and suffering as a result of the acts alleged in the Complaint.

5. Whether Plaintiff has mitigated her damages, if any.

## IV. MOTIONS

This case is in the initial stages of litigation and there are no prior or pending motions. Lawson anticipates filing a motion for summary judgment and a Protective Order (should the parties fail to reach an agreement regarding the handling of information protected by privilege or privacy rights), as well as other motions that might become necessary during the course of the litigation.

## V. AMENDMENT OF PLEADINGS

Lawson is unaware at this time of any need to amend its Answer or add additional affirmative defenses.

## VI. EVIDENCE PRESERVATION

Though Lawson believes it is unlikely that such evidence exists, Lawson recognizes that there may be electronic records and information relevant to the issues in dispute in this lawsuit. If it becomes apparent that the production of electronic records may become necessary, Lawson suggests that the parties meet and confer over the form of production of such information. In the meantime, it is expected that no relevant electronic data will be destroyed, altered or deleted.

## VII. DISCLOSURES

Lawson will provide Plaintiff with its Initial Disclosures under Federal Rule of Civil Procedure 26 as required on Friday, July 11, 2008.

Plaintiff has informed defense counsel that she does not intend to provide Lawson with her Initial Disclosures on Friday, July 11, 2008 as required.

## VIII. DISCOVERY

Lawson has not yet begun discovery in this action. Lawson intends to pursue the following methods of discovery: depositions, document requests, interrogatories and requests for admission. Lawson also intends to conduct third-party discovery and to notice depositions of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT        4.        Case No. CV 08-01909 SI

individuals with knowledge of facts relevant to this matter. It is Lawson's understanding that some material witnesses may presently reside outside of the United States of America. Lawson will pursue testimony from these individuals as necessary pursuant to the applicable laws.

Lawson believes discovery will be needed on the following subjects: Plaintiff's conduct during and after her employment at Lawson (including Plaintiff's mitigation efforts, if any), the basis or lack thereof of Plaintiff's allegations against Lawson, and all issues raised in Lawson's Answer and affirmative defenses.

Given that Plaintiff is presently unprepared to discuss any issues related to discovery, Lawson is unable to adequately craft a date-specific discovery plan. In light of discovery issues anticipated by Lawson, however, including the potential that numerous third-party witnesses may need to be deposed and the likelihood that some of this discovery is likely to take place outside of the United States, Lawson believes that the trial on this matter should be set on a date mutually convenient to the Court and the parties no earlier than May 2009. Lawson generally recommends that the parties follow the federal laws and local guidelines with respect to discovery and motion-practice deadlines. Lawson anticipates that it may need more than seven (7) hours to complete Plaintiff's deposition, and requests that the Court grant additional time.

Lawson also requests that the Court set a new Case Management Conference date and order Plaintiff to participate meaningfully in the meet and confer process as required by law.

## IX. CLASS ACTIONS

Lawson understands that Plaintiff has filed this lawsuit on behalf of herself only. It is not a class, complex or representative action.

## X. RELATED CASES

Lawson is unaware of any related cases.

## XI. RELIEF

Following trial, Lawson will request costs of suit and attorneys' fees.

## XII. SETTLEMENT AND ADR

Lawson has submitted to the Court and to the ADR division a Notice of Need For ADR Phone Conference. The Clerk of the ADR Program issued a Notice on July 11, 2008 setting an

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S CASE MANAGEMENT
STATEMENT AND RULE 26(F) REPORT

5.

Case No. CV 08-01909 SI

ADR Phone Conference for July 17, 2008 at 9:30 a.m. Lawson respectfully requests that the Court order Plaintiff (or her counsel, if she has secured counsel) to be available by phone to participate in this ADR Phone Conference.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Lawson does not consent to assignment to a Magistrate Judge.

### XIV. OTHER REFERENCES

Lawson believes this case is suitable for reference to binding arbitration.

### XV. NARROWING OF ISSUES

At this time, Lawson is unaware of any dispositive or partially dispositive issues that are appropriate for decision by motion or by agreement. Lawson anticipates that after further discovery, it will file a motion for summary judgment.

### XVI. EXPEDITED SCHEDULE

Lawson does not believe that this case can be handled on an expedited basis with streamlined procedures.

### XVII. SCHEDULING

Given that Plaintiff is presently unprepared to discuss any issues related to her case, Lawson is unable to adequately prose a date-specific schedule for the designation of experts, discovery cut-off, hearings on dispositive motions, the pretrial conference or trial. However, Lawson believes that the trial on this matter should be set on a date mutually convenient to the Court and the parties no earlier than May 2009. Lawson generally recommends that the parties follow the federal laws and local guidelines with respect to discovery and motion-practice deadlines. Lawson also respectfully requests that the Court set a new Case Management Conference date and order Plaintiff to participate in the meet and confer process, including being prepared to meaningfully discuss these issues, as required by law.

### XVIII. TRIAL

Lawson anticipates that Plaintiff will request a jury trial, based on her indication to that effect in her Complaint. Lawson estimates a five to seven day trial. Lawson believes that the trial on this matter should be set on a date mutually convenient to the Court and the parties no earlier

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S CASE MANAGEMENT
STATEMENT AND RULE 26(F) REPORT                6.                Case No. CV 08-01909 SI

than May 2009.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Lawson has filed a "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16. To date, Lawson is not aware of any non-party entities or persons that (1) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (2) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding. Lawson reserves the right to supplement this disclosure should additional facts become known to it during the discovery process.

## XX. OTHER MATTERS

Lawson is not aware of any other matters at this time that would facilitate the just, speedy or inexpensive disposition of this matter.

Dated: July 11, 2008

_____
BLANE M. MALL
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LAWSON ROOFING CO.

Firmwide:85856476.1 051068.1002

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S CASE MANAGEMENT
STATEMENT AND RULE 26(F) REPORT

7.

Case No. CV 08-01909 SI

## PROOF OF SERVICE BY MAIL

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On July 11, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DEFENDANT LAWSON ROOFING'S CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

in a sealed envelope, postage fully paid, addressed as follows:

Tanicia Benjamin
3023 Albany Avenue, Apt. 104
Davis, CA 95616

*Plaintiff In Pro Per*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 11, 2008, at San Francisco, California.

*/s/ Barbra K. Kearney*
Barbra K. Kearney

Firmwide:85314456.1 051068.1002

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROOF OF SERVICE