1   WILLIAM F. TERHEYDEN, Bar No. 43940
    BLANE MARIE MALL, Bar No. 238357
2   OLGA SAVAGE, Bar No. 252009
    LITTLER MENDELSON
3   A Professional Corporation
    650 California Street, 20th Floor
4   San Francisco, CA  94108.2693
    Telephone:    415.433.1940
5   Facsimile:    415.399.8490
    Email: bmall@littler.com
6
    Attorneys for Defendant
7   LAWSON ROOFING CO.

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  TANICIA BENJAMIN,                 Case No.  CV 08-01909 SI

13              Plaintiff,            **BLANE M. MALL'S DECLARATION IN
                                      SUPPORT OF DEFENDANT LAWSON
14      v.                            ROOFING'S CASE MANAGEMENT
                                      STATEMENT AND RULE 26(f) REPORT**
15  LAWSON ROOFING CO.,
                                      Date:     July 18, 2008
16              Defendant.            Time:     200 p.m.
                                      Judge:    Hon. Susan Illston
17                                    Dept:     Courtoom 10, 19th Floor

18

19          I, Blane M. Mall, hereby declare and state:

20          1.      I am a attorney at Littler Mendelson, A Professional Corporation, counsel for

21  Defendant Lawson Roofing Company in the above-entitled matter.  If called, I could testify to the

22  matters contained herein.  I make this declaration in support of Defendant Lawson Roofing's Case

23  Management Statement and Rule 26(f) Report.

24          2.      I repeatedly attempted to meet and confer with Plaintiff Tanicia Benjamin to

25  participate in the Rule 26(f) conference, Case Management Conference ("CMC") or ADR

26  discussions.

27          3.      I was unable to speak with Ms. Benjamin in person until July 9, 2008, when

28  she returned my telephone call to her from the previous week.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

BLANE M. MALL DECL. ISO JOINT CASE
MGMT. STATEMENT AND RULE 26(F) REPORT          Case No. CV 08-01909 SI

1    4.    During the discussions on July 9, 2008, Plaintiff stated that she was

2    unprepared to discuss any of the Rule 26(f) conference, CMC Statement or ADR-related issues at

3    that time.  She indicated that she was attempting to secure legal counsel and wanted a thirty day

4    extension of time to fulfill her Rule 26(f), CMC and Initial Disclosure obligations.  I informed her I

5    did not have the power to grant her an extension of time, but that she must request one from the

6    Court.  I asked Plaintiff, as to each issue the parties are required to discuss, whether she was

7    prepared to discuss these issues. Plaintiff stated that she was not. I then suggested that I would draft

8    and email to Plaintiff for her review and approval a Joint Case Management Conference Statement

9    and Rule 26(f) Report ("Joint Statement") indicating the parties' present positions and asked

10   Plaintiff whether she would agree to review the Joint Statement and call me the following day before

11   5:00 p.m.  Plaintiff agreed to this arrangement.  Attached hereto as Exhibit A is a true and correct

12   copy of the letter I sent to Ms. Benjamin on July 9, 2008 confirming this agreement and

13   summarizing our conversation.

14   5.    The following day, July 10, 2008, I drafted a Joint Statement and emailed it to

15   Plaintiff.  In my initial email to Ms. Benjamin, I failed to properly attach the Joint Statement.

16   Several minutes after sending this email, I sent a second email properly attaching the Joint

17   Statement.  Attached hereto as Exhibit B are true and correct copies of the emails (including the

18   attached Joint Statement) I sent to Ms. Benjamin on July 10, 2008.

19   6.    Ms. Benjamin called me July 10, 2008, at approximately 4:30 p.m.  She

20   indicated she had spoken to an attorney but was still not yet represented by counsel.  During this

21   discussion, it became apparent that Ms. Benjamin had not reviewed the Joint Statement but had

22   instead only read the text of my email to her.  I attempted to ascertain whether she had received the

23   email with the Joint Statement attached and offered to resend the email to her.  She subsequently

24   stated that she had been informed by her daughter that she was not able to see all of her emails.  I

25   repeatedly asked Ms. Benjamin whether she would be available the following morning to review the

26   Joint Statement if I sent it to her overnight via Federal Express.  Ms. Benjamin refused to review the

27   Joint Statement on the grounds that she did not have legal counsel.  Ms. Benjamin provided me with

28   no explanation for her change in position with respect to her previous willingness to review the Joint

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

BLANE M. MALL DECL. ISO JOINT CASE
MGMT. STATEMENT AND RULE 26(F) REPORT        2.                    Case No. CV 08-01909 SI

1  Statement.   Attached hereto as Exhibit C is a true and correct copy of the letter (including

2  attachments) I sent to Ms. Benjamin via Federal Express overnight on July 10, 2008 summarizing

3  our discussions.

4          I declare under penalty of perjury under the laws of the State of California that the

5  foregoing is true and correct.

6          Executed this ___11th___ day of July, 2008, at San Francisco, California.

7

8                                         BLANE M. MALL

9

10  Firmwide:85862047.1 051068.1002

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

BLANE M. MALL DECL. ISO JOINT CASE          3.                    Case No. CV 08-01909 SI
MGMT. STATEMENT AND RULE 26(F) REPORT

# EXHIBIT A



LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

July 9, 2008

Blane Marie Mall
Direct: 415.677.3121
Direct Fax: 415.743.6506
bmall@littler.com

**VIA EMAIL AND U.S. MAIL**

Ms. Tanicia Benjamin
3023 Albany Avenue, Apt. 104
Davis, CA  956163023

Re:     *Tanicia Benjamin v. Lawson Roofing Co.*
          **United States District Court Case No. C08-01909-SI**

Dear Ms. Benjamin:

I am writing to follow-up our Rule 26(f) meet and confer session this morning.  In spite of our repeated efforts to reach you previously by phone, and our telephone message informing you that the parties were required to conduct meet and confer conferences pursuant to Federal Rule of Civil Procedure section 26(f), we were unable to speak with you to participate in the Rule 26(f) conference, Case Management Conference or ADR discussions until this afternoon, when you returned my July 2, 2008 telephone message to you.

Although our deadline for meeting and conferring on these issues had passed, we nevertheless attempted to discuss with you a variety of issues pursuant to Court-mandated Case Management and Rule 26(f) conference requirements.

At the outset of our conversation, in response to my inquiry, you confirmed that you were not presently represented by counsel.  I informed you that the parties' initial disclosures were due this Friday, July 11, 2008 and asked if you planned on meeting your initial disclosure obligations at that time.  You stated that you did.  I raised several issues we are required to discuss by law, including ADR/settlement possibilities, discovery issues and timelines, and the deadline for the initial disclosures.  During this discussion, you initially stated that you wanted to take your case to a jury, but later indicated that you might be willing to engage in alternative dispute resolution.  When I raised the issue of discovery, you stated that you wanted to go through some paperwork and call me back later in the afternoon.  We agreed that you would call me back at 4:00 p.m. this afternoon.  Before we ended our discussion, I listed additional topics that we are obligated discuss and requested that you be prepared to address these issues during our subsequent call.

At the outset of our subsequent telephone call, you indicated that you had spoken to a lawyer, but that he had not yet committed to representing you.  You also stated that the lawyer you spoke with recommended that you inform me that you wanted an extension regarding your

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM®

650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940 Fax: 415.399.8490 www.littler.com

Ms. Tanicia Benjamin
July 9, 2008
Page 2

initial disclosures. In response to my inquiry, you also stated that you wanted a thirty-day extension on filing a Case Management Conference and a Federal Rule of Civil Procedure 26(f) report. I informed you that I was unable to grant extensions – and that such matters would need to be addressed to the Court.

I suggested that Defendant draft a Joint Case Management Conference Statement and Rule 26(f) report (the "Joint Statement"), and email it to you tomorrow for your review. We have agreed that I will email you this document tomorrow and that you will review the document and call me before 5:00 p.m. to discuss it. Towards this end, I indicated that I needed to get your position and/or some understanding regarding whether you were prepared to discuss the topics to be included in the Joint Statement. A summary of our discussion is as follows:

1. In response to my inquiry, you stated that you were not prepared to discuss any issues regarding jurisdiction and service or whether any other parties remain to be served. I asked you whether you were planning to add any additional parties and you indicated that you could not answer that question without the assistance of counsel.

2. I suggested that Defendant would draft a summary of the principal facts in dispute for your review and you agreed to review this summary.

3. In response to my inquiry, you stated that you were not prepared to discuss any of the legal issues at this time.

4. In response to my inquiry, you stated that you were not prepared to discuss any anticipated motions at this time. I informed you that Defendant anticipated filing a motion for summary judgment, as well as other motions that might become necessary during the course of the litigation.

5. In response to my inquiry, you stated that you were not prepared to discuss whether you expected to make an amendment to the pleadings. I informed you that Defendant was unaware at this time of any need to amend its Answer.

6. In response to my inquiry, you stated that you were not prepared to discuss any issues related to evidence preservation. I informed you that Defendant was taking steps to preserve all relevant evidence.

7. In response to my inquiry, you stated that you wanted to request a thirty-day extension of time to provide your initial disclosures. Contrary to your statement to me during our initial telephone call, you stated that you did not intend to provide initial disclosures by the July 11, 2008 deadline.

Ms. Tanicia Benjamin
July 9, 2008
Page 3

8.  In response to my inquiry, you stated that you were not prepared to discuss any issues related to discovery.

9.  In response to my inquiry, you stated that you were not presently prepared to discuss whether any related cases exist.  I informed you that Defendant was unaware of the existence of any related cases.

10. In response to my inquiry, you stated that you were not prepared to discuss any issues related to the amount or type of relief you are seeking.

11. In response to my inquiry, you stated that you were not prepared to discuss any issues related to settlement or ADR.

12. In response to my inquiry, you stated that you were not prepared to discuss whether you would consent to a Magistrate Judge for all purposes.  I informed you that Defendant does not consent to assignment to a Magistrate Judge.

13. In response to my inquiry, you stated that you were not prepared to discuss whether the case was suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  I informed you that Defendant believed the case was suitable for binding arbitration.

14. In response to my inquiry, you stated that you were not prepared to discuss whether there were any issues which could be narrowed by agreement or motion.

15. In response to my inquiry, you stated that you were not prepared to discuss whether this case is suitable for expedited scheduling.

16. In response to my inquiry, you stated that you were not prepared to discuss any issues related to proposed dates for designation of experts, discovery cutoff, pretrial conference or trial.

17. In response to my inquiry, you stated that you preferred to wait until you have counsel to discuss whether you want your case tried to a judge or a jury, or the expected length of the trial.

18. In response to my inquiry, you stated that you were not prepared to discuss whether you had filed a "Certification of Interested Entities or Persons."

19. You indicated throughout our discussions that you wanted to wait until you retained legal counsel to discuss the issues set forth in the Case Management Conference and Rule 26(f) conference requirements.

Ms. Tanicia Benjamin
July 9, 2008
Page 4

20. We agreed that I would summarize our telephone conversations in an letter and send that letter to you tonight. We also agreed that I would email you a suggested Joint Statement in the first half of the day tomorrow and that you would review the Joint Statement and call me to discuss it no later than 5:00 p.m. tomorrow, July 10, 2008.

I believe that the foregoing accurately reflects the substance of what we discussed during our calls. If you have any questions or comments about any of this, or if you disagree with anything in this letter, please let me know. Also, if there is anything I have excluded from this letter which you believe is material, please let me know that as well.

I look forward to speaking with you tomorrow.

Best regards,

Blane M. Mall

Blane M. Mall

Firmwide:85825906.1 051068.1002

# EXHIBIT B

## Mall, Blane M.

| | |
|---|---|
| **From:** | Mall, Blane M. |
| **Sent:** | Thursday, July 10, 2008 12:30 PM |
| **To:** | plussizebarbie68@yahoo.com |
| **Subject:** | Lawson Roofing: Suggested Joint CMC Statement and Rule 26(f) Report |

**Attachments:** Joint Case Management Statement.nrl

Ms. Benjamin,

Per our agreement yesterday afternoon, I am sending for your review the attached Joint CMC Statement and Rule 26(f) Report. Based on our discussions yesterday, I believe this Statement accurately reflects your position and Lawson Roofing's position (including the fact that your position and Lawson's positions are different with respect to the facts, etc.).

Per our agreement, I anticipate that you will review this document and contact me by no later than 5 p.m. today. If you consent to have Lawson file this Statement jointly on behalf of both yourself and Lawson, please communicate that to me in writing. If you believe this Statement does not accurately reflect your current position, I am happy to discuss any proposed changes you would like to make to the Statement with respect to your position during our anticipated telephone call this afternoon.

If you do not consent to file this Statement (or a version of the Statement that is amended to reflect your current position) jointly, please be on notice that Lawson intends to file its own Statement separately with the Court tomorrow and will inform the Court of the parties' inability to agree on the filing of a Joint Statement.

If you have any questions, please do not hesitate to contact me.

Best regards,

Blane M. Mall
Littler Mendelson, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108
415.677.3121

## Mall, Blane M.

**From:**       Mall, Blane M.
**Sent:**        Thursday, July 10, 2008 12:35 PM
**To:**          plussizebarbie68@yahoo.com
**Subject:**    FW: Lawson Roofing: Suggested Joint CMC Statement and Rule 26(f) Report
**Attachments:** Joint Case Management Statement.pdf

Ms. Benjamin,

My apologies. I did not properly attach the document to my previous email. It is attached to this email for your review.

Best regards,

Blane M. Mall
Littler Mendelson, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108
415.677.3121

---

**From:** Mall, Blane M.
**Sent:** Thursday, July 10, 2008 12:30 PM
**To:** plussizebarbie68@yahoo.com
**Subject:** Lawson Roofing: Suggested Joint CMC Statement and Rule 26(f) Report

Ms. Benjamin,

Per our agreement yesterday afternoon, I am sending for your review the attached Joint CMC Statement and Rule 26(f) Report. Based on our discussions yesterday, I believe this Statement accurately reflects your position and Lawson Roofing's position (including the fact that your position and Lawson's positions are different with respect to the facts, etc.).

Per our agreement, I anticipate that you will review this document and contact me by no later than 5 p.m. today. If you consent to have Lawson file this Statement jointly on behalf of both yourself and Lawson, please communicate that to me in writing. If you believe this Statement does not accurately reflect your current position, I am happy to discuss any proposed changes you would like to make to the Statement with respect to your position during our anticipated telephone call this afternoon.

If you do not consent to file this Statement (or a version of the Statement that is amended to reflect your current position) jointly, please be on notice that Lawson intends to file its own Statement separately with the Court tomorrow and will inform the Court of the parties' inability to agree on the filing of a Joint Statement.

If you have any questions, please do not hesitate to contact me.

Best regards,

Blane M. Mall
Littler Mendelson, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108
415.677.3121

WILLIAM F. TERHEYDEN, Bar No. 43940
BLANE MARIE MALL, Bar No. 238357
OLGA SAVAGE, Bar No. 252009
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:    415.433.1940
Facsimile:    415.399.8490
Email: bmall@littler.com

Attorneys for Defendant
LAWSON ROOFING CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TANICIA BENJAMIN,<br><br>    Plaintiff,<br><br>  v.<br><br>LAWSON ROOFING CO.,<br><br>    Defendant. | Case No. CV 08-01909 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Date:   July 18, 2008<br>Time:   200 p.m.<br>Judge:  Hon. Susan Illston<br>Dept:   Courtoom 10, 19th Floor |

    The Parties, Plaintiff Tanicia Benjamin ("Plaintiff") and Defendant Lawson Roofing Co. ("Lawson") jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the case management conference scheduled for July 18, 2008 at 2:00 p.m., in Courtoom 10 before Hon. Susan Illston.

    Despite repeated attempts by Lawson to contact Plaintiff to meet and confer, the parties were unable to participate in the Rule 26(f) conference, Case Management Conference or ADR discussions until the afternoon of July 9, 2008, when Plaintiff returned defense counsel Blane M. Mall's telephone message from the previous week. During these discussions, Plaintiff stated that she was unprepared to discuss any of the Rule 26(f) conference, Case Management Conference or ADR-related issues at the present time. Plaintiff indicated that she was attempting to secure legal

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT

Case No. CV 08-01909 SI

1  counsel and stated that she wanted a thirty day extension of time to address these issues. Ms. Mall

2  asked Plaintiff, as to each issue the parties are required to discuss, whether she was prepared to

3  discuss these issues. Plaintiff stated that she was not. Ms. Mall suggested that she would draft and

4  submit to Plaintiff for her review and approval a Joint Case Management Conference Statement and

5  Rule 26(f) Report indicating the parties' present positions. Plaintiff agreed to this arrangement. Ms.

6  Mall emailed a draft Statement to Plaintiff on July 10, 2008. Plaintiff consented to jointly submit

7  this Statement to the Court.

8  **I.    JURISDICTION AND SERVICE**

9  This Court has subject matter jurisdiction over all of Plaintiff's claims. The Court has

10  jurisdiction over Plaintiff's sexually harassment and retaliation claims pursuant to 42 U.S.C. Section

11  2000e-5. All parties have been served and are subject to the Court's jurisdiction. Lawson has not

12  filed any counterclaims in this action.

13  **II.   FACTS**

14      **A.    Brief Description of Events Underlying The Action.**

15          **1.    Plaintiff's Description Of The Case**

16  Plaintiff alleges that she was sexually harassed by five male co-workers during her

17  employment at Lawson. In addition, Plaintiff alleges that Lawson retaliated against her for reporting

18  this harassment by transferring her to a different department and that her hours were reduced.

19  Plaintiff alleges that Lawson terminated the employment of one of the alleged harassers but did

20  nothing regarding the sexual harassment by the other alleged harassers.

21          **2.    Defendant's Description Of The Case**

22  This case arises from Plaintiff's former employment as an Apprentice with Lawson.

23  In January 2005, Plaintiff alleged to Lawson that she had been sexually harassed by four of her

24  Lawson co-workers: Zeferino Munoz, Leo Soto, Jose Avilez-Renderos, Mario Flores-Avila. At no

25  time during her employment did Plaintiff allege that she had been harassed by her co-worker Jimmy

26  Gomez.

27  Lawson immediately investigated Plaintiff's allegations, interviewing Plaintiff, the

28  four individuals whom she alleged had sexually harassed her, the foreman of the crew where the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT                    2.                    Case No. CV 08-01909 SI

1    alleged conduct had occurred, and possible witness of the alleged harassment. Mr. Munoz admitted

2    that he had exposed himself to Plaintiff, but also stated that Plaintiff had encouraged him to do this

3    and requested to measure his penis. Lawson immediately terminated Mr. Munoz's employment in

4    light of his egregious behavior. The other three accused employees denied Plaintiff's allegations

5    against them and there were no witnesses to any of the alleged inappropriate actions. Given this

6    fact, and taking into account the fact that Plaintiff waited an extended period of time to raise her

7    allegations, Lawson was unable to establish any inappropriate conduct by these three individuals.

8    Lawson did, however, warn these three individuals that it does not condone sexual harassment, and

9    that if they were found to engage in sexual harassment they would be terminated. Lawson also

10    required these three employees to attend sexual harassment training. Numerous Lawson employees

11    have subsequently indicated that Plaintiff engaged in inappropriate behavior (including sexual

12    harassment) during her employment at Company.

13        Shortly after Lawson's investigation of Plaintiff's allegations concluded, Lawson

14    asked Plaintiff if she wanted to transfer from the Roofing department to the Coatings department.

15    Plaintiff chose to transfer to the Coating Department. In 2006, there was considerably less work

16    available at Lawson due to significant inclement weather and a general decline in business. Because

17    of this fact, Plaintiff received less hours through mid March 2006 than she received in 2005. This

18    was not a result of any retaliatory action or motive by Lawson. In fact, Plaintiff received more work

19    during this time period than four male employees (none of whom had ever filed a harassment claim)

20    in the Coating department.

21 **III.  LEGAL ISSUES**

22      **A.  Legal Issues Identified By Plaintiff**

23        Plaintiff is not presently represented by counsel and she is unprepared to discuss this

24    issue until she retains counsel. She also desires a thirty day extension of time to submit this

25    information to the Court.

26      **B.  Legal Issues Identified By Defendant**

27      1.  Whether Plaintiff was subjected to sexual harassment in violation of Title VII of the Civil

28         Rights Act of 1964.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT      3.      Case No.  CV 08-01909 SI

2.  Whether Lawson unlawfully retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

3.  Whether Plaintiff suffered any economic loss as a result of the acts alleged in the Complaint.

4.  Whether Plaintiff suffered any emotional distress or pain and suffering as a result of the acts alleged in the Complaint.

5.  Whether Plaintiff has mitigated her damages, if any.

## IV.  MOTIONS

This case is in the initial stages of litigation and there are no prior or pending motions.

### A.  Plaintiff's Anticipated Motions

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this information to the Court.

### B.  Defendant's Anticipated Motions

Lawson anticipates filing a motion for summary judgment and a Protective Order (should Plaintiff seek to discover information protected by privilege or privacy rights), as well as other motions that might become necessary during the course of the litigation.

## V.  AMENDMENT OF PLEADINGS

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this information to the Court.

Lawson is unaware at this time of any need to amend its Answer or add additional affirmative defenses.

## VI.  EVIDENCE PRESERVATION

### A.  Plaintiff's Actions

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT                4.                Case No. CV 08-01909 SI

1    information to the Court.

2    **B.    Defendant's Actions**

3    Though Lawson believes it is unlikely that such evidence exists, Lawson recognizes

4    that there may be electronic records and information relevant to the issues in dispute in this lawsuit.

5    If it becomes apparent that the production of electronic records may become necessary, Lawson

6    suggests that the parties meet and confer over the form of production of such information. In the

7    meantime, it is expected that no relevant electronic data will be destroyed, altered or deleted.

8    **VII.    DISCLOSURES**

9    Plaintiff is not presently represented by counsel and she informed Lawson's counsel,

10    Blane M. Mall, during the parties meet and confer process that she does not intend to provide

11    Lawson with her Initial Disclosures on Friday, July 11, 2008 as required. She also stated that she

12    desires a thirty day extension of time to provide Lawson with this information.

13    Lawson will provide Plaintiff with its Initial Disclosures under Federal Rule of Civil

14    Procedure 26 as required on Friday, July 11, 2008.

15    **VIII.    DISCOVERY**

16    **A.    Plaintiff's Discovery**

17    Plaintiff is not presently represented by counsel and she is unprepared to discuss this

18    issue until she retains counsel. She also desires a thirty day extension of time to submit this

19    information to the Court.

20    **B.    Defendant's Discovery**

21    Lawson has not yet begun discovery in this action. Lawson intends to pursue the

22    following methods of discovery: depositions, document requests, interrogatories and requests for

23    admission. Lawson also intends to conduct third-party discovery and to notice depositions of

24    individuals with knowledge of facts relevant to this matter. It is Lawson's understanding that some

25    material witnesses may presently reside outside of the United States of America. Lawson will

26    pursue testimony from these individuals as necessary pursuant to the applicable laws.

27    Lawson believes discovery will be needed on the following subjects: Plaintiff's

28    conduct during and after her employment at Lawson (including Plaintiff's mitigation efforts, if any),

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT                    5.                    Case No. CV 08-01909 SI

1    the basis or lack thereof of Plaintiff's allegations against Lawson, and all issues raised in Lawson's

2    Answer and affirmative defenses.

3        Given that Plaintiff is presently unprepared to discuss any issues related to discovery,

4    Lawson is unable to adequately craft a date-specific discovery plan.  In light of discovery issues

5    anticipated by Lawson, however, including the potential that numerous third-party witnesses may

6    need to be deposed and the likelihood that some of this discovery is likely to take place outside of

7    the United States, Lawson believes that the trial on this matter should be set on a date mutually

8    convenient to the Court and the parties no earlier than May 2009.  Lawson generally recommends

9    that the parties follow the federal laws and local guidelines with respect to discovery and motion-

10    practice deadlines.  Lawson anticipates that it may need more than seven (7) hours to complete

11    Plaintiff's deposition, and requests that the Court grant additional time.

12        Lawson also requests that the Court set a new Case Management Conference date and

13    order Plaintiff to participate meaningfully in the meet and confer process as required by law.

14    **IX.    CLASS ACTIONS**

15        Plaintiff has filed this lawsuit on behalf of herself only.  It is not a class, complex or

16    representative action.

17    **X.    RELATED CASES**

18        Plaintiff is not presently represented by counsel and she is unprepared to discuss this

19    issue until she retains counsel.  She also desires a thirty day extension of time to submit this

20    information to the Court.

21        Lawson is unaware of any related cases.

22    **XI.    RELIEF**

23        **A.    Plaintiff's Position**

24        Plaintiff is not presently represented by counsel and she is unprepared to discuss this

25    issue until she retains counsel.  She also desires a thirty day extension of time to submit this

26    information to the Court.

27        **B.    Defendant's Position**

28        Following trial, Lawson will request costs of suit and attorneys' fees.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT

6.

Case No.  CV 08-01909 SI

1  **XII.    SETTLEMENT AND ADR**

2  Plaintiff is not presently represented by counsel and she is unprepared to discuss this

3  issue until she retains counsel.  She also desires a thirty day extension of time to submit this

4  information to the Court.

5  Lawson has submitted to the Court and to the ADR division a Notice of Need For

6  ADR Phone Conference.  Lawson respectfully requests that the Court order Plaintiff (or her counsel,

7  if she has secured counsel) to participate in this ADR Phone Conference once the date is set.

8  **XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

9  Plaintiff is not presently represented by counsel and she is unprepared to discuss this

10  issue until she retains counsel.  She also desires a thirty day extension of time to submit this

11  information to the Court.

12  Lawson does not consent to assignment to a Magistrate Judge.

13  **XIV.    OTHER REFERENCES**

14  Plaintiff is not presently represented by counsel and she is unprepared to discuss this

15  issue until she retains counsel.  She also desires a thirty day extension of time to submit this

16  information to the Court.

17  Lawson believes this case is suitable for reference to binding arbitration.

18  **XV.    NARROWING OF ISSUES**

19  Plaintiff is not presently represented by counsel and she is unprepared to discuss this

20  issue until she retains counsel.  She also desires a thirty day extension of time to submit this

21  information to the Court.

22  At this time, Lawson is unaware of any dispositive or partially dispositive issues that

23  are appropriate for decision by motion or by agreement.  Lawson anticipates that after further

24  discovery, it will file a motion for summary judgment.

25  **XVI.    EXPEDITED SCHEDULE**

26  Plaintiff is not presently represented by counsel and she is unprepared to discuss this

27  issue until she retains counsel.  She also desires a thirty day extension of time to submit this

28  information to the Court.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT                7.                Case No.  CV 08-01909 SI

1    Lawson does not believe that this case can be handled on an expedited basis with
2    streamlined procedures.

3    **XVII. SCHEDULING**

4    Plaintiff is not presently represented by counsel and she is unprepared to discuss this
5    issue until she retains counsel.  She also desires a thirty day extension of time to submit this
6    information to the Court.

7    Given that Plaintiff is presently unprepared to discuss any issues related to her case,
8    Lawson is unable to adequately prose a date-specific schedule for the designation of experts,
9    discovery cut-off, hearings on dispositive motions, the pretrial conference or trial.  However,
10   Lawson believes that the trial on this matter should be set on a date mutually convenient to the Court
11   and the parties no earlier than May 2009.  Lawson generally recommends that the parties follow the
12   federal laws and local guidelines with respect to discovery and motion-practice deadlines.  Lawson
13   also respectfully requests that the Court set a new Case Management Conference date and order
14   Plaintiff to participate in the meet and confer process, including being prepared to meaningfully
15   discuss these issues, as required by law.

16   **XVIII. TRIAL**

17   Plaintiff is not presently represented by counsel and she is unprepared to discuss this
18   issue until she retains counsel.  She also desires a thirty day extension of time to submit this
19   information to the Court.

20   Lawson anticipates that Plaintiff will request a jury trial, based on her indication to
21   that effect in her Complaint.  Lawson estimates a five to seven day trial.  Lawson believes that the
22   trial on this matter should be set on a date mutually convenient to the Court and the parties no earlier
23   than May 2009.

24   **XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

25       **A.    Plaintiff's Disclosure**

26   Plaintiff is not presently represented by counsel and she is unprepared to discuss this
27   issue until she retains counsel.  She also desires a thirty day extension of time to submit this
28   information to the Court.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT              8.              Case No.  CV 08-01909 SI

1    **B.    Defendant's Disclosure**

2    Lawson has filed a "Certification of Interested Entities or Persons" pursuant to Civil

3    Local Rule 3-16 but anticipates filing this certification as soon as possible.  To date, Lawson is not

4    aware of any non-party entities or persons that (1) have a financial interest in the subject matter in

5    controversy or in a party to the proceeding; or (2) have a non-financial interest in the subject matter

6    or in a party that could be substantially affected by the outcome of this proceeding.  Lawson reserves

7    the right to supplement this disclosure should additional facts become known to it during the

8    discovery process.

9    **XX.    OTHER MATTERS**

10    Plaintiff is not presently represented by counsel and she is unprepared to discuss this

11    issue until she retains counsel.  She also desires a thirty day extension of time to submit this

12    information to the Court.

13    Lawson is not aware of any other matters at this time that would facilitate the just,

14    speedy or inexpensive disposition of this matter.

15

16

17    Dated: July _____, 2008

18

19    _____
     BLANE M. MALL

20    LITTLER MENDELSON
     A Professional Corporation
     Attorneys for Defendant

21    LAWSON ROOFING CO.

22

     Firmwide:85811507.1 051068.1002

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
850 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT        9.                    Case No.  CV 08-01909 SI
AND RULE 26(f) REPORT

# EXHIBIT C



LITTLER MENDELSON ®

A PROFESSIONAL CORPORATION

July 10, 2008

Blane Marie Mall
Direct: 415.677.3121
Direct Fax: 415.743.6506
bmall@littler.com

**VIA FEDERAL EXPRESS**

Ms. Tanicia Benjamin
3023 Albany Avenue, Apt. 104
Davis, CA 956163023

Re:    *Tanicia Benjamin v. Lawson Roofing Co.*
       **United States District Court Case No. C08-01909-SI**

Dear Ms. Benjamin:

The purposes of this letter is to summarize our telephone discussions this afternoon with respect to the parties' Rule 26(f) and Case Management Conference Statement obligations.

Yesterday we agreed that I would draft and email to you today a suggested Joint Statement. You agreed to review the Joint Statement and call me to discuss it no later than 5:00 p.m. today. I sent you an email at 12:29 p.m. today, explaining Lawson Roofing's ("Lawson") position regarding filing a Statement by the July 11, 2008 deadline and indicating that the Joint Statement was attached. (See the attached email sent at 12:29 p.m. today.) Unfortunately, I failed to properly attach the Joint Statement to this email. Several minutes later, I sent you a second email with the Joint Statement attached correctly. (See the attached email sent at 12:33 p.m. and the Joint Statement attached thereto.)

You telephoned me at approximately 4:31 p.m. today. At the outset of our discussion, you indicated that I had not included your request for a thirty day extension in the Joint Statement I sent you. I gathered from this that you had not reviewed the Joint Statement, which mentions no less than 17 times the fact that you desire a thirty day extension of time to meet your Case Management Conference, Rule 26(f) and Initial Disclosures obligations. After some discussion, it became clear that you were reading the text of my email, rather than the Joint Statement itself. I then asked you repeatedly whether you received my 12:33 p.m. email and the attached Joint Statement. You indicated that you had "messed something up," with your email program. We then agreed that I would resend you the email and the Joint Statement and that you would call me back in ten minutes time. While I was in the process of sending this email to you, you telephoned me and told me not to attempt to send the email. You stated that your daughter had informed you that you were not receiving and/or able to see all of your emails.

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM ℠

650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490  www.littler.com

CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MASSACHUSETTS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
TEXAS
WASHINGTON

Ms. Tanicia Benjamin
July 10, 2008
Page 2

You asked whether Lawson would consent to a thirty day extension of time for you to fulfill your to meet your Case Management Conference, Rule 26(f) and Initial Disclosures obligations. I reiterated to you that Lawson did not have the power to grant you an extension of time and that you would need to raise this issue with the Court. I further informed you that Lawson was prepared to timely meet its CMC and Rule 26(f) obligations and did not wish to drag out this litigation.

I asked you three times during this conversation whether, in light of the issues with your email program, you would be home tomorrow, July 11, 2008, in the morning and available to review the Joint Statement if we sent it to you overnight by Federal Express. You initially responded by suggesting that we leave your portion of the Joint Statement blank because you are currently without counsel and stated that you could not respond without counsel. You subsequently repeated your request that Lawson consent to a thirty day extension. I again reiterated Lawson's position and informed you that Lawson had diligently prepared to meet its present obligations (including my numerous attempts to communicate with you) and did not wished to be prejudiced by further delay. You disagreed with my use of the term "numerous." I explained to you that, through our recent telephone discussions and my previous phone messages to you, I had attempted to communicate with you to resolve this matter six times. You finally stated that you would not be prepared to review the Joint Statement if I sent it to you for arrival tomorrow morning because you were presently without counsel.

Ms. Benjamin, yesterday, despite the fact that you were not represented by counsel, you agreed to review the Joint Statement. Based on this agreement, I spent several hours this morning drafting a Joint Statement for your review in an attempt to ensure that the parties' Rule 26(f) and CMC obligations are timely fulfilled. Had I known you would change your mind today and refuse to review the Joint Statement, I would not have spent valuable time preparing it—but would have instead prepared a Separate Statement for my client. I am unaware of any material change to your circumstances with respect to this litigation that occurred between the time of our agreement yesterday and the time of our last discussion today to justify your refusal. You have had three months since you filed your Complaint against Lawson to secure counsel and ensure that you were prepared to fulfill your litigation obligations.

Ms. Tanicia Benjamin
July 10, 2008
Page 3


I believe that the foregoing accurately reflects the substance of what we discussed during our calls.  If you have any questions or comments about any of this, or if you disagree with anything in this letter, please let me know.  Also, if there is anything I have excluded from this letter which you believe is material, please let me know that as well.

Best regards,

Blane M. Mall

Enclosures

## Mall, Blane M.

| | |
|---|---|
| **From:** | Mall, Blane M. |
| **Sent:** | Thursday, July 10, 2008 12:30 PM |
| **To:** | plussizebarbie68@yahoo.com |
| **Subject:** | Lawson Roofing: Suggested Joint CMC Statement and Rule 26(f) Report |

**Attachments:** Joint Case Management Statement.nrl

Ms. Benjamin,

Per our agreement yesterday afternoon, I am sending for your review the attached Joint CMC Statement and Rule 26(f) Report. Based on our discussions yesterday, I believe this Statement accurately reflects your position and Lawson Roofing's position (including the fact that your position and Lawson's positions are different with respect to the facts, etc.).

Per our agreement, I anticipate that you will review this document and contact me by no later than 5 p.m. today. If you consent to have Lawson file this Statement jointly on behalf of both yourself and Lawson, please communicate that to me in writing. If you believe this Statement does not accurately reflect your current position, I am happy to discuss any proposed changes you would like to make to the Statement with respect to your position during our anticipated telephone call this afternoon.

If you do not consent to file this Statement (or a version of the Statement that is amended to reflect your current position) jointly, please be on notice that Lawson intends to file its own Statement separately with the Court tomorrow and will inform the Court of the parties' inability to agree on the filing of a Joint Statement.

If you have any questions, please do not hesitate to contact me.

Best regards,

Blane M. Mall
Littler Mendelson, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108
415.677.3121

## Mall, Blane M.

| | |
|---|---|
| **From:** | Mall, Blane M. |
| **Sent:** | Thursday, July 10, 2008 12:35 PM |
| **To:** | plussizebarbie68@yahoo.com |
| **Subject:** | FW: Lawson Roofing: Suggested Joint CMC Statement and Rule 26(f) Report |
| **Attachments:** | Joint Case Management Statement.pdf |

Ms. Benjamin,

My apologies.  I did not properly attach the document to my previous email.  It is attached to this email for your review.

Best regards,

Blane M. Mall
Littler Mendelson, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108
415.677.3121

---

**From:** Mall, Blane M.
**Sent:** Thursday, July 10, 2008 12:30 PM
**To:** plussizebarbie68@yahoo.com
**Subject:** Lawson Roofing: Suggested Joint CMC Statement and Rule 26(f) Report

Ms. Benjamin,

Per our agreement yesterday afternoon, I am sending for your review the attached Joint CMC Statement and Rule 26(f) Report.  Based on our discussions yesterday, I believe this Statement accurately reflects your position and Lawson Roofing's's position (including the fact that your position and Lawson's positions are different with respect to the facts, etc.).

Per our agreement, I anticipate that you will review this document and contact me by no later than 5 p.m. today.  If you consent to have Lawson file this Statement jointly on behalf of both yourself and Lawson, please communicate that to me in writing.  If you believe this Statement does not accurately reflect your current position, I am happy to discuss any proposed changes you would like to make to the Statement with respect to your position during our anticipated telephone call this afternoon.

If you do not consent to file this Statement (or a version of the Statement that is amended to reflect your current position) jointly, please be on notice that Lawson intends to file its own Statement separately with the Court tomorrow and will inform the Court of the parties' inability to agree on the filing of a Joint Statement.

If you have any questions, please do not hesitate to contact me.

Best regards,

Blane M. Mall
Littler Mendelson, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108
415.677.3121

7/10/2008

1  WILLIAM F. TERHEYDEN, Bar No. 43940
   BLANE MARIE MALL, Bar No. 238357
2  OLGA SAVAGE, Bar No. 252009
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
5  Facsimile:    415.399.8490
   Email:  bmall@littler.com
6
   Attorneys for Defendant
7  LAWSON ROOFING CO.

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12  TANICIA BENJAMIN,                    Case No.  CV 08-01909 SI

13              Plaintiff,               **JOINT CASE MANAGEMENT
                                         STATEMENT AND RULE 26(f) REPORT**
14      v.
                                         Date:     July 18, 2008
15  LAWSON ROOFING CO.,                  Time:     200 p.m.
                                         Judge:    Hon. Susan Illston
16              Defendant.               Dept:     Courtoom 10, 19th Floor

17

18          The Parties, Plaintiff Tanicia Benjamin ("Plaintiff") and Defendant Lawson Roofing

19  Co. ("Lawson") jointly submit this Joint Case Management Statement and Rule 26(f) Report in

20  anticipation of the case management conference scheduled for July 18, 2008 at 2:00 p.m., in

21  Courtoom 10 before Hon. Susan Illston.

22          Despite repeated attempts by Lawson to contact Plaintiff to meet and confer, the

23  parties were unable to participate in the Rule 26(f) conference, Case Management Conference or

24  ADR discussions until the afternoon of July 9, 2008, when Plaintiff returned defense counsel Blane

25  M. Mall's telephone message from the previous week.  During these discussions, Plaintiff stated that

26  she was unprepared to discuss any of the Rule 26(f) conference, Case Management Conference or

27  ADR-related issues at the present time.  Plaintiff indicated that she was attempting to secure legal

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT                                    Case No.  CV 08-01909 SI

1   counsel and stated that she wanted a thirty day extension of time to address these issues. Ms. Mall

2   asked Plaintiff, as to each issue the parties are required to discuss, whether she was prepared to

3   discuss these issues. Plaintiff stated that she was not. Ms. Mall suggested that she would draft and

4   submit to Plaintiff for her review and approval a Joint Case Management Conference Statement and

5   Rule 26(f) Report indicating the parties' present positions. Plaintiff agreed to this arrangement. Ms.

6   Mall emailed a draft Statement to Plaintiff on July 10, 2008. Plaintiff consented to jointly submit

7   this Statement to the Court.

8   **I.    JURISDICTION AND SERVICE**

9        This Court has subject matter jurisdiction over all of Plaintiff's claims. The Court has

10  jurisdiction over Plaintiff's sexually harassment and retaliation claims pursuant to 42 U.S.C. Section

11  2000e-5. All parties have been served and are subject to the Court's jurisdiction. Lawson has not

12  filed any counterclaims in this action.

13  **II.   FACTS**

14      **A.    Brief Description of Events Underlying The Action.**

15          **1.    Plaintiff's Description Of The Case**

16        Plaintiff alleges that she was sexually harassed by five male co-workers during her

17  employment at Lawson. In addition, Plaintiff alleges that Lawson retaliated against her for reporting

18  this harassment by transferring her to a different department and that her hours were reduced.

19  Plaintiff alleges that Lawson terminated the employment of one of the alleged harassers but did

20  nothing regarding the sexual harassment by the other alleged harassers.

21          **2.    Defendant's Description Of The Case**

22        This case arises from Plaintiff's former employment as an Apprentice with Lawson.

23  In January 2005, Plaintiff alleged to Lawson that she had been sexually harassed by four of her

24  Lawson co-workers: Zeferino Munoz, Leo Soto, Jose Avilez-Renderos, Mario Flores-Avila. At no

25  time during her employment did Plaintiff allege that she had been harassed by her co-worker Jimmy

26  Gomez.

27        Lawson immediately investigated Plaintiff's allegations, interviewing Plaintiff, the

28  four individuals whom she alleged had sexually harassed her, the foreman of the crew where the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT                    2.                    Case No. CV 08-01909 SI

1   alleged conduct had occurred, and possible witness of the alleged harassment. Mr. Munoz admitted

2   that he had exposed himself to Plaintiff, but also stated that Plaintiff had encouraged him to do this

3   and requested to measure his penis. Lawson immediately terminated Mr. Munoz's employment in

4   light of his egregious behavior. The other three accused employees denied Plaintiff's allegations

5   against them and there were no witnesses to any of the alleged inappropriate actions. Given this

6   fact, and taking into account the fact that Plaintiff waited an extended period of time to raise her

7   allegations, Lawson was unable to establish any inappropriate conduct by these three individuals.

8   Lawson did, however, warn these three individuals that it does not condone sexual harassment, and

9   that if they were found to engage in sexual harassment they would be terminated. Lawson also

10  required these three employees to attend sexual harassment training. Numerous Lawson employees

11  have subsequently indicated that Plaintiff engaged in inappropriate behavior (including sexual

12  harassment) during her employment at Company.

13          Shortly after Lawson's investigation of Plaintiff's allegations concluded, Lawson

14  asked Plaintiff if she wanted to transfer from the Roofing department to the Coatings department.

15  Plaintiff chose to transfer to the Coating Department. In 2006, there was considerably less work

16  available at Lawson due to significant inclement weather and a general decline in business. Because

17  of this fact, Plaintiff received less hours through mid March 2006 than she received in 2005. This

18  was not a result of any retaliatory action or motive by Lawson. In fact, Plaintiff received more work

19  during this time period than four male employees (none of whom had ever filed a harassment claim)

20  in the Coating department.

21  **III.   LEGAL ISSUES**

22          **A.   Legal Issues Identified By Plaintiff**

23                  Plaintiff is not presently represented by counsel and she is unprepared to discuss this

24  issue until she retains counsel. She also desires a thirty day extension of time to submit this

25  information to the Court.

26          **B.   Legal Issues Identified By Defendant**

27          1.  Whether Plaintiff was subjected to sexual harassment in violation of Title VII of the Civil

28              Rights Act of 1964.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT                3.                    Case No.  CV 08-01909 SI

2. Whether Lawson unlawfully retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

3. Whether Plaintiff suffered any economic loss as a result of the acts alleged in the Complaint.

4. Whether Plaintiff suffered any emotional distress or pain and suffering as a result of the acts alleged in the Complaint.

5. Whether Plaintiff has mitigated her damages, if any.

## IV.    MOTIONS

This case is in the initial stages of litigation and there are no prior or pending motions.

### A.    Plaintiff's Anticipated Motions

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this information to the Court.

### B.    Defendant's Anticipated Motions

Lawson anticipates filing a motion for summary judgment and a Protective Order (should Plaintiff seek to discover information protected by privilege or privacy rights), as well as other motions that might become necessary during the course of the litigation.

## V.    AMENDMENT OF PLEADINGS

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this information to the Court.

Lawson is unaware at this time of any need to amend its Answer or add additional affirmative defenses.

## VI.    EVIDENCE PRESERVATION

### A.    Plaintiff's Actions

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT                4.                Case No. CV 08-01909 SI

1    information to the Court.

2    **B.    Defendant's Actions**

3    Though Lawson believes it is unlikely that such evidence exists, Lawson recognizes

4    that there may be electronic records and information relevant to the issues in dispute in this lawsuit.

5    If it becomes apparent that the production of electronic records may become necessary, Lawson

6    suggests that the parties meet and confer over the form of production of such information. In the

7    meantime, it is expected that no relevant electronic data will be destroyed, altered or deleted.

8    **VII.    DISCLOSURES**

9    Plaintiff is not presently represented by counsel and she informed Lawson's counsel,

10    Blane M. Mall, during the parties meet and confer process that she does not intend to provide

11    Lawson with her Initial Disclosures on Friday, July 11, 2008 as required. She also stated that she

12    desires a thirty day extension of time to provide Lawson with this information.

13    Lawson will provide Plaintiff with its Initial Disclosures under Federal Rule of Civil

14    Procedure 26 as required on Friday, July 11, 2008.

15    **VIII.    DISCOVERY**

16    **A.    Plaintiff's Discovery**

17    Plaintiff is not presently represented by counsel and she is unprepared to discuss this

18    issue until she retains counsel. She also desires a thirty day extension of time to submit this

19    information to the Court.

20    **B.    Defendant's Discovery**

21    Lawson has not yet begun discovery in this action. Lawson intends to pursue the

22    following methods of discovery: depositions, document requests, interrogatories and requests for

23    admission. Lawson also intends to conduct third-party discovery and to notice depositions of

24    individuals with knowledge of facts relevant to this matter. It is Lawson's understanding that some

25    material witnesses may presently reside outside of the United States of America. Lawson will

26    pursue testimony from these individuals as necessary pursuant to the applicable laws.

27    Lawson believes discovery will be needed on the following subjects: Plaintiff's

28    conduct during and after her employment at Lawson (including Plaintiff's mitigation efforts, if any),

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT          5.                    Case No. CV 08-01909 SI

1  the basis or lack thereof of Plaintiff's allegations against Lawson, and all issues raised in Lawson's

2  Answer and affirmative defenses.

3       Given that Plaintiff is presently unprepared to discuss any issues related to discovery,

4  Lawson is unable to adequately craft a date-specific discovery plan.  In light of discovery issues

5  anticipated by Lawson, however, including the potential that numerous third-party witnesses may

6  need to be deposed and the likelihood that some of this discovery is likely to take place outside of

7  the United States, Lawson believes that the trial on this matter should be set on a date mutually

8  convenient to the Court and the parties no earlier than May 2009.  Lawson generally recommends

9  that the parties follow the federal laws and local guidelines with respect to discovery and motion-

10 practice deadlines.  Lawson anticipates that it may need more than seven (7) hours to complete

11 Plaintiff's deposition, and requests that the Court grant additional time.

12      Lawson also requests that the Court set a new Case Management Conference date and

13 order Plaintiff to participate meaningfully in the meet and confer process as required by law.

14 **IX.    CLASS ACTIONS**

15      Plaintiff has filed this lawsuit on behalf of herself only.  It is not a class, complex or

16 representative action.

17 **X.    RELATED CASES**

18      Plaintiff is not presently represented by counsel and she is unprepared to discuss this

19 issue until she retains counsel.  She also desires a thirty day extension of time to submit this

20 information to the Court.

21      Lawson is unaware of any related cases.

22 **XI.    RELIEF**

23      **A.    Plaintiff's Position**

24      Plaintiff is not presently represented by counsel and she is unprepared to discuss this

25 issue until she retains counsel.  She also desires a thirty day extension of time to submit this

26 information to the Court.

27      **B.    Defendant's Position**

28      Following trial, Lawson will request costs of suit and attorneys' fees.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT                    6.                    Case No.  CV 08-01909 SI

**XII.    SETTLEMENT AND ADR**

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this information to the Court.

Lawson has submitted to the Court and to the ADR division a Notice of Need For ADR Phone Conference. Lawson respectfully requests that the Court order Plaintiff (or her counsel, if she has secured counsel) to participate in this ADR Phone Conference once the date is set.

**XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this information to the Court.

Lawson does not consent to assignment to a Magistrate Judge.

**XIV.    OTHER REFERENCES**

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this information to the Court.

Lawson believes this case is suitable for reference to binding arbitration.

**XV.    NARROWING OF ISSUES**

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this information to the Court.

At this time, Lawson is unaware of any dispositive or partially dispositive issues that are appropriate for decision by motion or by agreement. Lawson anticipates that after further discovery, it will file a motion for summary judgment.

**XVI.    EXPEDITED SCHEDULE**

Plaintiff is not presently represented by counsel and she is unprepared to discuss this issue until she retains counsel. She also desires a thirty day extension of time to submit this information to the Court.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1    Lawson does not believe that this case can be handled on an expedited basis with

2    streamlined procedures.

3    **XVII.  SCHEDULING**

4    Plaintiff is not presently represented by counsel and she is unprepared to discuss this

5    issue until she retains counsel.  She also desires a thirty day extension of time to submit this

6    information to the Court.

7    Given that Plaintiff is presently unprepared to discuss any issues related to her case,

8    Lawson is unable to adequately prose a date-specific schedule for the designation of experts,

9    discovery cut-off, hearings on dispositive motions, the pretrial conference or trial.  However,

10   Lawson believes that the trial on this matter should be set on a date mutually convenient to the Court

11   and the parties no earlier than May 2009.  Lawson generally recommends that the parties follow the

12   federal laws and local guidelines with respect to discovery and motion-practice deadlines.  Lawson

13   also respectfully requests that the Court set a new Case Management Conference date and order

14   Plaintiff to participate in the meet and confer process, including being prepared to meaningfully

15   discuss these issues, as required by law.

16   **XVIII. TRIAL**

17   Plaintiff is not presently represented by counsel and she is unprepared to discuss this

18   issue until she retains counsel.  She also desires a thirty day extension of time to submit this

19   information to the Court.

20   Lawson anticipates that Plaintiff will request a jury trial, based on her indication to

21   that effect in her Complaint.  Lawson estimates a five to seven day trial.  Lawson believes that the

22   trial on this matter should be set on a date mutually convenient to the Court and the parties no earlier

23   than May 2009.

24   **XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

25        **A.    Plaintiff's Disclosure**

26   Plaintiff is not presently represented by counsel and she is unprepared to discuss this

27   issue until she retains counsel.  She also desires a thirty day extension of time to submit this

28   information to the Court.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT                    8.                    Case No.  CV 08-01909 SI

1    **B.    Defendant's Disclosure**

2          Lawson has filed a "Certification of Interested Entities or Persons" pursuant to Civil

3    Local Rule 3-16 but anticipates filing this certification as soon as possible.  To date, Lawson is not

4    aware of any non-party entities or persons that (1) have a financial interest in the subject matter in

5    controversy or in a party to the proceeding; or (2) have a non-financial interest in the subject matter

6    or in a party that could be substantially affected by the outcome of this proceeding.  Lawson reserves

7    the right to supplement this disclosure should additional facts become known to it during the

8    discovery process.

9    **XX.    OTHER MATTERS**

10          Plaintiff is not presently represented by counsel and she is unprepared to discuss this

11    issue until she retains counsel.  She also desires a thirty day extension of time to submit this

12    information to the Court.

13          Lawson is not aware of any other matters at this time that would facilitate the just,

14    speedy or inexpensive disposition of this matter.

15

16

17    Dated: July _____, 2008

18
                                        _____
19                                      BLANE M. MALL
                                        LITTLER MENDELSON
20                                      A Professional Corporation
                                        Attorneys for Defendant
21                                      LAWSON ROOFING CO.

22
     Firmwide:85811507.1 051068.1002
23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT                    9.                    Case No.  CV 08-01909 SI

1  **PROOF OF SERVICE BY MAIL**

2        I am employed in San Francisco County, California.  I am over the age of eighteen

3  years and not a party to the within-entitled action.  My business address is 650 California Street,

4  20th Floor, San Francisco, California 94108.2693.  I am readily familiar with this firm's practice for

5  collection and processing of correspondence for mailing with the United States Postal Service.  On

6  July 11, 2008, I placed with this firm at the above address for deposit with the United States Postal

7  Service a true and correct copy of the within document(s):

8        BLANE M. MALL'S DECLARATION IN SUPPORT OF
         DEFENDANT LAWSON ROOFING'S CASE MANAGEMENT
9        STATEMENT AND RULE 26(F) REPORT

10       in a sealed envelope, postage fully paid, addressed as follows:

11     Tanicia Benjamin
       3023 Albany Avenue, Apt. 104
12     Davis, CA 95616

13     *Plaintiff In Pro Per*

14       Following ordinary business practices, the envelope was sealed and placed for

15  collection and mailing on this date, and would, in the ordinary course of business, be deposited with

16  the United States Postal Service on this date.

17       I declare that I am employed in the office of a member of the bar of this court at

18  whose direction the service was made.

19       Executed on July 11, 2008, at San Francisco, California.

20

21

22                                                  Barbra K. Kearney

23  Firmwide:85314456.1 051068.1002

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

PROOF OF SERVICE